UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC.<br>Plaintiff, | : | |
| v. | : | C.A. No. 05-CV-171 T |
| BENEFICIAL HOLDINGS, INC., et al.<br>Defendants | : | (Oral Argument Requested) |

**MOTION OF DEFENDANTS BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC. AND BENEFICIAL NUTRACEUTICALS, INC. TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO UTAH**

Defendants Beneficial Holdings, Inc. Beneficial Health Systems, Inc. and Beneficial Nutraceuticals, Inc. (hereinafter "Beneficial"), by and through their counsel of record, hereby move this Court pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) to dismiss Plaintiff's complaint for improper venue under the "first-filed" rule or, in the alternative, to transfer this action to the United States District Court for the District of Utah pursuant to 28 U.S.C. §1404(a) on the following specific grounds:

1. Before CVS filed this lawsuit, Beneficial filed a substantially similar action in state court in Utah which was removed to the United States District Court for the District of Utah;

2. Venue is improper within this district because Rhode Island has virtually no nexus to the controversy at issue. The contract giving rise to the duties and obligations between the parties in this matter was **formed** in Utah and the acts and/or omissions giving rise to Beneficial's claims took place, in substantial part, in the State of Utah. Specifically, the purchase orders submitted by CVS for Beneficial's product were **received** in Utah; product was

**manufactured and shipped** (in substantial part) in Utah and CVS **returned** product (damaged in transit) to Utah.

3. Alternatively, this action should be transferred to Utah pursuant to 28 U.S.C. §1404(a) on the grounds that the convenience of the parties and witnesses as well as judicial economy, fair play and substantial justice support transfer to that district.

This motion is supported by a memorandum of law filed concurrently herewith, as well as the Affidavit of Harvey L. Carmichael, and the pleadings and papers filed herein, and such other further oral and documentary evidence and legal memoranda as may be presented by the parties.

**ORAL ARGUMENT REQUESTED**

Pursuant to Local Rule 12(b), Beneficial respectfully requests oral argument on this motion. Beneficial asserts that oral argument will provide clarity with respect to the procedural history of this case and any questions or issues this Court may raise regarding the litigation pending in the State of Utah. Beneficial estimates that each party will require a maximum of 20 minutes for argument.

Dated: June 29, 2005

Respectfully submitted,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Beneficial Holdings, Inc. Beneficial Health Systems, Inc. and Beneficial Nutraceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2005, a copy of the foregoing was hand-delivered to:

Todd M. Reed, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903

and a copy of the foregoing was mailed, U.S. first class postage, to the following:

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

Mark L. Callister, Esq.
Callister, Nebeker & McCullough
Gateway Tower East Suite 900
10 East South Temple
Salt Lake City, Utah 84133

John P. Mullen, Esq.
Stephen P. Horvat, Esq.
Anderson & Karrenberg
50 West Broadway, Suite 700
Salt Lake City, Utah 84101

*337547_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC.<br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC., et al.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-CV-171 T |

**MEMORANDUM OF LAW DEFENDANTS BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC. AND BENEFICIAL NUTRACEUTICALS, INC. IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO UTAH**

Defendants Beneficial Holdings, Inc. Beneficial Health Systems, Inc. and Beneficial Nutraceuticals, Inc. (hereinafter "Beneficial"), by and through counsel, hereby submit this Memorandum in Support of their Motion to Dismiss or, in the alternative, to Transfer Venue to the United States District Court for the District of Utah.

## INTRODUCTION

This case involves a retailer ("CVS") who **ordered** over $1.2 million of product from a company headquartered and doing business in the State of Utah ("Beneficial"), consisting of the submission of 92 purchase orders bearing payment terms of Net 31 days. The payment terms were negotiated and confirmed by Beneficial's sales representative, Contemporary Marketing, Inc. ("CMI"). Notwithstanding Beneficial's fulfillment of the 92 purchase orders, CVS has refused to pay according to the terms set forth in the purchase orders and owes Beneficial nearly $1.2 million in receivables at the present time. On March 1, 2005, Beneficial sent a demand letter to CVS demanding payment in full and provided CVS with a time period in which to

comply with the demand. CVS refused to satisfy Beneficial's demand. Accordingly, on April 12, 2005, Beneficial commenced an action against CVS and CMI in the Third Judicial District Court in and for Salt Lake County, State of Utah, for Breach of Contract, Declaratory Relief, Unjust Enrichment (Quantum Meruit), Fraud, Negligent Misrepresentation, Breach of Fiduciary Duty, Intentional Interference with Contractual Relations and Intentional Interference with Prospective Economic Advantage.

**Subsequent to** the service of Beneficial's complaint upon CVS, CVS filed the instant action in an attempt to litigate its claims in Rhode Island, a state with virtually no nexus to the controversy at issue. Thereafter, defendants CVS and CMI removed Beneficial's state court action to the federal district court in Utah and filed Motions to Dismiss and/or Transfer seeking to have the case tried in Rhode Island and Illinois, respectively.

The "first-filed" rule, as recognized by this Court, as well as all considerations regarding the proper venue for this action, including fair play, substantial justice and judicial economy, require that the present action be dismissed, and the first filed action be allowed to proceed in the State of Utah.

## STATEMENT OF FACTS

1. Beneficial Holdings, Inc. ("Beneficial") is a Nevada corporation headquartered and doing business in Salt Lake County, State of Utah.[1] Carmichael Aff., para.3, at Ex. A.

2. In July, 2004 Beneficial received CVS's first purchase orders. **The purchase orders reflected payment terms of 2% 30 Net 31**. Carmichael Aff., para. 5, at Ex. A.

[1] A true and accurate copy of the Affidavit of Harvey L. Carmichael is attached hereto as Exhibit A and incorporated herein by this reference.

3. Based upon the payment terms set forth in the purchase orders, as well as the representations of Beneficial's sales representative, Contemporary Marketing Inc. ("CMI"), confirming the same, Beneficial accepted CVS's purchase orders and began filling them. Carmichael Aff., para. 6 at Ex. A.

4. Over the course of Beneficial's contractual relationship with CVS, Beneficial received 92 purchase orders for product from CVS. Carmichael Aff., para. 7, at Ex. A.

5. CVS's offer to purchase Beneficial's product through the submission of purchase orders bearing payment terms of 2% 30 Net 31, as well as CMI's confirmation of the payment terms contained in the purchase orders, induced Beneficial to engage in a substantial business relationship with CVS and take certain actions including, without limitation, (1) accepting CVS's "offers" (purchase orders) and agreeing to transact business with CVS by filling its purchase orders; (2) engaging manufacturers and obtaining loans to manufacture product to fill CVS's orders; (3) obtaining loans to provide additional operating capital for Beneficial's business; (4) agreeing to repay the subject loans upon receipt of CVS's first 30 day payment; (5) agreeing to "tag" CVS on television and newsprint ads (at an increased cost of advertising) that Beneficial paid for and aired for the benefit of both Beneficial and CVS; (6) agreeing to provide a certain level of advertising of its product; (7) purchasing product liability insurance in the amount required by CVS and identifying CVS as an additional named insured on the policy; and (8) agreeing to have Beneficial's product advertised in CVS's circulars at a substantial cost to Beneficial. Carmichael Aff., para. 9, at Ex. A.

6. The product ordered pursuant to CVS's first 29 purchase orders was manufactured in the State of Utah through Beneficial's product broker, Equity Labs, and was shipped from the

manufacturer's Layton, Utah factory to the various locations specified by CVS. Carmichael Aff., para. 8, at Ex. A.

7. During the course of the relationship between the parties, CVS ordered and received over $1.2 million of product from Beneficial. Carmichael Aff., para. 10, at Ex. A.

8. To date, CVS has paid for approximately $80,000 of product. Carmichael Aff., para. 11, at Ex. A.

9. Beneficial sent a formal demand for payment to CVS on March 1, 2005, informing CVS that if payment in full was not tendered by March 10, 2005, Beneficial would commence legal action against CVS without further notice or delay. CVS ignored Beneficial's demand for payment. Carmichael Aff., para. 12, at Ex. A.

10. As a result of CVS's failure to honor its contractual obligations, Beneficial commenced legal action against CVS in the Third Judicial District Court in Salt Lake City, Utah on April 12, 2005. Carmichael Aff., para. 13, at Ex. A.

11. After CVS was served with Beneficial's complaint, CVS filed the present action against Beneficial in the district court of Rhode Island on or about April 25, 2005. Carmichael Aff., para. 14, at Ex. A.

12. Thereafter, CVS and CMI removed Beneficial's action to the federal district court in Utah and filed separate Motions to Dismiss Plaintiff's Complaint, seeking to require Beneficial to try its case against these defendants in Rhode Island and Illinois, respectively. Carmichael Aff., para. 15, at Ex. A.

13. The Motions to Dismiss filed by CVS and CMI are still in the briefing process and have not yet been heard or determined by the district court in Utah. Carmichael Aff., para. 16, at Ex. A.

14. CVS's failure to honor the payment terms contained in the purchase orders received and filled by Beneficial has resulted in extraordinary damages to Beneficial including, without limitation, (1) damage to Beneficial's business relationships, as Beneficial has been unable to repay its manufacturers and other creditors; (2) damage to Beneficial's prospective economic relations, as Beneficial has (a) lost sales (as a result of being unable to advertise its product to the extent necessary to achieve market awareness and promote the sale of its product); (b) been unable to fill orders for its product; (c) lost its celebrity spokesperson; and (d) lost other retail accounts; (3) damage to Beneficial's reputation; (4) damage to Beneficial's contractual relations with its manufacturers, lenders, retailers, spokespersons, vendors and other business relationships; (5) loss of over $7 million dollars in market value and as a going concern; and (6) damage from its elimination from the retail market. Carmichael Aff., para. 17, at Ex. A.

14. All of Beneficial's witnesses, with the exception of four witnesses who reside in the States of New York and New Jersey, are located in Utah. These witnesses include, without limitation, Beneficial's President, Beneficial's product broker and manufacturer of a substantial amount of product ordered by CVS, Beneficial's fulfillment company, Ageless Enterprises (that handled all warehouse returns from CVS) Beneficial's financial advisors who can attest to the loss of market value in Beneficial's equity, Beneficial's accountant who will provide testimony regarding Beneficial's financial losses and Darren Lopez, an independent contractor of Beneficial and witness to representations made by Defendants CMI and Ed Ellis at meeting

addressing the terms at issue that took place in Salt Lake City, Utah. Carmichael Aff., para. 18, at Ex. A.

15. If Beneficial is required to try its claims in a foreign jurisdiction, it will effectively be deprived of its day in court. Beneficial has been rendered insolvent by the actions of CVS, CMI and Mr. Ellis and will be unable to meet the financial burden of prosecuting these claims in foreign jurisdictions. Carmichael Aff., para. 19, at Ex. A.

## ARGUMENT

### I. THE APPLICATION OF THE FIRST-FILED RULE AND DETERMINATION WITH RESPECT TO THE PROPER VENUE FOR THIS ACTION SHOULD BE MADE BY THE DISTRICT COURT IN UTAH

In considering procedural circumstances almost identical to this case,[2] this Court held that **"the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule applies."** Cruz v. Hartford Casualty Insurance Company, 2005 U.S. Dist. LEXIS 9924, 2005 WL 1231965 (D. R.I. May 20, 2005) (quoting Ontel Products, Inc. v. Project Strategies Corp., 899 F.Supp. 1144, 1150 n.9 (S.D.N.Y. 1995)). In that case, the plaintiff ("Cruz") sent a demand letter to the defendant ("Hartford") notifying it that if payment was not made within thirty days, she intended to proceed with a suit in the State of Rhode Island. Prior to the time Cruz filed her suit against Hartford in state court in Rhode Island, Hartford filed a declaratory relief action in the Western District of Texas. Hartford then removed Cruz's state court action to the federal court in Rhode

[2] Beneficial filed a complaint against CVS in the State of Utah on April 12, 2005. Thereafter, CVS filed a complaint against Beneficial in the federal district court of Rhode Island, removed Beneficial's state court action to the federal district court of Utah and filed a Motion to Dismiss Beneficial's complaint on the grounds of lack of personal jurisdiction, improper venue and under the first-filed rule. CVS's Motion to Dismiss is still in the briefing process and has not yet been heard by the district court in Utah

Island and filed a Motion to Transfer Venue to Texas. Meanwhile, Cruz filed a Motion to Dismiss or Transfer Venue to Rhode Island with the district court in Texas. In considering Hartford's Motion to Dismiss, this Court determined that it would defer ruling on the Motion to the district court in Texas (since that was the state where the action was "first-filed") and, upon receiving the Texas court's ruling, it would render a decision consistent therewith. Id.

Similarly, in Weber-Stephen Prods. Co. v. Ivy Mar Co., 1993 U.S. Dist. LEXIS 18804, No. 93 C 5462, 1994 WL 11711 (N.D. Ill. Jan 13, 1994), a case on which this Court relied and involving a dispute sought to be litigated in both New York and Illinois, the district court for the Northern District of Illinois stated:

> The two certainties are that the dispute will go forward in any event and that it makes no sense to have to go forward both in New York and Illinois. But who should decide where and what should be done until that decision is made? **Since the New York action was first filed, we believe [the judge in New York] should decide which forum is the more appropriate . . .**

Cruz, 2005 U.S. Dist. LEXIS 9924, 2005 WL 1231965, slip op. at *3 (quoting Weber-Stephen, 1993 U.S. Dist. LEXIS 18804)) (emphasis added). In the present case, inasmuch as Beneficial's action was the "first-filed" action, the district court in Utah should be allowed to determine the applicability of the first-filed rule and the venue in which these actions should proceed. Accordingly, this Court should defer ruling on Beneficial's Motion to Dismiss until such time as the district court in Utah has ruled on CVS's Motion to Dismiss and, as in Cruz, upon receipt of the Utah court's ruling, render a decision consistent therewith.

Based upon the law as articulated by this Court in Cruz, the determination of the proper venue for this action and the applicability of the first-filed rule should be left to the district court in Utah. However, should this Court decline to defer that decision to the Utah court, Beneficial

asserts that CVS's case should be dismissed under the first filed rule or, in the alternative, transferred to the district court in Utah.

## II. CVS'S COMPLAINT SHOULD BE DISMISSED UNDER THE FIRST-FILED RULE.

The complaint filed by Beneficial against Defendants CVS and CMI in the Third Judicial District Court in and for Salt Lake County, State of Utah on April 12, 2005 is the "first-filed" action in this matter.[3] In Feinstein v. Brown, 304 F.Supp.2d 279 (D.R.I. 2004), this Court considered procedural circumstances identical to those in the present case and held that the relevant "date" for purposes of determining which case was "first-filed" is the date on which the action was **filed in state court, not the date of its removal to federal court**. Feinstein, 304 F. Supp.2d at 282-83 (emphasis added) (relying upon Manufacturers Hanover Trust co. v. Palmer Corp., 798 F.Supp. 161, 166 (S.D.N.Y. 1992) (where the court found "ample authority for the proposition that the state court filing date is the relevant benchmark.") (collecting cases from the Ninth Circuit, Texas, New Jersey, West Virginia and Pennsylvania)). The Court further observed that "the principles underlying removal also weigh in favor of the state filing date." Id. (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure, § 3738 at 556-57 (1985) ("After removal, a federal court acquires full and exclusive jurisdiction over the litigation. The removed case proceeds according to the Federal rules of Civil Procedure and is treated as though it had been commenced originally in the federal court.") (citations omitted) (emphasis added).

[3] In a Motion to Dismiss filed by CVS in the action currently pending in the district court of Utah, CVS incorrectly contends that the relevant date for determining which case was filed first is the date of the state action's removal to federal court, not the date the action was originally filed in state court. Under Feinstein, this contention is wrong.

The law as articulated in Feinstein controls in this case. It is clear that a different conclusion would allow a defendant under these circumstances to change the venue selected by the plaintiff on every occasion by simply filing an action in the federal court of its choice **before** removing the plaintiff's first-filed state court action to federal court, as done in this instance by CVS. Such a result would be both unjust and illogical under the application of the "first-filed" rule. Accordingly, Beneficial's action against CVS, currently pending in Utah, was the first case filed, and CVS's second-filed action should be dismissed.

### A. CVS Cannot Establish an Exception to the First-Filed Rule that Would Favor Allowing the Second-Filed Action to Proceed in Rhode Island.

It is well-established that there is a "strong presumption" favoring a plaintiff's choice of venue in the first-filed action. See Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). Indeed, "the forum where an action is first filed is given priority over subsequent actions, unless there is 'a showing of balance of convenience in favor of the second action,' or there are special circumstances which justify giving priority to the second." SW Indus., Inc. v. Aetna Cas. & Sur. Co., 653 F.Supp. 631, 634 (D.R.I. 1987) (citations omitted) (emphasis added). In the present case, since Beneficial's action in Utah is the "first-filed" action, CVS has the burden of establishing one of the exceptions to the first-filed rule as set forth above and fails on both counts.

#### 1. The Balance of Convenience and Judicial Economy Weigh in Favor of the Forum of the First-Filed Action.

Under Feinstein, the factors traditionally weighed in considering the balance of convenience include:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of witnesses and location of documents; (4) any connection between the forum and the issues; (5) the law to be applied; and (6) the state or public interest at stake.

Feinstein v. Brown, 304 F. Supp.2d 279, (D.R.I. 2004). In the present case, Beneficial was the first plaintiff to choose a forum (Utah). Moreover, all other factors weigh in favor of dismissing CVS's Complaint and allowing this action to proceed in Utah. The District of Utah is the proper venue for these actions, as the overwhelming number of the events or omissions giving rise to the parties' claims occurred in that jurisdiction. 28 U.S.C. § 1392 (a)(2).[4] CVS's purchase orders were received in Utah, product was manufactured in Utah and shipped from Utah. Carmichael Aff., at Ex. A. Furthermore, the contract between the parties was formed in Utah, and the acts and/or omissions giving rise to Beneficial's claims against CVS's co-defendant CMI all took place in the State of Utah. Similarly, the overwhelming majority of witnesses who have information relevant to these actions reside in the State of Utah. Id. By contrast, there is possibly only **one** witness that has information relevant to any issue in this case that resides in Rhode Island. With respect to the location of documents, Beneficial is in possession of all of the purchase orders, invoices, shipping logs and bills of lading generated during the course of its contractual relationship with CVS, and all of the documents necessary to establish Beneficial's damages in this case are maintained at Beneficial's offices in Utah.

In addition, the laws of the State of Utah will govern this matter because the contract between Beneficial and CVS was formed in the State of Utah through Beneficial's "filling" of the purchase orders submitted by CVS. See SII Megadiamond v. American Superabrasives

---

[4] Very few, if any, of the acts and/or omissions giving rise to the claims in these actions took place in Rhode Island.

Corp., 969 P.2d 430, 434 (Utah 1998), modified on other grounds, State ex rel. W.A., 63 P.3d 607 (Utah 2002). In SII Megadiamond, a relationship existed between two parties wherein the defendant ASC (an out of state distributor) submitted numerous purchase orders for product to the Plaintiff SII (a manufacturer located in the State of Utah), who, in turn, filled and shipped the orders as directed by Defendant ASC. In holding that the contract between the parties was formed in Utah, the Utah Supreme Court went through the following analysis:

> . . . each **order** that ASC sent and SII received in Utah was an **offer** to form a contract . . SII's **shipment** of goods in response to an order constituted **acceptance** of ASC's offer. . In cases involving a contract which possesses possible elements in two or more jurisdictions . . . the place where the **last act** is done which is necessary to complete the contract and give it validity is generally regarded **as the place in which the contract is made.** (citations omitted) (emphasis added). Therefore, an informal contract consisting of an offer in one state and an acceptance in another is usually regarded as having been made in the latter state." (citations omitted).

SII, 969 P.2d at 434 (emphasis added); See also Surety Underwriters v. E&C Trucking, 10 P.3d 338, 343 (Utah 2000). In the present case, both the receipt of the offer and the "last act" needed to form the contract (the filling of the purchase order) occurred in Utah. Accordingly, Utah law will govern the determination of the issues in this matter.

Furthermore, Utah has a strong state interest in allowing this action to proceed in Utah. Utah courts have long recognized an "express interest . . . in ensuring protection to its residents from the acts of nonresidents." SII Megadiamond, 969 P.2d at 436. The Utah legislature "has clearly mandated . . . that the rules of jurisdiction be applied so as to give Utah residents the broadest protection permitted by the federal constitution." Id. Rhode Island, by contrast, has little or no interest in the outcome of this dispute beyond the fact that CVS is head-quartered here. See Hainey v. World Am Communications, Inc., 263 F. Supp. 2d 338, 343 (D.R.I. 2003) (where

"lion's share" of activities occurred outside the state, Rhode Island's interest in adjudicating dispute "minimal").

In the present case, CVS is a national and prosperous going concern that has no financial constraints in litigating these claims. Indeed, for purposes of this action, it has retained counsel in Utah, New York and Rhode Island. The controversy between the parties has to do with whether CVS is required to honor the payment terms contained in its purchase orders. Beneficial delivered over $1.2 million dollars worth of product to CVS and CVS has only paid for approximately $80,000 of the product it received. Carmichael Aff., at Ex. A. CVS's actions have rendered Beneficial insolvent and scarcely able to afford its day in court in its home forum, let alone a foreign jurisdiction. Id. If this action is allowed to proceed in Rhode Island, there are numerous witnesses who reside in Utah that Beneficial will be financially unable to produce for live testimony in the State of Rhode Island.

Finally, CVS and CMI seek to require Beneficial to litigate the identical claims against the same parties in **two** different states (CMI has filed a Motion to Dismiss seeking to have Beneficial litigate its claims in Illinois). Courts have found such a situation would be "chaotic and prohibitively expensive" and that "[r]equiring a bifurcated trial on the same issues contravenes the 'objective of modern procedure' which is to 'litigate all claims in one action if that is possible.'" See Prows v. Pinpoint Retail Systems, Inc., 868 P.2d 809, 813 (Utah 1993). In the present case, the identical reasoning applies. If Beneficial's Motion to Dismiss or Transfer this action is denied, Beneficial will be in the unenviable position of litigating its claims on the same issues against the same parties in two different states. Not only would this result be "chaotic and prohibitively expensive" for Beneficial, it would effectively deprive Beneficial of

its day in court. It is clear that the convenience of the parties and witnesses, as well as the interests of judicial economy, substantial justice and fair play all require this action to remain in Utah.

**2. There are No "Special Circumstances" That Qualify as an Exception to the First-Filed Rule.**

There is no set of circumstances that CVS can show in this case that would qualify as an exception to the first-filed rule. Traditionally, the "special circumstances" recognized by courts in their determinations to favor a second-filed case occur when there has been a "race to the courthouse" and/or an "anticipatory" filing by a party in order to gain the advantage of having the "first-filed" case. See Cruz v. Hartford Casualty Insurance Company, 2005 U.S. Dist. LEXIS 9924, 2005 WL 1231965, slip op. at *2 (D.R.I. May 20, 2005); Feinstein v. Brown, 304 F.Supp.2d 279, 283 (D.R.I. 2004). While CVS attempted to gain this advantage by waiting to remove Beneficial's case to federal court until after it filed an action of its own in Rhode Island, the case law clearly establishes that the position CVS has taken, with respect to the first-filed rule, is wrong. As previously established, Beneficial's action in Utah was the first-filed action and was properly brought after attempting to collect a legitimate debt from CVS through a formal demand. Beneficial's claims against CVS pertain to CVS's breach of contract in failing to pay according to the terms contained in the purchase orders governing the relationship between the parties. CVS's action, on the other hand, does not seek relief from Beneficial for any wrong-doing on Beneficial's part. Rather, CVS is merely seeking declaratory relief from the court that it is somehow relieved of its contractual obligations and does not have to pay for over a million dollars of product it has received. Based on the foregoing, it is clear that the first-filed action in this matter was not the result of a "race to the courthouse" or an inappropriate

"anticipatory" filing as contemplated in Feinstein and Cruz. Accordingly, CVS cannot establish any set of "special circumstances" that would qualify as an exception to the first-filed rule and favor allowing the case to be heard in the forum of the second-filed action.

## III. IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO UTAH PURSUANT TO 28 U.S.C. §1404(a)

It is well-established that a district court may transfer any civil action to any other district where the action might have been brought based upon the convenience of the parties and witnesses and/or in the interest of justice. See 28 U.S.C. § 1404(a). In considering the application of Section 1404(a), the United States Supreme Court stated:

> The purpose of [Section 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. To this end, it empowers a district court to transfer any civil action to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice . . .

Van Dusen v. Barrack, 376 U.S. 612 (1964). This Court has similarly stated that in determining whether a Motion to Transfer Venue should be granted, the Court considers (1) the convenience of the parties; (2) the convenience of the witnesses and (3) the interests of justice. Levinger v. Pfeffer, 676 F. Supp. 437, 441 (D.R.I. 1988); see also Brian Jackson & Co. v. Eximias Pharm. Co., 248 F. Supp. 2d 31, 38 (D.R.I. 2003) (transfer warranted on strong showing that balance of convenience weighs in its favor). As previously demonstrated, all of these factors weigh heavily in favor of transferring venue in this matter to the district court in Utah.

**CONCLUSION**

Based upon the foregoing, Beneficial respectfully asks this Court to defer ruling on the proper venue for this action to the United States District Court for the District of Utah or, in the alternative, to dismiss CVS's Complaint under the first-filed rule or transfer venue to the United States District Court for the District of Utah.

Dated: June 29, 2005

Respectfully submitted,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Beneficial Holdings, Inc.
Beneficial Health Systems, Inc. and
Beneficial Nutraceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2005, a copy of the foregoing was hand-delivered to:

Todd M. Reed, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903

and a copy of the foregoing was mailed, U.S. first class postage, to the following:

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

Mark L. Callister, Esq.
Callister, Nebeker & McCullough
Gateway Tower East Suite 900
10 East South Temple
Salt Lake City, Utah 84133

John P. Mullen, Esq.
Stephen P. Horvat, Esq.
Anderson & Karrenberg
50 West Broadway, Suite 700
Salt Lake City, Utah 84101

*337548_1.doc*