UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No. 05-171T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING , INC.

Defendants.

**JOINT MOTION TO EXTEND PLAINTIFF'S TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS AND TO EXTEND DEFENDANT, INTEGRATED BIOPHARMA, INC.'S TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

The plaintiff, CVS Pharmacy, Inc. (hereinafter "CVS") and the defendants, Beneficial Holdings, Inc., Beneficial Health Systems, Inc., Beneficial Nutraceuticals, Inc. (hereinafter collectively "Beneficial") and Integrated BioPharma, Inc. (hereinafter "Integrated"), respectfully request, in accordance with Local Rule 12(a)(2), that this Honorable Court extend, until October 30, 2005, the time within which CVS may serve and file its response to Defendants' Motion to Dismiss the Complaint or, in the Alternative, to Transfer the Venue to Utah. The parties further request that Integrated's time to respond to CVS' Complaint be likewise extended until October 30, 2005. As grounds for this motion, the parties state as follows:

1. Beneficial has moved, pursuant to Fed.R.Civ.P. 12(b)(3) and 12(b)(6) to dismiss CVS' Complaint for improper venue under the "first-filed" rule premised upon the existence of a civil action between the parties pending in the United States District Court for the District of Utah.

Beneficial's Motion seeks, in the alternative, a transfer of this action to the Utah court pursuant to 28 U.S.C. §1404(a).

2. CVS, which is a defendant in the Utah action, has filed a motion to dismiss the Utah action for, inter alia, improper venue. Beneficial has opposed CVS' Motion to Dismiss the Utah action, and the briefing of CVS' motion has now closed. Oral argument has been scheduled by the Utah court for October 3, 2005.

3. It is appropriate for the Utah court to decide the underlying question as to whether the first-filed rule applies, or alternatively, whether an exception to the first-filed rule applies. Cruz v. Hartford Casualty Insurance Company, 2005 WL 1231965 (D.R.I. May 20, 2005).

WHEREFORE, the parties respectfully request that the Court extend, until October 30, 2005, the time within which CVS may respond to Defendants' Motion to Dismiss and the time within which Integrated may respond to CVS' Complaint in order to give the Utah court time to hear arguments and decide the parallel issue pending in the Utah action.

Dated: July 13, 2005

Respectfully submitted,
ADLER POLLOCK & SHEEHAN P.C.

By: David A. Wollin
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 274-7200
(401) 351-4607
7/13/05

Respectfully submitted,
EDWARDS & ANGELL LLP

By: [signature]
Todd M. Reed (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611
7/13/05

GRANTED

Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
8/9/05

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July, 2005, a copy of the within document was mailed, via first class mail, to the following counsel of record:

David Wollin, Esquire
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

________________________