UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BENEFICIAL HOLDINGS, INC.<br>BENEFICIAL HEALTH SYSTEMS, INC.<br>BENEFICIAL NUTRACEUTICALS, INC.<br>INTEGRATED BIOPHARMA, INC.<br>And CONTEMPORARY MARKETING, INC.,<br>Defendants. | ) | **ANSWER & COUNTERCLAIM**<br><br>Case No: CA 05 171 T |
| INTEGRATED BIOPHARMA, INC.<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., INC.<br><br>Counterclaim Defendant. | ) | |

## ANSWER OF INTEGRATED BIOPHARMA, INC.

Integrated Biopharma, Inc. ("Integrated"), by and through counsel of record, hereby Answers the allegations set forth in Plaintiff's Complaint and affirmatively alleges as follows:

1. Integrated admits the allegations set forth in paragraphs 1-3, 5, 6, 14, 19-20 and 32 of Plaintiff's Complaint.

2. Integrated denies the allegations set forth in paragraphs 7-12, 23, 25, 34, 36, 37, 40, 41, 44, 46-48, 50-55, 58-60 and 62 of Plaintiff's Complaint, except to admit in paragraph 7 that there was a contract between CVS and Beneficial.

3. Integrated denies the allegations set forth in paragraphs 17 and 18, except to admit in paragraph 17 that Integrated understands that Beneficial Holdings, Inc. is a publicly trading holding company doing business through Beneficial Health Systems, Inc., and except to admit in paragraph 18 that Beneficial sells, markets and advertises a diet and weight loss formula called WillpowerRX.

4. With respect to paragraphs 45, 49 and 56 of Plaintiff's Complaint, Integrated realleges its previous responses and affirmative defenses as if fully set forth therein.

5. With respect to the allegations set forth in paragraph 4 of Plaintiff's Complaint, Integrated denies the same, except to admit that it believes Beneficial is headquartered and transacts business within the State of Utah.

6. With respect to the allegations set forth in paragraphs 13 and 43 of Plaintiff's Complaint, Integrated denies the same and affirmatively alleges that Beneficial owes Integrated for credit extended and loans advanced in connection with the manufacturing of the product required to fill Plaintiff's purchase orders and in order to repay the same, Beneficial assigned a portion of its receivables due from CVS to Integrated.

7. With respect to the allegations set forth in paragraph 15 of Plaintiff's Complaint, Integrated denies the same, except to admit that there is a contract between

Beneficial and CVS, and that Beneficial shipped one order of product to this judicial district and affirmatively alleges that the remaining 91 orders of product supplied by Beneficial to CVS were sold in numerous other judicial districts throughout the country.

8. With respect to the allegations set forth in paragraph 21 of Plaintiff's Complaint, Integrated is without information or knowledge sufficient to form a belief as to the truth of said allegations and therefore denies the same.

9. With respect to the allegations set forth in paragraph 22 of Plaintiff's Complaint, Integrated is without information or knowledge sufficient to form a belief as to the truth of said allegations and therefore denies the same.

10. With respect to the allegations set forth in paragraph 24 of Plaintiff's Complaint, Integrated is without information or knowledge sufficient to form a belief as to the truth of said allegations and therefore denies the same.

11. With respect to the allegations set forth in paragraph 26 of Plaintiff's Complaint, Integrated is without information or knowledge sufficient to form a belief as to the truth of said allegations and therefore denies the same.

12. With respect to the allegations set forth in paragraph 27 of Plaintiff's Complaint, Integrated affirmatively alleges that the document speaks for itself.

13. With respect to the allegations set forth in paragraph 28 of Plaintiff's Complaint, Integrated is without information or knowledge sufficient to form a belief as to the truth of said allegations and therefore denies the same.

14. With respect to the allegations set forth in paragraph 29 of Plaintiff's Complaint, Integrated is without information or knowledge sufficient to form a belief as to the truth of said allegations and therefore denies the same.

15. With respect to the allegations set forth in paragraph 30 of Plaintiff's Complaint, Integrated is without information or knowledge sufficient to form a belief as to the truth of said allegations and therefore denies the same.

16. With respect to the allegations set forth in paragraph 31 of Plaintiff's Complaint, Integrated is without information or knowledge sufficient to form a belief as to the truth of said allegations and therefore denies the same.

17. With respect to the allegations set forth in paragraph 33 of Plaintiff's Complaint, Integrated denies the same and affirmatively alleges that the vast majority of all purchase orders received by Beneficial clearly state that the payment terms are 2%30 Net 31 and that none of the purchase orders received by Beneficial specify payment terms of "pay on scan."

18. With respect to the allegations set forth in paragraph 35 of Plaintiff's Complaint, Integrated lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same and affirmatively alleges that CVS charged for its advertising costs and deducted the same from the invoices that were actually paid by CVS.

19. With respect to the allegations set forth in paragraph 38 of Plaintiff's Complaint, Integrated denies the same and affirmatively alleges that the only terms

agreed upon by the parties were those contained in the purchase orders that were submitted to Beneficial by CVS and that Beneficial, in turn, accepted and filled.

20. With respect to the allegations set forth in paragraph 39 of Plaintiff's Complaint, Integrated denies the same and affirmatively alleges that CVS did not discontinue Beneficial's product until after Beneficial commenced legal action against CVS following CVS's refusal to honor previous and numerous demands for payment. Integrated further asserts that CVS experienced good sales volume of Beneficial's product to the extent that there were numerous "refill" orders placed for store locations that had sold out of Beneficial's product.

21. With respect to the allegations set forth in paragraph 42 of Plaintiff's Complaint, Integrated denies that Beneficial's demand for payment from CVS was "recent." Beneficial first began demanding payment from CVS in November, 2004 when Beneficial began to question whether CVS was going to honor the payment terms set forth in the purchase orders. Beneficial continued to demand payment and retained legal counsel to send a formal demand for payment in March, 2004. Thereafter, in April, 2004, Beneficial commenced legal action against CVS in the State of Utah by filing suit to collect its receivables and other damages caused by CVS's failure to pay for the product it had received.

22. With respect to the allegations set forth in paragraph 57 of Plaintiff's Complaint, Integrated denies the same and affirmatively asserts that the document speaks for itself.

23. With respect to the allegations set forth in paragraph 61 of Plaintiff's Complaint, Integrated denies the same.

24. Integrated denies each and every allegation not specifically admitted herein, including the allegations and requests for relief in the Prayer For Relief.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

There was no mutual mistake requiring that the contract between CVS and Beneficial be reformed.

**THIRD DEFENSE**

Plaintiff's losses and/or damages, if any, are the fault of third parties over whom Integrated had no authority or control.

**FOURTH DEFENSE**

Plaintiff engaged in a course of conduct completely contrary to its assertion that the parties agreed to payment terms of "pay on scan" in that the few payments that Plaintiff did make were not made on a pay on scan basis. Rather, Plaintiff paid specific invoices. Additionally, Plaintiff charged for advertising based upon a percentage of the total amount of product ordered and received, not upon a percentage of product actually sold.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unjust enrichment, as Plaintiff has been unjustly enriched through its receipt of product from Beneficial for which it has failed to pay.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the equitable doctrine of quantum meruit.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel.

**NINTH DEFENSE**
**(UCC)**

Under the UCC, the terms set forth in the purchase orders submitted by CVS and filled by Beneficial govern the relationship between the parties.

**TENTH DEFENSE**
**(UCC)**

The purchase orders submitted in this matter constitute "offers" and Beneficial's filling of the purchase orders constitute "acceptances" thereby forming binding contracts between the parties.

**ELEVENTH DEFENSE**

Plaintiff is required to pay Beneficial and Integrated for the product it has received according to the payment terms specified in the purchase orders.

**TWELFTH DEFENSE**

The terms set forth in the purchase orders submitted by CVS to Beneficial supersede any purported prior agreements between the parties.

**THIRTEENTH DEFENSE**

Plaintiff's claims against Integrated are barred by the doctrine of impossibility in that Beneficial would not have been able to accept and/or fill Plaintiff's purchase orders in the absence of the 2% 30 Net 31 day payment terms contained therein, because Beneficial would not have been able to obtain the financing and credit necessary to fill the subject orders in the absence of the same.

WHEREFORE, having fully answered the allegations set forth in Plaintiff's Complaint, Integrated respectfully requests that this Court find that Plaintiff has no cause of action against Integrated, that the Complaint should be dismissed and that Plaintiff should take nothing thereby and Integrated be awarded such relief as the Court deems just and proper, including costs and attorneys' fees.

Respectfully submitted,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Defendants/Counterclaimants*
*Integrated Biopharma, Inc.*

**JURY TRIAL DEMANDED**

Integrated, by and through counsel, hereby requests a trial by jury in the above-captioned matter.

**COUNTERCLAIM OF INTEGRATED BIOPHARMA, INC. AGAINST CVS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Integrated Biopharma, Inc. ("Integrated") counterclaims against CVS and for causes of action alleges as follows:

**FACTUAL BACKGROUND**

1. CVS is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located at 1 CVS Drive, Woonsocket, Rhode Island.

2. Integrated is a Delaware corporation with it principal place of business in Hillside, New Jersey.

3. Subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

5. Beneficial Holdings Inc., dba Beneficial Health Systems, Inc. (collectively "Beneficial") and Integrated received purchase orders from CVS for Beneficial's product, WillpowerRX™, for retail sale in CVS stores nationwide. The purchase orders reflected payment terms of 2% 30 Net 31 ("Net 31"). True and accurate copies of a sampling of

CVS's purchase orders are attached hereto as Exhibit A and incorporated herein by this reference.

6. Upon information and belief, in addition to receiving the CVS purchase orders with payment terms of Net 31, Beneficial also received confirmation from Beneficial's agent Contemporary Marketing, Inc. (hereinafter "CMI") regarding its negotiation of Net 31 payment terms with CVS in the form of CMI's "CVS Vendor Information Form," which verifies that the payment terms governing the relationship between Beneficial and CVS are Net 31. A true and accurate copy of CMI's "CVS Vendor Information Form" prepared by CMI regarding Beneficial's account is attached hereto as Exhibit B and incorporated herein by this reference.

7. Based upon the specific payment terms identified in the CVS purchase orders, Integrated loaned money to Beneficial.

8. As a direct result of the Net 31 day payment terms, Beneficial obligated itself to repay the loans it received from Integrated upon receipt of its first Net 31 day payment from CVS which was due on or about the first week of September, 2004.

9. Upon information and belief, Beneficial relied upon the payment terms contained in the CVS purchase orders when it obtained the subject loans from Integrated.

10. Integrated similarly relied upon the payment terms contained in the CVS purchase orders when it agreed to advance funds to Beneficial and to manufacture product for Beneficial on terms.

11. The loans referenced herein were made on condition that they be repaid immediately following Beneficial's receipt of its first net 31 day payment from CVS.

12. Upon information and belief, if payment terms of Net 31 had not been obtained, Beneficial could not have accepted the CVS purchase orders because Beneficial could not have manufactured enough product to fill the orders without the credit terms and loans obtained as previously referenced herein.

13. Following the receipt of CVS's initial purchase orders, and prior to the time scheduled for CVS's first Net 31 day payment to Beneficial, CVS submitted numerous additional purchase orders to Beneficial and Integrated.

14. Each of the additional purchase orders submitted by CVS also contained the identical payment terms of Net 31 days.

15. In reliance on the payment terms set forth in the purchase orders, Beneficial continued to accept CVS's orders, and Integrated continued to manufacture product so that Beneficial could fill the orders.

16. In reliance on the payment terms set forth in the purchase orders, and because Beneficial owes Integrated for credit extended and loans advanced in connection with the manufacturing of the product required to fill Plaintiff's purchase orders and in order to repay the same, Beneficial assigned a portion of its receivables due from CVS to Integrated.

17. When it came time for Beneficial to receive its first payment from CVS according to the payment terms of Net 31, no payment was forthcoming.

18. Beneficial contacted its broker, co-defendant CMI, and inquired as to when the payment would be forthcoming.

19. Upon information and belief, CMI indicated that the first payment would be received on or about October 23rd, 2004, secondary to the lapse in time required to deliver product from the district warehouses to the individual retail stores, as well as the time required to enter and process new accounts within the vast CVS accounts payable system.

20. Relying once again upon the representations made by CMI, Beneficial continued to fill purchase orders it received from CVS, including refill orders from several CVS locations, subsequent to the date CVS was to make its first Net 31 day payment.

21. Beneficial, Integrated and others have all made demands of CVS to pay according to the terms agreed upon and contained in the purchase orders.

22. CVS has refused to honor the payment terms set forth in its purchase orders or otherwise pay for the product it has ordered and received.

23. To date, Beneficial has filled approximately 92 purchase orders for CVS, totaling approximately $1,154,147.10 in receivables due and owing from CVS.

24. To date, CVS has made payments in the approximate amount of $ 82,280.12.

25. As a proximate result of the acts and/or omissions of CVS, Integrated has suffered damaged.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief/Judgment)**

26. The information contained in paragraphs 1-25 is realleged as if fully set forth herein.

27. Integrated is the assignee of a portion of the accounts receivables owed by CVS to Beneficial.

28. The purchase orders governing the relationship between Beneficial and CVS provide for payment terms of 2% 30 net 31.

29. The purchase orders were prepared by CVS and provided to Beneficial for acceptance or rejection.

30. Beneficial accepted the subject purchase orders and filled the same according to the terms set forth in the purchase orders.

31. Beneficial did not attempt to alter, modify or amend the terms set forth in the purchase orders in any way.

32. Beneficial filled approximately 92 purchase orders for CVS and shipped product to CVS according to the terms set forth in the purchase orders.

33. CVS has failed to pay for the product it has received according to the terms contained in the purchase orders.

34. CVS owes money to Integrated due to the assignment of a portion of accounts receivables from Beneficial.

WHEREFORE, Integrated prays for Declaratory Relief against CVS under its First Cause of Action as set forth below.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

35. The information set forth in paragraphs 1-36 is realleged as if fully set forth herein.

36. Beneficial and CVS shared a contractual relationship. The purchase orders submitted by CVS to Beneficial were "offers" and Beneficial's "filling" of the purchase orders were "acceptances" of CVS's offers.

37. CVS breached its contracts with Beneficial when it failed to pay Beneficial's invoices on a Net 31 day basis.

38. Integrated is the assignee of a portion of the accounts receivables owed by CVS to Beneficial.

39. CVS owes money to Integrated due to the assignment of a portion of said receivables from Beneficial.

40. Integrated has sustained significant and substantial damages as a result of CVS's breach of contract.

WHEREFORE, Integrated prays for judgment against CVS under its Second Cause of Action as set forth below.

**THIRD CAUSE OF ACTION**
**(Quantum Meruit—Unjust Enrichment)**

41. The information set forth in paragraphs 1-40 is realleged as if fully set forth herein.

42. Beneficial has provided product to CVS for which it has not been paid.

43. A benefit has been conferred on CVS, for which it has not paid and by which it has been unjustly enriched at the expense of Beneficial and Integrated.

WHEREFORE, Integrated prays for judgment against CVS under its Third Cause of Action as set forth below.

**FOURTH CAUSE OF ACTION**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

44. The information set forth in paragraphs 1-43 is realleged as if fully set forth herein.

45. CVS breached the implied covenant of good faith and fair dealing inherent in every written contract by failing to pay for the purchase orders filled by Beneficial according to the payment terms specified in the purchase orders of 2% 30 Net 31.

46. As a direct consequence of CVS's bad faith, Integrated, as assignee of CVS's accounts receivables, has been injured in an amount to be proven at trial.

WHEREFORE, Integrated prays for judgment against CVS under its Fourth Cause of Action as set forth below.

**FIFTH CAUSE OF ACTION**
**(Intentional Interference with Contractual Relations)**

47. The information set forth in paragraphs 1-48 is realleged as if fully set forth herein.

48. CVS intentionally interfered with Integrated's contractual relations with Beneficial when CVS failed to honor the payment terms contained in the purchase orders and allowed Integrated to act in reliance on those terms in manufacturing the product and

entering into loan agreements with Beneficial that it would not otherwise have entered into in the absence of the subject payment terms.

49. CVS's interference was with malice and for an improper purpose and/or by an improper means.

50. CVS's interference resulted in significant and substantial injury to Integrated.

WHEREFORE, Integrated prays for judgment against CVS under its Fifth Cause of Action as follows:

**SIXTH CAUSE OF ACTION**
**(Fraud/Misrepresentation)**

51. The information contained in paragraphs 1-50 is realleged as if fully set forth herein.

52. CVS made material misrepresentations to Beneficial and Integrated that it would pay terms for Beneficial of 2%30 net 31.

53. In furtherance of the material misrepresentations made by CVS that the payment terms governing Beneficial's relationship with CVS were 2% 30 net 31, CVS sent purchase orders reflecting payment terms of 2% 30 Net 31.

54. CVS made these material misrepresentations to Beneficial and Integrated knowing them to be false and/or with malicious, willful and/or reckless disregard of the rights of Beneficial and Integrated.

55. CVS made the representations to Beneficial, Integrated and others for the purpose of inducing Beneficial to accept and fill purchase orders for CVS and of inducing Integrated to manufacture the product for Beneficial and provide loans in support thereof.

56. Integrated reasonably relied on the representations made by CVS and, in ignorance of CVS's true intentions, acted in reliance thereon in, among other things, (1) providing loans to Beneficial; (2) providing payment terms to Beneficial; and (3) manufacturing product for Beneficial.

57. Integrated's reliance on the material misrepresentations made by CVS has been to Integrated's significant and substantial detriment and damage.

58. Accordingly, Integrated is entitled to an award of compensatory damages against CVS and an award of punitive damages against CVS in an amount calculated to punish and deter.

WHEREFORE, Integrated prays for judgment against CVS under its Sixth Cause of Action as set forth below.

**SEVENTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

59. The information contained in paragraphs 1-60 is realleged as if fully set forth herein.

60. CVS made material misrepresentations to Beneficial and Integrated that it would pay terms for Beneficial of 2%30 net 31.

61. In furtherance of the material misrepresentations negligently made by CVS that the payment terms governing Beneficial's relationship with CVS were 2% 30 net 31, CVS sent purchase orders reflecting payment terms of 2% 30 Net 31.

62. CVS made the representations to Beneficial, Integrated and others for the purpose of inducing Beneficial to accept and fill purchase orders for CVS and of inducing Integrated to manufacture the product for Beneficial and provide loans in support thereof.

63. Integrated reasonably relied on the negligent misrepresentation made by CVS and, in ignorance of CVS's true intentions, acted in reliance thereon in, among other things, (1) providing loans to Beneficial; (2) providing payment terms to Beneficial; and (3) manufacturing product for Beneficial.

64. Integrated's reliance on the material misrepresentations negligently made by CVS has been to Integrated's significant and substantial detriment and damage.

65. Accordingly, Integrated is entitled to an award of compensatory damages against CVS and an award of punitive damages against CVS in an amount calculated to punish and deter.

WHEREFORE, Integrated prays for judgment against CVS under its Seventh Cause of Action as set forth below.

**EIGHTH CAUSE OF ACTION**
**(Book Account)**

66. The information contained in paragraphs 1-65 is realleged as if fully set forth herein.

67. CVS owes Integrated, as assignee of a portion of Beneficial's accounts receivable, on account for CVS's failure to pay the terms of 2%30 net 31 for the product it purchased.

68. Accordingly, Integrated is entitled to an award of compensatory damages against CVS on account of the product it received and for which it has not paid.

WHEREFORE, Integrated prays for judgment against CVS under its Eighth Cause of Action as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Integrated seeks relief as follows:

1. For an Order from the Court declaring that CVS is bound to pay Integrated based on payment terms of 2%30 Net 31;

2. For an Order from the Court directing CVS to pay Integrated for product that has been shipped and received by CVS according to the payment terms of 2%30 Net 31, with interest assessed at the maximum legal rate from the date the payment was originally due under the terms of the purchase orders to the date payment is made; and

3. For an award of actual and consequential damages, including but not limited to lost profits, punitive damages in an amount calculated to punish and deter CVS, and pre and post-judgment interest at the maximum rate allowed by law, costs and attorneys' fees;

4. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Integrated, by and through counsel, hereby requests a trial by jury in the above-captioned matter.

DATED this 16th day of November, 2005.

Respectfully submitted,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Defendants/Counterclaimants Integrated Biopharma, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2005, a copy of the foregoing was hand-delivered to:

Todd M. Reed, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903

and a copy of the foregoing was mailed, U.S. first class postage, to the following:

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

John P. Mullen, Esq.
Anderson & Karrenberg
50 W. Broadway, Suite 700
Salt Lake City, Utah 84101

Kenneth J. Fisch, Esq.
4200 West Peterson Avenue, Suite 140
Chicago, Illinois 60646

*360379_1.doc*