UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No. 05-171T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC.,
BENEFICIAL NUTRACEUTICALS, INC.,
INTEGRATED BIOPHARMA, INC., and
CONTEMPORARY MARKETING , INC.

Defendants.

---

**PLAINTIFF'S REPLY TO COUNTERCLAIMS OF DEFENDANTS BENEFICAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., AND BENEFICAL NUTRACEUTICALS, INC.**

Plaintiff CVS Pharmacy, Inc. ("CVS"), by its attorneys, Edwards & Angell LLP, reply to the counterclaim of defendants Beneficial Holdings, Inc., Beneficial Health Systems, Inc., and Beneficial Nutraceuticals, Inc. ("Beneficial") as follows:

1. CVS admits each and every allegation set forth in paragraph "1" of Beneficial's Counterclaim.

2. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of Beneficial's Counterclaim.

3. CVS admits each and every allegation set forth in paragraph "3" of Beneficial's Counterclaim.

4. CVS admits each and every allegation set forth in paragraph "4" of Beneficial's Counterclaim.

5. CVS admits that CMI, as Beneficial's agent and on Beneficial's behalf, negotiated with CVS for the placement of WillpowerRX for retail sale, but denies all other allegations set forth in paragraph "5" of Beneficial's Counterclaim.

6. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of Beneficial's Counterclaim.

7. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of Beneficial's Counterclaim.

8. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of Beneficial's Counterclaim.

9. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of Beneficial's Counterclaim.

10. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of Beneficial's Counterclaim.

11. CVS admits that it received a document from Beneficial that agreed to payment terms of "pay on scan," but denies all other allegations set forth in paragraph "11" of Beneficial's Counterclaim.

12. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of Beneficial's Counterclaim.

13. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of Beneficial's Counterclaim.

14. CVS admits that it received a document from Beneficial dated June 10, 2004.

15. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of Beneficial's Counterclaim.

16. CVS denies each and every allegation set forth in paragraph "16" of Beneficial's Counterclaim.

17. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of Beneficial's Counterclaim.

18. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of Beneficial's Counterclaim.

19. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of Beneficial's Counterclaim.

20. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of Beneficial's Counterclaim.

21. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of Beneficial's Counterclaim.

22. CVS denies each and every allegation set forth in paragraph "22" of Beneficial's Counterclaim.

23. CVS denies each and every allegation set forth in paragraph "23" of Beneficial's Counterclaim.

24. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of Beneficial's Counterclaim.

25. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of Beneficial's Counterclaim.

26. CVS denies that there were Net 31 day payment terms and that Net 31 payment from CVS was due on the first week of September 2004, and denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "26" of Beneficial's Counterclaim.

27. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of Beneficial's Counterclaim.

28. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of Beneficial's Counterclaim.

29. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of Beneficial's Counterclaim.

30. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of Beneficial's Counterclaim.

31. CVS denies that payment terms of Net 31 dad been obtained, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "31" of Beneficial's Counterclaim.

32. CVS admits that it submitted purchase orders, but denies all other allegations in paragraph "32" of Beneficial's counterclaim.

33. CVS denies each and every allegation set forth in paragraph "33" of Beneficial's Counterclaim.

34. CVS denies each and every allegation set forth in paragraph "34" of Beneficial's Counterclaim.

35. CVS denies each and every allegation set forth in paragraph "35" of Beneficial's Counterclaim.

36. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of Beneficial's Counterclaim.

37. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of Beneficial's Counterclaim.

38. CVS denies that CVS was to make Net 31 day payments, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "38" of Beneficial's Counterclaim.

39. CVS admits that it was contacted and that CVS stated that its payment obligations were "pay on scan," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "39" of Beneficial's Counterclaim.

40 CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of Beneficial's Counterclaim.

41. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of Beneficial's Counterclaim.

42. CVS admits that Beneficial has demanded money from CVS, but denies the remaining allegations set forth in paragraph "42" of Beneficial's Counterclaim.

43. CVS denies each and every allegation set forth in paragraph "43" of Beneficial's Counterclaim.

44. CVS denies each and every allegation set forth in paragraph "44" of Beneficial's Counterclaim.

45. CVS admits that it has made payments, but denies the remaining allegations set forth in paragraph "45" of Beneficial's Counterclaim.

46. CVS denies each and every allegation set forth in paragraph "46" of Beneficial's Counterclaim.

47. CVS denies each and every allegation set forth in paragraph "47" of Beneficial's Counterclaim.

48. CVS incorporates all prior responses in their response to paragraph "48" of Beneficial's Counterclaim.

49. CVS denies each and every allegation set forth in paragraph "49" of Beneficial's Counterclaim.

50. CVS denies each and every allegation set forth in paragraph "50" of Beneficial's Counterclaim.

51. CVS denies each and every allegation set forth in paragraph "51" of Beneficial's Counterclaim.

52. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of Beneficial's Counterclaim.

53. CVS denies each and every allegation set forth in paragraph "53" of Beneficial's Counterclaim.

54. CVS denies each and every allegation set forth in paragraph "54" of Beneficial's Counterclaim.

55. CVS incorporates all prior responses in their response to paragraph "55" of Beneficial's Counterclaim.

56. CVS admits that there was a contractual relationship with Beneficial through Beneficial's agent, CMI, but denies all other allegations set forth in paragraph "56" of Beneficial's Counterclaim.

57. CVS denies each and every allegation set forth in paragraph "57" of Beneficial's Counterclaim.

58. CVS denies each and every allegation set forth in paragraph "58" of Beneficial's Counterclaim.

59. CVS incorporates all prior responses in their response to paragraph "59" of Beneficial's Counterclaim.

60. CVS denies each and every allegation set forth in paragraph "60" of Beneficial's Counterclaim.

61. CVS denies each and every allegation set forth in paragraph "61" of Beneficial's Counterclaim.

62. CVS incorporates all prior responses in their response to paragraph "62" of Beneficial's Counterclaim.

63. CVS denies each and every allegation set forth in paragraph "63" of Beneficial's Counterclaim.

64. CVS denies each and every allegation set forth in paragraph "64" of Beneficial's Counterclaim.

65. CVS incorporates all prior responses in their response to paragraph "65" of Beneficial's Counterclaim.

66. CVS denies each and every allegation set forth in paragraph "66" of Beneficial's Counterclaim.

67. CVS denies each and every allegation set forth in paragraph "67" of Beneficial's Counterclaim.

68. CVS denies each and every allegation set forth in paragraph "68" of Beneficial's Counterclaim.

69. CVS incorporates all prior responses in their response to paragraph "69" of Beneficial's Counterclaim.

70. CVS denies each and every allegation set forth in paragraph "70" of Beneficial's Counterclaim.

71. CVS denies each and every allegation set forth in paragraph "71" of Beneficial's Counterclaim.

72. CVS denies each and every allegation set forth in paragraph "72" of Beneficial's Counterclaim.

73. CVS incorporates all prior responses in their response to paragraph "73" of Beneficial's Counterclaim.

74. CVS denies each and every allegation set forth in paragraph "74" of Beneficial's Counterclaim.

75. CVS denies each and every allegation set forth in paragraph "75" of Beneficial's Counterclaim.

76. CVS denies each and every allegation set forth in paragraph "76" of Beneficial's Counterclaim.

77. CVS denies each and every allegation set forth in paragraph "77" of Beneficial's Counterclaim.

78. CVS denies each and every allegation set forth in paragraph "78" of Beneficial's Counterclaim.

79. CVS denies each and every allegation set forth in paragraph "79" of Beneficial's Counterclaim.

80. CVS denies each and every allegation set forth in paragraph "80" of Beneficial's Counterclaim.

81. CVS incorporates all prior responses in their response to paragraph "81" of Beneficial's Counterclaim.

82. CVS denies each and every allegation set forth in paragraph "82" of Beneficial's Counterclaim.

83. CVS denies each and every allegation set forth in paragraph "83" of Beneficial's Counterclaim.

84. CVS denies each and every allegation set forth in paragraph "84" of Beneficial's Counterclaim.

85. CVS denies each and every allegation set forth in paragraph "85" of Beneficial's Counterclaim.

86. CVS denies each and every allegation set forth in paragraph "86" of Beneficial's Counterclaim.

87. CVS denies each and every allegation set forth in paragraph "87" of Beneficial's Counterclaim.

88. CVS incorporates all prior responses in their response to paragraph "88" of Beneficial's Counterclaim.

89. CVS denies each and every allegation set forth in paragraph "89" of Beneficial's Counterclaim.

90. CVS denies each and every allegation set forth in paragraph "90" of Beneficial's Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

91. Beneficial fails to state a claim against CVS upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

92. Beneficial's claims are barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

93. Beneficial's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

94. Beneficial's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

95. There is no consideration for the alleged payment terms that Beneficial seeks to include in the contract(s) between Beneficial and CVS.

### SIXTH AFFIRMATIVE DEFENSE

96. The payment terms that Beneficial allegedly relied on constitutes a mutual mistake.

### SEVENTH AFFIRMATIVE DEFENSE

97. Beneficial's claims are barred as Beneficial is in breach of contract(s).

### EIGHTH AFFIRMATIVE DEFENSE

98. Beneficial failed to satisfy a condition precedent to the contract(s) between CVS and Beneficial.

## NINTH AFFIRMATIVE DEFENSE

99. Pursuant to U.C.C. 2-207, the alleged payment terms did not become part of the contract(s) between the parties.

## TENTH AFFIRMATIVE DEFENSE

100. Beneficial's claim based on negligent misrepresentation is barred as CVS does not owe Beneficial a duty of care.

## ELEVENTH AFFIRMATIVE DEFENSE

101. Beneficial's claim based on negligent misrepresentation is barred as there can be no recovery for this tort in a commercial setting.

## TWELFTH AFFIRMATIVE DEFENSE

102. Beneficial's claim of negligent misrepresentation is barred as it is based on alleged unfulfilled promises or statements as to future events.

## THIRTEENTH AFFIRMATIVE DEFENSE

103. Beneficial's claims are barred based on Beneficial's contributory negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

104. Beneficial's claims are barred as Beneficial failed to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

105. Payment terms were pay on scan.

## SIXTEENTH AFFIRMATIVE DEFENSE

106. Any alleged interference with a contract or economic advantage was justified and based on a legally recognizable right.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

107. CVS reserves its right to add additional defenses in the course of these proceedings.

WHEREFORE, CVS demands judgment dismissing Beneficial's Counterclaim with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Dated: December 6, 2005
Providence, Rhode Island

Respectfully submitted,

EDWARDS ANGELL PALMER
& DODGE, LLP

By: ____________________
Todd M. Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2005, a copy of the within document was mailed, via first class mail, to the following counsel of record:

David Wollin, Esquire
Adler Pollack & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

CharCretia V. DiBartolo, Esquire
Hinshaw & Culbertson, LLP
127 Dorrance Street
Providence, RI 02903

Nicholas Fortuna, Esquire
Jesse A. Kaplan, Esquire
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

______________________