UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No. 05-171T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING , INC.

Defendants.

---

**PLAINTIFF'S REPLY TO COUNTERCLAIMS OF DEFENDANT <u>INTEGRATED BIOPHARMA, INC.</u>**

Plaintiff CVS Pharmacy, Inc. ("CVS"), by its attorneys, Edwards & Angell LLP, reply to the counterclaim of defendant Integrated Biopharma, Inc., ("Integrated") as follows:

1. CVS admits each and every allegation set forth in paragraph "1" of Integrated's Counterclaim.

2. CVS admits each and every allegation set forth in paragraph "2" of Integrated's Counterclaim.

3. CVS admits each and every allegation set forth in paragraph "3" of Integrated's Counterclaim.

4. CVS admits each and every allegation set forth in paragraph "4" of Integrated's Counterclaim.

5. CVS denies each and every allegation set forth in paragraph "5" of Integrated's Counterclaim.

6. CVS denies each and every allegation set forth in paragraph "6" of Integrated's Counterclaim.

7. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of Integrated's Counterclaim.

8. CVS denies that there were Net 31 day payment terms and that Net 31 payment from CVS was due on the first week of September 2004, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "8"of Integrated's Counterclaim.

9. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of Integrated's Counterclaim.

10. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of Integrated's Counterclaim.

11. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of Integrated's Counterclaim.

12. CVS denies that payment terms of Net 31 dad been obtained, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "12" of Integrated's Counterclaim.

13. CVS admits that it submitted purchase orders, but denies all other allegations in paragraph "13" of Integrated's Counterclaim.

14. CVS denies each and every allegation set forth in paragraph "14" of Integrated's Counterclaim.

15. CVS denies each and every allegation set forth in paragraph "15" of Integrated's Counterclaim.

16. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of Integrated's Counterclaim.

17. CVS denies each and every allegation set forth in paragraph "17" of Integrated's Counterclaim.

18. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of Integrated's Counterclaim.

19. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of Integrated's Counterclaim.

20. CVS denies that CVS was to make Net 31 day payments, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "20" of Integrated's Counterclaim.

21. CVS admits that Beneficial has demanded money from CVS, but denies the remaining allegations set forth in paragraph "21" of Integrated's Counterclaim.

22. CVS denies each and every allegation set forth in paragraph "22" of Integrated's Counterclaim.

23. CVS denies each and every allegation set forth in paragraph "23" of Integrated's Counterclaim.

24. CVS admits that it has made payments, but denies the remaining allegations set forth in paragraph "24" of Integrated's Counterclaim.

25. CVS denies each and every allegation set forth in paragraph "25" of Integrated's Counterclaim.

26. CVS incorporates all prior responses in their response to paragraph "26" of Integrated's Counterclaim.

27. CVS denies that CVS owes Beneficial accounts receivable, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "27" of Integrated's Counterclaim.

28. CVS denies each and every allegation set forth in paragraph "28" of Integrated's Counterclaim.

29. CVS denies each and every allegation set forth in paragraph "29" of Integrated's Counterclaim.

30. CVS denies each and every allegation set forth in paragraph "30" of Integrated's Counterclaim.

31. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of Integrated's Counterclaim.

32. CVS denies each and every allegation set forth in paragraph "32" of Integrated's Counterclaim.

33. CVS denies each and every allegation set forth in paragraph "33" of Integrated's Counterclaim.

34. CVS denies each and every allegation set forth in paragraph "34" of Integrated's Counterclaim.

35. CVS incorporates all prior responses in their response to paragraph "35" of Integrated's Counterclaim.

36. CVS admits that there was a contractual relationship with Beneficial through Beneficial's agent, CMI, but denies all other allegations set forth in paragraph "36" of Integrated's Counterclaim.

37. CVS denies each and every allegation set forth in paragraph "37" of Integrated's Counterclaim.

38. CVS denies that CVS owes Beneficial accounts receivable, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "38" of Integrated's Counterclaim.

39. CVS denies each and every allegation set forth in paragraph "39" of Integrated's Counterclaim.

40. CVS denies each and every allegation set forth in paragraph "40" of Integrated's Counterclaim.

41. CVS incorporates all prior responses in their response to paragraph "41" of Integrated's Counterclaim.

42. CVS denies each and every allegation set forth in paragraph "42" of Integrated's Counterclaim.

43. CVS denies each and every allegation set forth in paragraph "43" of Integrated's Counterclaim.

44. CVS incorporates all prior responses in their response to paragraph "44" of Integrated's Counterclaim.

45. CVS denies each and every allegation set forth in paragraph "45" of Integrated's Counterclaim.

46. CVS denies each and every allegation set forth in paragraph "46" of Integrated's Counterclaim.

47. CVS incorporates all prior responses in their response to paragraph "47" of Integrated's Counterclaim.

48. CVS denies each and every allegation set forth in paragraph "48" of Integrated's Counterclaim.

49. CVS denies each and every allegation set forth in paragraph "49" of Integrated's Counterclaim.

50. CVS denies each and every allegation set forth in paragraph "50" of Integrated's Counterclaim.

51. CVS incorporates all prior responses in their response to paragraph "51" of Integrated's Counterclaim.

52. CVS denies each and every allegation set forth in paragraph "52" of Integrated's Counterclaim.

53. CVS denies each and every allegation set forth in paragraph "53" of Integrated's Counterclaim.

54. CVS denies each and every allegation set forth in paragraph "54" of Integrated's Counterclaim.

55. CVS denies each and every allegation set forth in paragraph "55" of Integrated's Counterclaim.

56. CVS denies each and every allegation set forth in paragraph "56" of Integrated's Counterclaim.

57. CVS denies each and every allegation set forth in paragraph "57" of Integrated's Counterclaim.

58. CVS denies each and every allegation set forth in paragraph "58" of Integrated's Counterclaim.

59. CVS incorporates all prior responses in their response to paragraph "59" of Integrated's Counterclaim.

60. CVS denies each and every allegation set forth in paragraph "60" of Integrated's Counterclaim.

61. CVS denies each and every allegation set forth in paragraph "61" of Integrated's Counterclaim.

62. CVS denies each and every allegation set forth in paragraph "62" of Integrated's Counterclaim.

63. CVS denies each and every allegation set forth in paragraph "63" of Integrated's Counterclaim.

64. CVS denies each and every allegation set forth in paragraph "64" of Integrated's Counterclaim.

65. CVS denies each and every allegation set forth in paragraph "65" of Integrated's Counterclaim.

66. CVS incorporates all prior responses in their response to paragraph "66" of Integrated's Counterclaim.

67. CVS denies each and every allegation set forth in paragraph "67" of Integrated's Counterclaim.

68. CVS denies each and every allegation set forth in paragraph "68" of Integrated's Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

69. Integrated fails to state a claim against CVS upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

70. Integrated's claims are barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

71. Integrated's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

72. Integrated's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

73. There is no consideration for the alleged payment terms that Integrated seeks to include in the contract(s) between Beneficial and CVS.

### SIXTH AFFIRMATIVE DEFENSE

74. The payment terms that Integrated allegedly relied on constitutes a mutual mistake.

### SEVENTH AFFIRMATIVE DEFENSE

75. Integrated's claims are barred as Beneficial is in breach of contract(s).

### EIGHTH AFFIRMATIVE DEFENSE

76. Integrated's claims are barred as Beneficial failed to satisfy a condition precedent to the contract(s) between CVS and beneficial.

**NINTH AFFIRMATIVE DEFENSE**

77. Pursuant to U.C.C. 2-207, the alleged payment terms did not become part of the contract(s) between the parties.

**TENTH AFFIRMATIVE DEFENSE**

78. Integrated's claim based on negligent misrepresentation is barred as CVS does not owe Integrated and/or Beneficial a duty of care.

**ELEVENTH AFFIRMATIVE DEFENSE**

79. Integrated's claim based on negligent misrepresentation is barred as there can be no recovery for this tort in a commercial setting.

**TWELFTH AFFIRMATIVE DEFENSE**

80. Integrated's claim of negligent misrepresentation is barred as it is based on alleged unfulfilled promises or statements as to future events.

**THIRTEENTH AFFIRMATIVE DEFENSE**

81. Integrated's claims are barred based on Integrated and/or Beneficial's contributory negligence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

82. Integrated's claims are barred as Integrated and/or Beneficial failed to mitigate damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

83. Payment terms were pay on scan.

**SIXTEENTH AFFIRMATIVE DEFENSE**

84. Any alleged interference with a contract was justified and based on a legally recognizable right.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

85. Integrated lacks standing to assert its counterclaims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

86. CVS reserves its right to add additional defenses in the course of these proceedings.

WHEREFORE, CVS demands judgment dismissing Integrated's Counterclaim with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Dated: December 6, 2005
Providence, Rhode Island

Respectfully submitted,

EDWARDS ANGELL PALMER
& DODGE, LLP

By:________________________
Todd M. Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2005, a copy of the within document was mailed, via first class mail, to the following counsel of record:

David Wollin, Esquire
Adler Pollack & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

CharCretia V. DiBartolo, Esquire
Hinshaw & Culbertson, LLP
127 Dorrance Street
Providence, RI 02903

Nicholas Fortuna, Esquire
Jesse A. Kaplan, Esquire
Allyn & Fortuna, LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

[signature]