UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS PHARMACY, INC.<br><br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC.,<br>BENEFICIAL HEALTH SYSTEMS, INC.,<br>BENEFICIAL NUTRACEUTICALS, INC.<br>INTEGRATED BIOPHARMA, INC., and<br>CONTEMPORARY MARKETING, INC.<br><br>Defendants<br><br>v.<br><br>ED ELLIS,<br><br>Third Party Defendant. | CIVIL ACTION NO. 05-171T |

**MOTION TO DISMISS CROSS CLAIM BY CROSS CLAIM DEFENDANT CONTEMPORARY MARKETING, INC. AND MOTION TO DISMISS THIRD PARTY COMPLAINT BY THIRD PARTY DEFENDANT EDWARD ELLIS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Crossclaim Defendant Contemporary Marketing, Inc. ("CMI") and Third Party Defendant Edwin Ellis ("Ellis"), hereby move to dismiss the Cross Claim and Third Party Complaint filed by Defendant Beneficial Holdings, Inc. ("Beneficial"). As grounds for their motion, CMI and Ellis state that Beneficial has failed to state a claim upon which relief may be granted because the subject matter of Beneficial's Cross Claim and Third Party Complaint is governed by a contract which contains a forum selection clause requiring that Beneficial file those claims in Circuit Court in Cook County, Illinois.

In support of their motion, CMI and Ellis submit a Memorandum of Law and the Affidavits of Edwin M. Ellis and Michael Okun.

WHEREFORE, Cross Claim Defendant Contemporary Marketing, Inc. and Third Party Defendant Edwin Ellis respectfully request that this Court dismiss the Cross Claim and Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

CONTEMPORARY MARKETING, INC.
and EDWIN M. ELLIS
By their attorneys,

CharCretia V. Di Bartolo, (#5862)
HINSHAW & CULBERTSON, LLP
127 Dorrance St.,
Providence, RI 02903
(401) 454-7700
(401) 454-8055, facsimile

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 12(b), CMI and Ellis respectfully request oral argument with respect to this motion. As grounds for their request, CMI and Ellis state that oral argument will provide an opportunity to clarify any issues for the Court relating to the action taken by the United States District Court for the District of Utah in the related litigation and provide an opportunity to this Court to inquire regarding same. CMI and Ellis estimate that the parties will require no more than fifteen minutes per party for argument.

## CERTIFICATE OF SERVICE

I, CharCretia V. Di Bartolo, hereby certify that a true and accurate copy of the above pleading was served via overnight mail on the 9th day of December, 2005, to the following counsel of record:

David A. Wollin, Esq.
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

and

Jacqueline Camichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

and

Todd M. Reed, Esq.
Edwards, Angell, Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

CharCretia V. Di Bartolo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS PHARMACY, INC.<br><br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC.,<br>BENEFICIAL HEALTH SYSTEMS, INC.,<br>BENEFICIAL NUTRACEUTICALS, INC.<br>INTEGRATED BIOPHARMA, INC., and<br>CONTEMPORARY MARKETING, INC.<br><br>Defendants<br><br>v.<br><br>ED ELLIS,<br><br>Third Party Defendant. | CIVIL ACTION NO. 05-171T |

**MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS OF CROSS CLAIM DEFENDANT CONTEMPORARY MARKETING, INC. AND THIRD PARTY DEFENDANT ED ELLIS**

Cross Claim Defendant Contemporary Marketing, Inc. ("CMI") and Third Party Defendant Edwin M. Ellis ("Ellis"), submit the following memorandum in support of their motions to dismiss the Cross Claim and Third Party Complaint filed by Defendant Beneficials Holdings, Inc. ("Beneficial").

**INTRODUCTION**

Although never mentioned in Beneficial's Cross Claim and Third Party Complaint, Beneficial and CMI entered into a Sales Representative Agreement, the

terms of which govern all of the conduct alleged in the Cross Claim and Third Party Complaint. The Sales Representative Agreement contains a forum selection clause which requires that any action between CMI and Beneficial be brought solely in the Circuit Court for Cook County, Illinois. (See Affidavit of Michael Okun [hereinafter "Okun Aff.], at ¶2, Exhibit A). The United States District Court for the District of Utah, Central Division, (Stewart, J.), considered this precise issue on CMI's and Ellis' Motion to Dismiss the exact same claims raised by Beneficial in an action filed in Utah captioned Beneficial Holdings, Inc. v. CVS Pharmacy, et al., C.A. No. 2:05-CV00439-TS ("the Utah Action"). By order dated October 19, 2005, the Utah Court granted CMI's and Ellis' Motion and dismissed the claims pursuant to Fed. R. Civ. P. 12(b)(3).

Just as in the Utah Action, the subject matter of the Cross Claim is clearly contemplated under the forum selection clause in the Agreement. Moreover, Beneficial cannot show that enforcement of the clause is unreasonable, unjust or invalid by reason of fraud. *See Russo v. Ballard Medical Products*, 352 F. Supp. 2d 177, 180-81 (D.R. 2005). Accordingly, just as in the Utah Action, the clause must be enforced and the Cross Claim dismissed.

Moreover, because Beneficial alleges that Third Party Defendant Ellis was acting at all times relevant to the complaint as an employee of CMI and "within the course and scope of his employment with CMI, or, in the alternative, was an independent contractor/agent of CMI and was acting on behalf of CMI as its agent in his dealings with Plaintiff" (Third Party Complaint at ¶2), the forum selection clause governs claims against Third Party Defendant Ellis. Thus, the Third Party Complaint also must be

dismissed. *See Allianz Ins. Co. v. Cho Yang Shipping Co.*, 131 F. Supp. 2d 787, 791 (E.D. VA 2000) ("[W]hen non-parties' alleged conduct is so closely related to the contractual relationship, both parties and non-parties should benefit from and be subject to a forum selection clause contained in the contract."). Alternatively, the "fiduciary shield" doctrine requires dismissal of the claim against Third Party Defendant Ellis.

## FACTUAL BACKGROUND

Beneficial entered into a written Sales Representative Agreement ("the Agreement) with CMI under which CMI became Beneficial's exclusive sales agent and "broker" for Beneficial's products. (See Exhibit A to Okun Aff.). In the Agreement, Beneficial agreed that:

> [t]he sole venue for bringing any legal action hereunder, shall be in the Circuit Court of Cook County, Illinois; all parties hereto agreeing to submit themselves to the jurisdiction of said Court.

(Id. ¶6). Moreover, the Agreement states that the parties agree that the laws of the State of Illinois govern the application and interpretation of the Agreement. (Id.).

The Agreement was the subject of lengthy negotiations between Beneficial and CMI. (Okun Aff., ¶¶6-8). During those negotiations, Beneficial sought to change the venue to Utah, but CMI refused to sign the Agreement unless the forum was Illinois. (Id.). Although Beneficial fails to mention the Agreement in its Cross Claim or Third Party Complaint, the conduct of CMI and its employee, Ellis, as alleged in those pleadings, clearly falls within the subject matter contemplated by the Agreement and, thus, the forum selection clause requires that suit be filed in Illinois.

This issue has already been considered and decided by the federal court in Utah. On or about April 12, 2005, Beneficial filed a lawsuit against CVS Pharmacy, Inc. ("CVS"), CMI and Ellis in state court in Utah ("the Utah Action"). The Utah Action asserted the exact same claims against CMI and Ellis as Beneficial currently asserts against CMI and Ellis in the Cross Claim and Third Party Claim. (Okun Aff., ¶¶12-13). After removal to Federal Court, CMI and Ellis moved to dismiss the Utah Action on the grounds that the forum selection clause governed the subject matter of the claims and that Beneficial therefore, must bring those claims in Illinois. (Okun Aff., ¶14). The Court agreed and, by Order dated October 19, 2005, dismissed Beneficial's claims pursuant to Fed. R. Civ. P. 12(b)(3). (Okun Aff., ¶14, Ex. E).

## ARGUMENT

### I. The Forum Selection Clause in the Agreement Requires That Suit Be Brought in Illinois. Accordingly, the Cross Claim and Third Party Complaint Must Be Dismissed.[1]

#### A. The Federal Court's Decision in the Utah Action Precludes Beneficial From Relitigating the Application of the Forum Selection Clause to Beneficial's Cross Claims Against CMI.

In the Utah Action, the Court considered precisely the same issue regarding the application of the forum selection clause to the claims raised by Beneficial against CMI and held that the forum selection clause required dismissal of the action because Beneficial filed in the wrong forum. That decision has preclusive effect in this litigation

[1] In a separate motion, CMI has moved to dismiss the Complaint on the grounds that CVS fails to state an actual controversy between itself and CMI. Due to the procedural posture of these claims, asserted as a cross claim and a third party claim, CMI has not moved alternatively for transfer of this case pursuant to 28 U.S.C. §1406 to the United States District for the District of Illinois.

because the issue raised by CMI's present motion is identical to that raised and decided by the Federal District Court in Utah and because Beneificial had a full and fair opportunity to litigate that issue in the Utah forum.

Under federal law, the doctrine of issue preclusion bars a party from relitigating an issue if:

> (1) the party had a "full and fair opportunity to litigate" the issue in an earlier action, and (2) the issue was finally decided in that action, and (3) the issue was decided against that party and (4) determination of the issue was essential to the earlier judgment.

*In Re Public Service of New Hampshire*, 848 F. Supp. 318, 325 (D.R.I. 1994), quoting *DeCosta v. Viacom, Int.'l, Inc.*, 981 F. 2d 602, 605 (1st Cir. 1992). Collateral estoppel or issue preclusion "prohibits relitigation 'of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim.'" *In Re Belmont Realty Corp.*, 11 F. 3d 1092, 1097 (1st Cir. 1993), quoting *Dennis v. R.I. Hospital Trust Nat. Bank*, 744 F. 2d 893, 898 (1st Cir. 1984). The concept of issue preclusion is designed to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308 (1980).

The Utah court's decision with respect to the applicability of the forum selection clause has preclusive effect here. Beneficial was fully represented in the Utah forum and had a "full and fair opportunity to litigate" the issue relating to application of the forum selection clause to these claims. The Utah court actually decided the issue of

whether Illinois was the correct forum for disputes relating to the Agreement, granting CMI's Motion to Dismiss on that basis. Clearly, the issue was decided against Beneficial in that CMI's and Ellis' Motion to Dismiss the case was granted. Finally, determination of the issue was essential to the earlier dismissal as it was the only issue raised as a basis to dismiss the case. For these reasons, the Utah court's decision that the forum selection clause in the Agreement applies to the controversy raised by the claims asserted by Beneficial has preclusive effect in this case and requires dismissal of the Cross Claim and Third Party Claim.

### B. The Cross Claim Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).[2]

Even if this Court determines that the dismissal of the Utah Action has no preclusive effect in this case, the forum selection clause still requires dismissal of the Cross Claim. Courts in this jurisdiction have repeatedly upheld and enforced forum selection clauses in contracts. *See,* e.g., *Russo v. Ballard Medical Products*, 352 F. Supp. 2d 177 (D.R.I. 2005); *Microfibres v. McDevitt-Askew*, 20 F. Supp. 2d 316 (D.R.I. 1998); *Pascalides v. Irwin Yacht Sales North, Inc.*, 118 F.R.D. 298 (D.R.I. 1988); *Page Construction Co. v. Perini Construction*, 712 F. Supp. 9 (D.R.I. 1989); *McEvily v. Sunbeam-Oster Co., Inc.*, 878 F. Supp. 337 (D.R.I. 1994). Because the subject matter of the Cross Claim is contemplated under the Agreement and because Beneficial cannot show that

---

[2] In the First Circuit, a motion to dismiss based on a forum selection clause is treated as one failing to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). See *Silva v. Encyclopedia Brittanica, Inc.*, 239 F. 3d 385, 387-88 (1st Cir. 2001).

enforcement of the clause is unreasonable, unjust or invalid by reason of fraud, the forum selection clause also must be enforced and this case dismissed.

**(1) The Forum Selection Clause Applies to the Subject Matter of the Cross Claim.**

To enforce a forum selection clause, the court must first determine that the subject matter of the dispute is one that is contemplated under the applicable clause. *Russo*, 352 F. Supp. 2d at 180; *Pascalides*, 118 F.R.D. at 301. Similar to this case, in *Russo*, Plaintiff asserted contract-related tort claims arising from a meeting between the parties after the parties had signed the forum selection clause. *Russo*, 352 F. Supp. 2d at 180. The court noted that the evidence pointed in one direction only, that is, that the forum selection clause was intended to apply to all claims arising out of the exchange of information that took place at that meeting. *Id.* The court went on to find that "[r]egardless of how Plaintiff characterizes his causes of action, it is clear that this is an idea theft case and Plaintiff's main claim against [Defendant] is that said theft resulted in the violation of the very Agreement at issue on this motion." *Id.* In looking beyond the actual causes of action alleged by Plaintiff to enforce the forum selection clause, the court held

> If forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims such as negligent design, breach of implied warranty or misrepresentation.

*Russo*, 352 F. Supp. 2d at 180, quoting *Pascalides*, 118 F.R.D. at 302 (further citation omitted). Accordingly, the *Russo* court concluded that the forum selection clause applied to the subject matter of the litigation.

In this case, Plaintiff has asserted a number of causes of action in its Cross Claim including claims for fraud/misrepresentation, breach of fiduciary duty, negligent misrepresentation, intentional interference with contractual relations, and intentional interference with prospective economic advantage. All of those causes of action have in common CMI's actions, through its employee, Ellis, relating to the negotiation of Beneficial's relationship with CVS and sales of Beneficial's product, Willpower RX. Even though the counts as alleged do not cite to the Agreement, clearly, the acts alleged are governed by the Agreement establishing the agency relationship between Beneficial and CMI. *Russo*, 352 F.Supp.2d at 180 (forum selection clause not to be defeated by "artful pleading").[3]

For example, the Agreement provides that the "Principal [Beneficial] hereby appoints Broker [CMI] as its exclusive agent for the Principal's Products identified in Exhibit A attached hereto to the Accounts set forth in Exhibit B, and Broker hereby agrees to act for Principal, as its sole and exclusive representative for negotiations of sales of the Principal's Products to the Accounts subject to the terms, provisions and conditions hereof." (Okun Aff., ¶2, Exhibit A). Exhibit A to the Agreement identifies the principal's Products as "Willpower RX", among others. (Id., at Exhibit A to Agreement). Similarly, Exhibit B to the Agreement identifies "CVS" as one of the accounts. (Id., at Exhibit B to Agreement).

[3] Beneficial alleges the exact same causes of action against Mr. Ellis in the Third Party Complaint. To the extent the court finds that the causes of action alleged by Beneficial in its Cross Claim fall within the subject matter of the Agreement, such holding should apply to Mr. Ellis as well. (See Section II *infra*).

Beneficial's Cross Claim alleges that CMI "through its agent and/or employee Ed Ellis, negotiated the placement of Beneficial's product, Willpower RX TM, for retail sale with CVS Pharmacy, Inc." (Cross Claim, ¶4). The Cross Claim goes on to allege that, through these negotiations, CVS and Beneficial agreed to terms for the sale of Willpower RX in CVS stores. (Cross Claim, ¶¶6, 7, 9-12). Clearly, the Agreement governs these claims irrespective of whether they are asserted pursuant to the Agreement between Beneficial and CMI.

**(2) <u>Enforcement of the Forum Selection Clause Is Reasonable</u>.**

Once the Court determines that the forum selection clause applies to the subject matter of the litigation, the court must then determine whether or not the enforcement of the forum selection clause is reasonable. *Russo*, 352 F. Supp. 2d at 180-181. In *D'Antuono v. CCH Computac Systems, Inc.*, 570 F. Supp. 708 (D.R.I. 1983), the court identified a series of factors to aid courts in determining whether or not to enforce a given forum selection clause. The Rhode Island courts continue to review those factors today in cases considering forum selection clauses. *See*, e.g., *Russo*, 352 F. Supp. 2d at 181; *Pascalides*, 118 F.R.D. at 302. These factors include the following:

(1) the identity of the law that governs the construction of the contract.

(2) the place of execution of the contract.

(3) the place where the transactions are to be performed.

(4) the availability of remedies in the designated forum.

(5) the public policy of the initial forum state.

(6) location of the parties, the convenience of prospective witnesses and the accessibility of evidence.

(7) the relative bargaining power of the parties and the circumstances surrounding their dealings.

(8) the presence or absence of fraud, undue influence (or other extenuating) circumstances.

(9) the conduct of the parties.

*Pascalides*, 118 F.R.D. at 302, quoting *D'Antuono*, 570 F. Supp. at 712. No one factor controls, rather "the totality of the circumstances, coupled with the interests of justice must control." *Russo*, 352 F. Supp. 2d at 181, quoting *Pascalides*, 118 F.R.D. at 302 (further citation omitted). Importantly, the party opposing the enforcement of the forum selection clause must provide the court with evidence that application of the clause would be unreasonable. *Russo*, 352 F. Supp. 2d at 181. Beneficial can offer no evidence that it would be unreasonable to enforce the forum selection clause here.

As for the first two factors, both the Ellis and Okun Affidavits clearly point to Illinois. The Agreement states that the law that governs the contract is the law of Illinois. Similarly, the Agreement was executed between the parties in Illinois. (Okun Aff., ¶2, Ex. A). Moreover, Beneficial may file the same claims in Illinois. There will be no evidence that Beneficial was or will be unable to file its claims in Illinois or that it would or will be unable to secure jurisdiction over either CMI or Mr. Ellis, who has stated in his affidavit that he would submit to that jurisdiction. Thus, the fourth factor also will be satisfied in favor of enforcing the clause.

As for the third factor, the transactions governed by the Agreement were to take place in a variety of locations, including Rhode Island, where CVS is located. The Agreement clearly contemplates agency representation by CMI of Beneficial with

respect to accounts other than CVS, including GNC, Walgreens, Target and Walmart. (Okun Aff., ¶2, Exhibit A). Those accounts are not located in Rhode Island and, thus, this factor is not dispositive one way or the other with respect to whether it would be reasonable to apply the forum selection clause. (Affidavit of Edwin M. Ellis ["Ellis Aff."] ¶6). As for the fifth factor, the public policy of the initial forum state, there will be no evidence that the public policy of this jurisdiction is implicated by this lawsuit.

With respect to the convenience factors, this Court has noted in the past that "the parties, in consenting to the ... forum, have in effect subordinated their convenience to the bargain." *Russo*, 352 F. Supp. 2d at 181-182; *see also, Pascalides*, 118 F.R.D. at 303. In this case, there is no forum that is wholly convenient to all parties and witnesses. Beneficial will have to travel from Utah to this jurisdiction just as it would to Illinois. Similarly, Mr. Ellis, who lives in Pittsburgh, Pennsylvania, would have to travel to either jurisdiction. (Ellis Aff., ¶6). Mr. Ellis, however, has indicated in his affidavit, that it is more convenient and economical for him to travel to Chicago, where his employer is based, than to Rhode Island. (Id.). Other witnesses of CMI, as well as much of its documentary evidence, resides in Illinois. (Okun Aff., ¶2). As for other witnesses, the only other party for whom this jurisdiction is convenient is CVS, a non-party to the Agreement between Beneficial and CMI. In "cases where no forum is wholly convenient (or wholly obvious), a forum selection clause can and should tip the scales." *Pascalides*, 118 F.R.D. at 303 (further citation omitted). Accordingly, this factor also weighs in favor of enforcement of the clause and dismissal of the case.

The final three reasonableness factors involve the relationship between Beneficial and CMI and their behavior during the time period at issue. *See Russo*, 352 F. Supp. 2d at 182. None of these factors support a finding of unreasonableness of the forum selection clause. The negotiations culminating in the agreement took place between Beneficial in Utah and CMI in Illinois. (Okun Aff., ¶¶9-10). In fact, Beneficial initiated the contact between CMI in Illinois and engaged in several telephone calls to CMI in Illinois, requesting and discussing whether CMI would enter into a sales representative agreement with Beneficial. (Id.). Beneficial's president, Harvey Carmichael, flew to Illinois and met with CMI representatives at CMI headquarters in Buffalo Grove, Illinois, to negotiate the agreement prior to the agreement being signed. (Id., ¶10). Mr. Ellis made only one trip to Utah and that trip occurred after the agreement was signed and, in fact, over a month after CVS has submitted purchase orders to Beneficial to purchase the product and the product had already been shipped. (Id., ¶11).

There will be no evidence to suggest that CMI coerced Beneficial into signing the Agreement. To the contrary, it is clear that the forum selection clause was a result of negotiations between the parties. Mr. Okun's affidavit clearly shows that CMI initially included Illinois as the forum, but that Beneficial changed the forum to Utah. (Okun Aff., ¶¶4-5). During negotiations, CMI indicated that it would not agree to Utah as a jurisdiction and it was changed back to Illinois. (Id., ¶6). There are also no facts to suggest the existence of fraud or undue influence at the time the agreement was drafted and signed. To the contrary, attorneys for both Beneficial and CMI were involved in the process. (Id., ¶6).

Considering all of these factors, it is clear that the forum selection clause is reasonable and appropriate and should be enforced. Beneficial cannot meet its burden to show that the clause should not be enforced. Accordingly, the Cross Claim should be dismissed. [4]

**II. Third Party Defendant Ellis Is Entitled to Enforce the Forum Selection Clause in the Agreement as an Employee of CMI. Accordingly, the Court Also Must Dismiss the Third Party Complaint.**

Beneficial also asserts the exact same causes of action against Mr. Ellis in its third party complaint as it has asserted against CMI in its crossclaim.[5] In fact, a review of the allegations themselves reveals that the factual allegations are also the same as those alleged against CMI. Notably, Beneficial alleges that Mr. Ellis was employed by CMI, and "was acting within the course and scope of his employment with CMI, or, in the alternative, was an independent contractor/agent of CMI and was acting on behalf of CMI as its agent in his dealings with Plaintiff."[6] As an employee of CMI, Mr. Ellis is entitled to the protection of the forum selection clause in the Agreement. *See Allianz Ins. Co. v. Cho Yang Shipping Co.*, 131 F. Supp. 2d 787, 791 (E.D. Va. 2000) ("[W]hen non-

---

[4] CMI also has moved to dismiss the complaint filed by CVS pursuant to Fed. R. Civ. P. 12(b)(6). Given that the claim is in the nature of a Cross Claim, due to the fact that CVS filed this matter first as a declaratory judgment action, it seems appropriate from a pleading standpoint to dismiss the matter and require that Beneficial refile its claims against CMI and Mr. Ellis in Illinois as directed by the Agreement.

[5] Those causes of action include fraud/intentional misrepresentation, breach of fiduciary duty, negligent misrepresentation, intentional interference with contractual relations and intentional interference with prospective economic advantages. These are precisely the causes of action asserted by Beneficial in its complaint in the Utah Action. (Okun Aff., ¶13).

[6] In an attempt to forestall CMI's arguments that Mr. Ellis was acting only as an employee during his negotiations with CVS on behalf of Beneficial, Beneficial alleges that "In the event that CMI alleges that Mr. Ellis was acting outside of his employment and/or that his acts and/or omissions were ultra vires in nature and were neither authorized nor known by CMI, Mr. Ellis is subject to personal liability for the same." (Third Party Complaint, ¶5). As the Ellis Affidavit demonstrates, Mr. Ellis was at all relevant times acting as an employee of CMI. (Ellis Aff., ¶4).

parties' alleged conduct is so closely related to the contractual relationship, both parties and non-parties should benefit from and be subject to a forum selection clause in the contract."); *Licpon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1299 (11th Cir 1998) (spouses of persons who signed general undertaking including forum selection clause were bound by clause); *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 09-210 (7th Cir. 1993) (corporations controlled by signatory were bound by forum selection clause); *Clinton v. Janger*, 583 F. Supp. 284, 289-90 (N.D. Ill. 1984) (director/owner of signatory entitled to enforce forum selection clause, depositary bank entitled to enforce clause). For these reasons, the claims against Ellis also should be dismissed.

"Non-parties may be bound to a forum selection clause, if the non-party is so 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Allianz*, 131 F. Supp. 2d at 791, quoting *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993), quoting *Manetti- Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998); *See also Manetti-Farrow*, 858 F.2d at 514 n.5 ("[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses."). Thus, in *Lipcon*, the court held that spouses of investors, who signed letters of credit to provide collateral for the plaintiff investors, but did not sign the general undertaking, were bound by the forum selection clauses in the agreement. *Licpon*, 148 F.3d at 1299. The court found that the interest of the spouses in the dispute were "completely derivative of the Named Plaintiffs - and thus 'directly related to, if not predicated upon' the interest of the Named Plaintiffs." *Id*. Similarly, in *Hugel*, 999 F.2d

at 210, the court held that two companies, wholly owned by an individual who had signed an agreement containing the forum selection clause, were also bound by the agreement because the corporations were "so closely related to the dispute that they are equally bound by the forum selection clause." *Id.*

In this case, Mr. Ellis' actions as alleged in the third party complaint arise solely from the relationship established by CMI and Beneficial in the Agreement. Accordingly, Mr. Ellis is also entitled to the protections of the forum selection clause provided in the Agreement. Just as for CMI, the Third Party Complaint must be dismissed.

**III. The Fiduciary Shield Doctrine Also Bars Claims Against Mr. Ellis.**

The claims against Mr. Ellis should also be dismissed under the "fiduciary shield" doctrine. It is extremely unfair for an employee to be sued in a distant forum when he was simply carrying out his employer's business. Where an individual's only contacts with the forum were "made for the benefit of his employer and not himself", the "fiduciary shield" doctrine prevents the exercise of personal jurisdiction over him in that forum. *Caldwell-Baker Co. v. Southern Illinois Railcar Co.*, 225 F. Supp. 2d 1243, 1262 (D. Kan. 2002). "[T]he Tenth Circuit has accepted the use of the fiduciary shield doctrine for individual corporate officers defending a tort claim where they have no personal contacts, independent of their representative contacts, with the forum and where there is no factual basis to pierce the corporate veil." *Id. (quoting Traffas v. Bridge Capital Corp. No. 90-1304-C*, 1990 WL 251740, at *6 (D. Kan. Dec. 3, 1990)). In this case, Defendant Ellis' contacts with Rhode Island relating to this transaction arose solely out

of his actions as an employee of CMI. (Ellis Aff., ¶5). Therefore, under the "fiduciary shield" doctrine, there is no personal jurisdiction over Ellis in Rhode Island.

**CONCLUSION**

For the foregoing reasons, Defendant CMI and Third Party Defendant Ellis respectfully request that the Court dismiss the Cross Claim and Third Party Complaint filed by Beneficial on the grounds that the forum selection clause in the Agreement requires that this matter be filed in Circuit Court in Cook County, Illinois.

CONTEMPORARY MARKETING, INC.
and ED. ELLIS
By their attorneys,

CharCretia V. Di Bartolo, (#5862)
HINSHAW & CULBERTSON, LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700
(401) 454-8055 (facsimile)

## CERTIFICATE OF SERVICE

I, CharCretia V. Di Bartolo, hereby certify that a true and accurate copy of the above pleading was served via overnight mail on the 9th day of December, 2005, to the following counsel of record:

David A. Wollin, Esq.
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

and
Jacqueline Camichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111
and

Todd M. Reed, Esq.
Edwards, Angell, Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

CharCretia V. Di Bartolo