UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS PHARMACY, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC.,<br>BENEFICIAL HEALTH SYSTEMS, INC.,<br>BENEFICIAL NUTRACEUTICALS, INC.,<br>INTEGRATED BIOPHARMA, INC., and<br>CONTEMPORARY MARKETING, INC.,<br><br>*Defendants*. | CIVIL ACTION NO.: 05-171-T |

**DEFENDANT CONTEMPORARY MARKETING, INC.'S MOTION TO DISMISS COMPLAINT**

Pursuant to Fed.R.Civ.P. 12(b)(6), defendant Contemporary Marketing, Inc. ("CMI") hereby moves to dismiss the Complaint against it because the Complaint fails to state a claim against CMI upon which relief can be granted. As grounds for its motion, CMI states that the Complaint fails to state an actual, justiciable controversy between CMI and CVS and, thus, there is no basis for CVS to request a declaration of any rights against CMI. In support of this motion, CMI submits an accompanying memorandum of law.

WHEREFORE, CMI respectfully requests that the Court dismiss the Complaint against it.

Respectfully Submitted,
**Contemporary Marketing, Inc.,**
By its attorneys,

CharCretia V. Di Bartolo, Bar I.D. #5862
HINSHAW & CULBERTSON, LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700
(401) 454-8055, facsimile

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 12(b), CMI respectfully requests oral argument with respect to this motion. As grounds for their request, CMI states that this motion is related to CMI and Ellis' Motions to Dismiss the Cross Claim and Third Party Claim and oral argument will provide an opportunity to clarify any issues for the Court concerning any relationship between these claims and the claims raised in the Complaint. CMI estimates that the parties will require no more than ten minutes per party for argument.

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that a true and accurate copy of the above pleading was served via overnight mail this 9th day of December, 2005, to the following counsel of record:

David A. Wollin, Esq.
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

and
Jacqueline Camichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111
and

Todd M. Reed, Esq.
Edwards, Angell, Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

CharCretia V. Di Bartolo



34015904v1 859991

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS PHARMACY, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC.,<br>BENEFICIAL HEALTH SYSTEMS, INC.,<br>BENEFICIAL NUTRACEUTICALS, INC.,<br>INTEGRATED BIOPHARMA, INC., and<br>CONTEMPORARY MARKETING, INC.,<br><br>*Defendants.* | ) | CIVIL ACTION NO.: 05-171-T |

**DEFENDANT CONTEMPORARY MARKETING, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Defendant Contemporary Marketing, Inc. ("CMI") hereby submits the following memorandum in support of its motion to dismiss the Complaint.

## INTRODUCTION

This is an action for declaratory judgment in which the plaintiff, CVS Pharmacy, Inc. ("CVS"), seeks the court's assistance interpreting certain terms in a contract between it and the three Beneficial defendants: Beneficial Holdings, Inc., Beneficial Health Systems, Inc., and Beneficial Neutraceuticals, Inc. (collectively referred to as "Beneficial" in the Complaint). The Complaint includes CMI as a party even though, as alleged, CMI's involvement with the contract at issue was limited to contract negotiations. The Complaint does not allege that CMI is or ever was a party to the contract. Accordingly, the Complaint should be dismissed against CMI because the

counts, as alleged, fail to state an actual controversy between CVS and CMI upon which the Court could grant CVS relief against CMI.

**FACTS ALLEGED IN THE COMPLAINT**

By its Complaint, CVS alleges that CMI "is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 1569 Barclay Boulevard, Buffalo Grove, Illinois, 60089." (Complaint, ¶ 6). It further states that "[u]pon information and belief, CMI conducts business in this district, and was involved in the contract and transactions at issue in this matter." (Id., ¶ 14).

Under its "Facts Common To All Claims For Relief" section, CVS alleges that negotiations between it and Beneficial were "facilitated through Defendant CMI, a third party intermediary" and that "CMI advised Beneficial that CVS' payment terms would be 'pay on scan.'" (Id., ¶¶ 20-21). Further, CVS alleges that "CMI had a number of subsequent telephone conversations with Beneficial's principles, directors, and officers, whereby CMI reinforced the fact that CVS would only introduce WillpowerRX into its retail locations if payment was "pay on scan." (Id., ¶ 24). The Complaint then continues to describe the contract negotiations between CVS and Beneficial, the final contract terms, and performance under the contract. (See Complaint, ¶¶ 25-44). Except for the aforementioned allegations, CMI is not mentioned at any other point in the Complaint.

The Complaint includes three counts: (i) a count for declaratory relief to construe certain terms in the contract (Count I – Declaration that Payment Terms were "Pay on Scan"); (ii) a count to reform the contract (Count II – Reformation of Contract); and (iii) a count alleging breach of contract by Beneficial (Count III – Breach of Contract). The Complaint contains no counts asserting wrongdoing by CMI or, with respect to the

declaratory judgment count, suggesting a controversy between CMI and CVS. Importantly, the Complaint does not allege that CMI was a party to the contract at issue. Finally, the Complaint prays for no relief against CMI.

## ARGUMENT

### I. Standard of Review.

Pursuant to Fed.R.Civ.P. 12(b)(6), a complaint should be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *O'Neil v. Q.L.C.R.I., Inc.*, 750 F.Supp. 551, 553 (D.R.I. 1990), citing, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The pleading requirements, though 'minimal,' are not 'non existent.'" *Rumford Pharmacy, Inc. v. City of East Providence, et al.*, 970 F.2d 996 (1st Cir.1992) (interpreting a dismissal in the U.S. District Court for the District of Rhode Island) (citations omitted). "Modern notions of 'notice pleading' notwithstanding, a plaintiff...is nonetheless required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.* at 515 (emphasis omitted). The Complaint must be viewed in the light most favorable to the plaintiff. *O'Neil*, 750 F.Supp. at 553. Accordingly, the court must deny a motion to dismiss if the allegations prevent it from granting the plaintiff relief "on any theory, even one not expressly stated therein." *Id.* (citations omitted).

### II. The Complaint Against CMI Should Be Dismissed For Failure To State A Claim.

Pursuant to Fed.R.Civ.P. 12(b)(6), the Court should dismiss the Complaint against CMI because it fails to state a claim against CMI upon which the Court can grant relief.

The Court may allow such a motion if it appears that the plaintiff will be unable to recover upon any set of facts which may be inferred from the Complaint. *Roma Constr. Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir.1996). Applying this standard of review discussed above to the instant case requires that the Court grant CMI's motion to dismiss.

Beyond including CMI in the description of the parties and alleging a few facts about CMI's alleged involvement in contract negotiations between it and Beneficial, CVS fails to state any claim against CMI because there are no counts alleged against CMI and there are no prayers for relief against CMI. Instead, CVS brings this declaratory judgment action to settle a dispute between it and Beneficial over the interpretation of certain payment terms contained in their contract. Correctly, CMI is not alleged to be a party to the contract. Therefore, there is no live controversy between CVS and CMI for the court to issue a declaratory judgment.

A federal court cannot grant relief under the Declaratory Judgment Act without an "actual controversy." 28 U.S.C. § 2201; *Steffel v. Thompson*, 415 U.S. 452, 458-59 (1974). The First Circuit has created a two-part test to determine whether an actual controversy exists. *SCHS Associates v. Cuomo, et al.*, 139 F.Supp.2d 238, 252 (D.R.I. 2001), citing, *Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 692 (1st Cir.1994). First, the court should consider whether an issue is fit for review. *Id.* In this case, there is no issue for review between CVS and CMI because CMI is not a party to the contract. Rather, the issue for review is between CVS and Beneficial, as parties to the contract that forms the basis for the Complaint. Second, the court evaluates whether the "challenged action creates a direct and immediate dilemma for the parties." *Id.* Again,

here, there is no dilemma between CVS and CMI upon the face of the Complaint. Therefore, the Complaint fails to state a claim for declaratory judgment against CMI.

Further in the analysis, the First Circuit finds that "the 'linchpin of ripeness' [for a controversy] is adverseness," "establishing that the existence of an actual controversy under the Declaratory Judgment Act 'demands that the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (citations omitted). In this case, there is no controversy between CVS and CMI. CVS merely alleges that CMI assisted Beneficial with contract negotiations. CVS's claims concern the interpretation of a contract between CVS and Beneficial, not between CVS and CMI.[1] As a result, there is no live controversy between CVS and CMI.

At the most basic level, the Complaint establishes that CMI, an Illinois corporation, may be a non-party witness in this action. However, this is clearly an insufficient basis upon which to hold CMI in this case as a party. Because CVS fails to state an actual controversy or claim against CMI, the Complaint must be dismissed.

---

[1] The Complaint fails to allege that CMI entered into a contract with CVS. To form a valid contract in Rhode Island, each party must have the intent to be bound by the terms of the agreement. *Rhode Island Five v. Medical Associates of Bristol County, Inc.*, 668 A.2d 1250, 1253 (R.I.1996). "Under traditional contract theory, an offer and acceptance are indispensable to contract formation, and without such assent a contract is not formed." *Smith v. Boyd*, 553 A.2d 131, 133 (R.I.1989). For any contract to be enforceable, however, the parties must manifest their objective intent to be bound to the agreement. See, *McGrath v. Rhode Island Retirement Board By and Through Mayer*, 906 F.Supp. 749 (D.R.I.1995), aff'd, 88 F.3d 12 (1st Cir.1996); *National Education Association-Rhode Island v. Retirement Board of Rhode Island Employees' Retirement System*, 890 F.Supp. 1143 (D.R.I.1995); *Smith v. Boyd*, 553 A.2d 131 (R.I.1989). The Complaint alleges no offer and acceptance between CVS and CMI. Further, the Complaint fails to allege that either party "manifest[ed] their objective intent to be bound [by ***any***] agreement."

## CONCLUSION

For the foregoing reasons, CMI respectfully requests that the Court dismiss the Complaint against it because it fails to state a claim against CMI upon which relief may be granted.

Respectfully Submitted,
**Contemporary Marketing, Inc.**,
By its attorneys,

CharCretia V. Di Bartolo, Bar I.D. #5862
HINSHAW & CULBERTSON, LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700
(401) 454-8055, facsimile

## CERTIFICATE OF SERVICE

I, CharCretia V. Di Bartolo, hereby certify that a true and accurate copy of the above pleading was served via overnight mail on the 9th day of December, 2005, to the following counsel of record:

David A. Wollin, Esq.
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

and

Jacqueline Camichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

and

Todd M. Reed, Esq.
Edwards, Angell, Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

CharCretia V. Di Bartolo