RECEIVED
DEC 12 2005
Property of U.S. District Court
District of Rhode Island

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CVS PHARMACY, INC.

Plaintiff,

v.

BENEFICIAL HOLDINGS, INC.,
BENEFICIAL HEALTH SYSTEMS, INC.,
BENEFICIAL NUTRACEUTICALS, INC.
INTEGRATED BIOPHARMA, INC., and
CONTEMPORARY MARKETING, INC.

Defendants

v.

ED ELLIS,

Third Party Defendant.

CIVIL ACTION NO. 05-171T

**AFFIDAVIT OF MICHAEL OKUN**

I, Michael Okun, having been duly sworn, testify as follows:

1. I am the President of Contemporary Marketing, Inc. ("CMI") and reside in Illinois. I have personal knowledge of the matters alleged in this Affidavit and if called on to testify, would testify consistent with this Affidavit. The facts set forth in this Affidavit are true and correct to the best of my knowledge.

2. Attached hereto as Exhibit "A is a true and accurate copy of the Sales Representative Agreement between Beneficial Holdings, Inc. ("Beneficial") and CMI, which I signed on behalf of CMI.

3. Drafts of the Sales Representative Agreement were exchanged several times between Beneficial and CMI before the Agreement was signed. Attached hereto as Exhibit "B" is the first draft of the Agreement exchanged between the parties. Kari Moss of our office sent this Agreement to Beneficial's consultant, Darren Lopez, on or about March 2, 2004. *See Exhibit "B" (March 2, 2004 E-Mail from Kari Moss to pfs2btif@aol.com* addressed "Hi Darren"). Attached to that e-mail is a true and correct copy of the first draft of the Sales Representative Agreement sent to Beneficial.

4. Attached hereto as Exhibit "C" is a "redlined" version of the Sales Representative Agreement transmitted to CMI by Beneficial. I received this "redlined" version from Mr. Carmichael himself who transmitted it along with an e-mail his lawyer had sent him. True and correct copies of both the e-mail and the "redlined" draft are attached hereto as Exhibit "C".

5. In that "redlined" version of the Sales Representative Agreement, Beneficial deleted the Illinois forum selection clause and inserted a forum selection clause that would have designated Utah as the forum.

6. In response to this "redlined" draft from Beneficial, I specifically informed Mr. Carmichael that the changes that his lawyer had made to the forum selection clause (paragraph 6) needed to be changed back to designate Illinois as the forum. *See Exhibit "D" (June 18, 2004 E-mail from Michael Okun to Harvey Carmichael* insisting that "number 6 and 11 must stay as is ..."). As I pointed out, CMI would not move forward unless the contract was signed with the Illinois forum selection clause intact. "We need to have a signed contract or we cannot move forward with orders." *Id.*

7. Thus, the original and proposed Sales Representative Agreement designated Illinois as the forum selection of the parties and designated Illinois law to apply to any dispute. Beneficial "redlined" this provision out of the proposed Sales Representative Agreement and changed it to designate Utah as the designated forum and to apply Utah law to govern any dispute. In response, I told Beneficial that we would not go forward with the deal unless Beneficial changed the forum selection clause back to its original form designating Illinois as the chosen forum for any dispute.

8. The final Sales Representative Agreement signed by the parties changed the forum selection clause back to its original form, namely, designating Illinois as the forum selection of the parties and designating Illinois law to apply.

9. Beneficial had significant contact with Illinois before CMI and Beneficial signed the Sales Representative Agreement. In fact, Beneficial initiated the contact between Contemporary Marketing, Inc. ("CMI") by telephoning CMI in Illinois in approximately January, 2004 and requesting that CMI enter into a Sales Representative Agreement with Beneficial. There were several telephone calls to CMI from Beneficial's consultant, Darren Lopez, and at least one from Harvey Carmichael, President of Beneficial, to CMI in Illinois, each requesting and discussing whether CMI would enter a Sales Representative Agreement with Beneficial.

10. After the phone calls, Harvey Carmichael, Beneficial's President, flew to Illinois and met with CMI representatives at CMI headquarters in Buffalo Grove, Illinois, to negotiate the Sales Representative Agreement prior to the Sales Representative Agreement being signed.

11. Our Vice President of Sales, Ed Ellis, made only one trip to Utah and that trip occurred *after* the Sales Representative Agreement between CMI and Beneficial was signed. In fact, that trip occurred over a month after CVS had submitted purchase orders to Beneficial to purchase the product and the product had already been shipped.

12. On or about April 12, 2005, Beneficial filed a lawsuit captioned Beneficial Holdings, Inc. v. CVS Pharmacy, Inc., Contemporary Marketing, Inc., and Ed Ellis, Civil No. 0509 06727, in the state court in Utah (the "Utah Action"). CVS, CMI and Ellis subsequently removed the case to the United States District Court for the District of Utah (Central Division). [1]

13. The claims raised by Beneficial against CMI and Ellis in the Utah Action included fraud (Fifth Cause of Action), breach of fiduciary duty (Sixth Cause of Action), negligent misrepresentation (Seventh Cause of Action), intentional interference with contractual relations (Eighth Cause of Action) and intentional interference with prospective economic advantage (Ninth Cause of Action).

14. CMI and Ellis moved to dismiss the Utah Action on the basis of the forum selection clause. The Court granted CMI and Ellis' motion by order dated October 19, 2005. A true and accurate copy of the Court's Order is attached hereto as Exhibit F.

Dated this 6th day of December, 2005.

Michael Okun

[1] Due to Amended General Order #2002-01 of the United States District Court for the District of Rhode Island, which restricts the page number of exhibits to a total of 5, the Notice of Removal with attached Complaint is not attached hereto, but will be supplied to the Court at the Court's request.

Signed under the penalties of perjury before me this 6th day of December, 2005.

"OFFICIAL SEAL"
J.N. ALPERSTEIN
Notary Public, State of Illinois
My Commission Expires 2/10/2008

Notary Public

I hereby certify that on this 9th day of December, 2005, I served the foregoing document by causing a copy of same to be ~~mailed, postage prepaid, hand delivered~~ overnight deliv to all counsel of record.

ChiarCatia DiBartolo



34015884v1 NEWFILE