FILED
U.S. DISTRICT COURT
2005 MAY 24 P 3: 4
DISTRICT OF UTAH
BY: DEPUTY CLERK

CALLISTER NEBEKER & McCULLOUGH
MARK L. CALLISTER (6709)
Gateway Tower East Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

ALLYN & FORTUNA LLP
NICHOLAS FORTUNA (*Pro Hac Vice Admission Pending)*
JESSE A. KAPLAN (*Pro Hac Vice Admission Pending)*
200 Madison Avenue, 5th Floor
New York, New York 10016-3903
Telephone: (212) 213-8844
Facsimile: (212) 213-3318

Attorneys for Defendant CVS Pharmacy, Inc.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BENEFICIAL HOLDINGS, INC., a Nevada corporation, dba BENEFICIAL HEALTH SYSTEMS,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a foreign corporation, CONTEMPORARY MARKETING, INC., a foreign corporation, and ED ELLIS, an individual,<br><br>Defendants. | **AFFIDAVIT OF THOMAS SULLIVAN**<br><br>Civil No. 2:05CV0439TS<br><br>Judge Ted Stewart |

STATE OF RHODE ISLAND )
)ss.:
COUNTY OF PROVIDENCE )

Thomas Sullivan, being duly sworn, states as follows:

1. I am employed as a Category Manager for CVS Pharmacy Inc. ("CVS"), the defendant in the above-captioned action. I make this affidavit in support of CVS' motion: (a) pursuant to F.R.C.P. 12(b)(2) to dismiss the complaint herein for lack of personal jurisdiction over CVS; (b) pursuant to F.R.C.P. 12(b)(3)to dismiss the complaint for improper venue; and (c) to dismiss the complaint pursuant to the "first filed" rule. In the alternative, this action should be transferred to the United States District Court of the District of Rhode Island pursuant to 28 U.S.C.A. § 1404.

2. I am fully familiar with the facts set forth herein, except where stated upon information and belief, and as to those matters, I believe them to be true.

**Background**

3. On or about April 12, 2005 plaintiff Beneficial Holdings, Inc., dba Beneficial Health Systems ("Beneficial") commenced this action against Defendants CVS, Contemporary Marketing, Inc., ("CMI") and Ed Ellis in the Third Judicial District Court, Salt Lake County, State of Utah. Upon information and belief, this action arises out of a number of purchase orders allegedly provided by CVS to Beneficial.

4. Plaintiff Beneficial is allegedly a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Salt Lake City, Utah.

5. Defendant CVS is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located at 1 CVS Drive, Woonsocket, Rhode Island 02895.

6. Upon information and belief CMI is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois.

**Beneficial's Action Against CVS Does Not Arise Out Of And Has No Connection To Utah**

7. CVS operates retail drug stores and pharmacies under the trade name "CVS."

8. CVS has a longstanding relationship with CMI, whereby CMI solicits various products to CVS for introduction into CVS' retail locations.

9. CMI acts as a sales representative and/or broker on behalf of numerous entities. CMI, as a sales representative and/or broker, attempts to introduce its client's products to various retailers, including but not limited to, CVS. Upon information and belief, Ed Ellis is an employee and/or agent of CMI.

10. CMI is Beneficial's sales representative and broker.

11. On or about June 21, 2004, CMI entered into a "Sales Representative Agreement" with Beneficial. CVS is not a party to this agreement. Based on this agreement, Beneficial appointed CMI as Beneficial's exclusive sales agent for a number of products, including WillpowerRX. Based on this agreement, CMI was to conduct all sales negotiations on Beneficial's behalf. Based on this agreement, CMI was responsible for taking all purchase orders from buyers.

12. Pursuant to the Sales Representative Agreement, the laws of the State of Illinois were to govern all disputes between CMI and Beneficial. Additionally, pursuant to the Sales

Representative Agreement, any legal action between CMI and Beneficial was to be brought in the Circuit Court of Cook County, Illinois.

13. In or about April 2004, Ed Ellis and CMI contacted me regarding a product called WillpowerRX and inquired into whether CVS would be interested in carrying WillpowerRX at CVS' retail locations.

14. CMI initiated all discussions between CMI and CVS regarding WillpowerRX. CVS never solicited or contacted either Beneficial or CMI regarding WillpowerRX or any other product or service that Beneficial may offer.

15. After expressing interest in WillpowerRX, I met with Ed Ellis at my Woonsocket, Rhode Island office on approximately three to four occasions regarding, among other things, introducing WillpowerRX into CVS' retail locations, and CVS' terms and conditions. Mr. Harvey Carmichael, Beneficial's president, may have been present during one of these meetings.

16. Other than possibly that one meeting, Beneficial, its employees, officers, and directors, were never present and never participated in any of the meetings and/or discussions between CMI and CVS. Moreover, CVS never communicated or corresponded directly with Beneficial.

17. CMI, rather than CVS, was involved in any an all discussions that allegedly occurred with Beneficial, its officers, or employees regarding CVS carrying WillpowerRX. CVS was never present at any meetings Beneficial allegedly had with CMI and never sent any representatives to Utah.

18. In fact, the only correspondence that CVS ever received from Beneficial was a proposal letter dated June 24, 2004 that as alleged by Beneficial, CMI forwarded to CVS.

19. Subsequently, between July 2004 and January 2005, CVS sent approximately ninety-two (92) purchase orders to CMI for WillpowerRX. CVS prepared and executed these purchase orders in Rhode Island. CVS always sent the purchase orders to CMI in Illinois and never to Beneficial.

20. Upon information and belief, CMI then forwarded these purchase orders to Beneficial with a CMI coversheet and CMI purchase order confirmation.

21. Performance under the purchase orders also occurred outside Utah.

22. WillpowerRX was exclusively manufactured in the State of New York, by Manhattan Drug Company, Inc. ("Manhattan"). Upon information and belief, Manhattan, is neither owned by nor affiliated with Beneficial. After being manufactured in New York, Manhattan shipped the WillpowerRX to CVS at various locations outside of Utah. CVS did not take title to the WillpowerRX until it reached CVS.

23. CVS' performance under the purchase orders, namely payment when appropriate, occurred within Rhode Island.

24. Accordingly, this action does not involve or arise out of events occurring in or relating to Utah. CVS and the CVS' purchase orders at issue in this action have no connection to Utah as they were negotiated in Rhode Island, executed in Rhode Island, and performance under the purchase orders occurred in Rhode Island and New York. Moreover, not only was Beneficial not involved in any performance under the purchase orders, but its participation in the negotiations with CVS was nominal at best.

Further affiant sayeth not.

DATED this 20 day of May, 2005.

Thomas Sullivan
THOMAS SULLIVAN

STATE OF Rhode Island )
) ss.
COUNTY OF Providence )

Subscribed, sworn to and acknowledged before me by Thomas Sullivan whose identity is known to me or proven to me on the basis of satisfactory evidence, this 20th day of May, 2005.

NOTARY PUBLIC

Kathleen L. Burt
State of Rhode Island
My Commission Expires 1-22-06