IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BENEFICIAL HOLDINGS, INC., a Nevada corporation, dba BENEFICIAL HEALTH SYSTEMS,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC,, a foreign corporation, CONTEMPORARY MARKETING, INC., a foreign corporation, and ED ELLIS, an individual,<br><br>Defendants. | Case No. 2:05-cv-00439 |

Transcript of Motion to Dismiss

BEFORE THE HONORABLE TED STEWART

October 3, 2005

Mindi Powers, RPR
100305MP

ALPHA COURT REPORTING SERVICE
P.O. BOX 510047
SALT LAKE CITY, UTAH
Phone: (801) 532-5645
Fax: (801) 595-8910

Appearances of Counsel:

For the Plaintiff:
James E. Morton
Jacquelynn D. Carmichael
EISENBERG, GILCHRIST & MORTON
215 South State Street, Suite 900
Salt Lake City, Utah 84111

For the Defendant (CVS):
Mark L. Callister
CALLISTER, NEBEKER & MCCULLOUGH
Gateway Tower East, Suite 900
10 East South Temple
Salt Lake City, Utah 84133

For the Defendant (CMI and Ed Ellis):
John P. Mullen
ANDERSON & KARRENBERG
50 West Broadway, #700
Salt Lake City, Utah 84101

to take, and that alone would satisfy the Riley v. Kingsley standard that is relied upon by Mr. Ellis and CMI.

So my suggestion, Your Honor, is again, if there is a recognition of the validity of this forum selection clause, that CMI can be dismissed, and if possible refiled in the State of Illinois. On the other hand, CVS is a party which did purposely avail itself of the laws of this state, and at this point in time, Beneficial should have its day in court. It won't have its day in court if this case is transferred and if, in fact, Beneficial prevails against CVS, there will be another day that we can pursue CMI if necessary in Illinois.

THE COURT: Thank you, Mr. Morton.

MR. MORTON: Thank you very much.

THE COURT: Mr. Mullen, do you have anything else?

MR. MULLEN: Your Honor, I have nothing unless the court has questions.

THE COURT: I don't. Thank you.

The Court, counsel, will rule as follows: First with the motion to dismiss brought by CVS Pharmacy's motion under Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. Plaintiff carries the burden of establishing personal jurisdiction over the defendant. "To obtain personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the

exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." That comes from the case Soma Medical International v. Standard Chartered Bank, 196 F.3d 1292, a Tenth Circuit decision from 1999. In the case of Systems Designs, Inc. v. New Customward Company, 248 F.Supp.2d, 1093, this was a Utah case from 2003, it was stated, "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."

To satisfy the constitutional requirement of due process there must be minimum contacts between the defendant and the forum state. That comes from the United States Supreme Court decision of 1980, World-Wide Volkswagen Company v. Woodson, 444 U.D. 286. "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, plaintiff need only make a prima facie showing." The comes from Bell Helicopter Textron, Inc. v. Heliqwest International Limited, 385 F.3d 1291, Tenth Circuit decision, 2004.

Further, from the case of Kennedy v. Freeman, 919 F.2d 126, a Tenth Circuit decision of 1990, "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor."

The minimum contacts standard may be met by a finding, either general jurisdiction or specific jurisdiction. In this case, Beneficial asserts the Court has specific jurisdiction. When the defendant has purposely directed his activities at residents of the forum courts in that state may exercise specific jurisdiction in cases that arise out of or relate to those activities. That statement comes from Burger King v. Rudzewicz, 471 U.S. 462, 1985 U.S. Supreme Court decision.

"In order for the Court to find specific jurisdiction, there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." That comes from Hanson v. Denckla, D-E-N-C-K-L-A, 1958 U.S. Supreme Court decision at 357 U.S., 235.

"Generally speaking, specific jurisdiction must be based on actions by the defendant and not on events that are the result of unilateral actions taken by someone else." That comes from Bell Helicopter. Here CVS's contacts with Utah are limited. CVS gave its purchase orders to CMI in Illinois. CMI then sent those purchase orders from Illinois to Utah. Beneficial would then fill those orders with products manufactured in Utah, and elsewhere, and then would ship them directly to CVS. Plaintiff invoiced CVS from the New Jersey

address. CVS made payments to Illinois from New Jersey because Beneficial's payment address was not in Utah. And, on occasion, CVS returned products to Utah. CVS did not maintain offices in Utah and it did not have employees or agents in Utah. At all times CVS worked through CMI.

Beneficial relies heavily on a case from the Utah Supreme Court, SII MegaDiamond, Inc. v. American Superabrasives Corporation. That case is distinguishable from the case currently before the Court. In SII, the defendant placed orders in Utah, made payments to Utah and received shipments from Utah. Here CVS placed orders in Illinois, was invoiced from New Jersey, made payments to New Jersey, received shipments from Utah, and returned damaged shipments to Utah. In the Court's view, those contacts are insufficient for this Court to maintain personal jurisdiction over CVS. Therefore, CVS Pharmacy's motion to dismiss is granted. As a result, the other arguments made by CVS are moot and need not be discussed.

As to defendants CMI and Ellis's motion to dismiss under Rule 12(b)(3), the sales representative agreement entered into by Beneficial and CMI contained a forum selection provision which stated that "the sole venue for bringing any legal action hereunder shall be in the Circuit Court of Cook County, Illinois."

The Supreme Court has stated that a forum clause

should control absent a strong showing that it should be set aside. That comes from M/S Bremen v. Zapata Off-Shore Company, 407 U.S. 1, from 1972. The Tenth Circuit has stated that "forum selection provisions are prima facie valid and a party resisting enforcement carries the heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that in enforcement would be unreasonable, unjust under the circumstances."

In Riley v. Kingsley Underwriting Agencies, Ltd, 969 F.2d 953, Tenth Circuit decision from 1992, from that same case the following, "Only a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice, would be sufficient to defeat a contractual forum selection clause." Id. at 958. "In order to show that the forum selection clause is unreasonable, the moving party must clearly show either that, first, the forum selection clause is invalid for fraud or overreaching," something that is not alleged here, "or forcing the moving party to proceed in a selected forum will be so gravely difficult and inconvenient that the clause, for all practical purposes, will deprive the moving party of his or her day in court." Those two standards come from the case Zions First National Bank v. Allen, 688 F.Supp 1495, a case in this district in 1988.

Beneficial has not met the burden placed upon it in

order for the Court to ignore the forum selection clause. The clause was specifically addressed in negotiations between Beneficial and CMI. Beneficial asserts that it will be denied their day in court if the provision is enforced. An Illinois court will be able to hear this case. And while it may be more costly for Beneficial to litigate this case in Illinois, Beneficial has failed to provide sufficient evidence that it will be unable to do so. The Court would further note that Illinois as well as Utah has an interest in this case. CMI is an Illinois corporation with its headquarters located in Buffalo Grove, Illinois. Further, many of the relevant contacts occurred in Illinois. This is not a case where the forum chosen in the forum selection clause has no connection to the parties or the subject matter.

The Court finds also that the forum selection clause applies to defendant Ellis for the reasons argued by defendant's memorandum and plaintiff has so stipulated, for those reasons, defendant CMI and Ellis's motion to dismiss is granted.

Mr. McCallister and Mr. Mullen, I request that you draft orders reflecting the Court's ruling and submit them to Mr. Morton for approval as to form and then to the Court. Are there any questions, counsel?

MR. MULLEN: No. Thank you, Your Honor.

(The matter was concluded.)