UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171 T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |
| Defendants | : | |

**DEFENDANT BENEFICIAL HOLDINGS, INC'S OBJECTION TO THE CONSENT MOTION TO VOLUNTARILY DISMISS PLAINTIFF'S ACTION AGAINST DEFENDANT CONTEMPORARY MARKETING, INC.**

Defendant Beneficial Holdings, Inc. d/b/a Defendant Beneficial Health Systems (hereinafter "Beneficial") hereby objects to the consent motion of Plaintiff CVS Pharmacy, Inc. ("CVS") to dismiss CVS's action against Defendant Contemporary Marketing, Inc. with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The grounds for this objection are set forth in the accompanying memorandum of law.

Dated: January 24, 2006

Respectfully submitted,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Beneficial Holdings, Inc.*
*Beneficial Health Systems, Inc.,*
*Beneficial Nutraceuticals, Inc. and*
*Integrated Biopharma, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2006, a copy of the foregoing was hand-delivered to:

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, R.I. 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

and a copy of the foregoing was mailed, U.S. first class postage, to the following:

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

*369092_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. Plaintiff, | : | |
| v. | : | C.A. No. 05-CV-171 T |
| BENEFICIAL HOLDINGS, INC., et al. Defendants | : | |

**DEFENDANT BENEFICIAL HOLDINGS, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO THE CONSENT MOTION TO VOLUNTARILY DISMISS PLAINTIFF'S ACTION AGAINST DEFENDANT CONTEMPORARY MARKETING, INC.**

Defendant Beneficial Holdings, Inc. d/b/a Defendant Beneficial Health Systems (hereinafter "Beneficial") hereby submits this memorandum of law in support of its objection to the consent motion of Plaintiff CVS Pharmacy, Inc. ("CVS") to dismiss CVS's action against Defendant Contemporary Marketing, Inc. ("CMI") with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

**ARGUMENT**

The crux of this case is that Plaintiff CVS ordered approximately $1.3 million of product called WillpowerRX™ from Beneficial through purchase orders negotiated on Beneficial's behalf by its agent, CMI. Those purchase orders contained explicit payment terms of 2% 30, Net 31 (hereinafter "Net 31") -- which indisputably means that CVS must pay for all the product its purchases within 31 days (and will receive a 2% discount if it pays within 30 days or less) -- but CVS now refuses to pay for the full cost, instead paying merely $100,807.42. CVS brought this lawsuit here in Rhode Island against Beneficial, CMI and others, seeking to avoid having to pay

in accordance with the terms of CVS's own purchase orders. Now, however, CVS seeks dismissal of CMI pursuant to Fed. R. Civ. P. 41(a)(2) after having entered into a secret settlement agreement with CMI "pursuant to which CVS and CMI have agreed that CVS' action against CMI will be voluntarily dismissed with prejudice." CVS's Memorandum of Law in Support of Its Motion to Voluntarily Dismiss Its Action Against Defendant Contemporary Marketing, Inc. (Jan. 17, 2006) at 1. The Court should reject the consent motion at this time.

Fed. R. Civ. P. 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The purpose of Rule 41(a)(2) is to permit the plaintiff, with approval of the court, voluntarily to dismiss an action so long as no other party will be prejudiced. *Doe v. Urohealth Systems, Inc.*, 216 F.3d 157, 160 (1st Cir. 2000). However, dismissal of CMI with prejudice at this time would be prejudicial to Beneficial.

Beneficial has asserted substantial cross-claims against CMI arising out of its misconduct as well as substantial counterclaims (along with Integrated Biopharma) against CVS which implicates CMI's misdeeds. A dismissal with prejudice, particularly in the face of secret terms of a settlement agreement, should not be allowed to prejudice these claims against CMI or CVS either through collateral estoppel, res judicata or otherwise. Neither the Court nor Beneficial knows the terms of the secret settlement agreement between CVS and CMI and, more importantly, the potential negative consequences to Beneficial or others from a dismissal of CMI with prejudice at this time. Beneficial, through counsel, has requested a copy of the CVS-CMI settlement agreement, but so far it has not been forthcoming.

Moreover, CMI should remain in this lawsuit because Beneficial's cross-claim against CMI is interrelated to the claims and counterclaims between Beneficial and CVS. As outlined in Beneficial's memorandum of law in support of its objection to CMI's motion to dismiss Beneficial's cross-claim (filed January 13, 2006), the allegations contained in the cross-claim are entwined with the allegations of CVS's complaint against the defendants (including CMI) and Beneficial's counterclaims against CVS. Beneficial incorporates by reference its arguments set forth in that memorandum of law. Beneficial alleges in the cross-claim that CMI has been dishonest about the representations made to Beneficial. Instead of supporting Beneficial and acting as Beneficial's agent to require CVS to honor the terms of its purchase orders, CMI has betrayed Beneficial and sought to interfere with Beneficial's Net 31 contract with CVS. CVS's consent motion, if granted, potentially could prejudice Beneficial by hindering its ability to prosecute its claims against CMI in this forum. Not only is CMI an integral part of this case, but CMI's dismissal from the lawsuit would be a gross waste of the parties' and the courts' resources and would create a significant risk of inconsistent rulings in two separate courts, if Beneficial were required to litigate its ancillary cross-claim against CMI in another state while simultaneously defending against CVS's claims and prosecuting its own counterclaims in this forum.

Whether under the Declaratory Judgment statute, 28 U.S.C. § 2201, or under common law principles, CMI is a significant party concerning CVS's obligations under the purchase orders and has an interest in the outcome of the dispute between CVS and Beneficial. CMI negotiated the explicit terms of the purchase orders for Beneficial and now seeks to run away from the Net 31 payment terms. If, as CVS contends, the Court should declare that the Net 31

terms do not apply, then CMI has acted contrary to its agency agreement with Beneficial and in an *ultra vires* manner, subjecting it to liability to Beneficial. Clearly, under these circumstances, CMI is a vital and significant party to these proceedings and should not be dismissed, particularly under terms that have been kept from the Court and the other parties.

Lastly, CVS does not offer a single reason in its papers in support of dismissing CMI, whether with or without prejudice. CVS has an obligation to justify the dismissal, including a dismissal with prejudice. *See Doe*, 216 F.3d at 160 (one factor the court should consider when deciding to voluntarily dismiss a party or case is whether there has been an explanation for the requested dismissal). CVS believed it had satisfied its good faith obligations to sue CMI in the first place, and therefore there is no reason why it should not be required at this time to explain why such a drastic result is warranted.

At bottom, CMI should not be dismissed from this case with prejudice unless and until an order is entered preserving Beneficial's claims against CMI and CVS and allowing Beneficial to proceed with its cross-claim against CMI in this forum. *See Heiser v. Association of Apartment Owners of Polo Beach Club*, 848 F. Supp. 1482, 1488-89 (D. Haw. 1993) (allowing dismissal only after cross-claim is allowed to proceed in the forum).

**CONCLUSION**

For the foregoing reasons, Defendant Beneficial Holdings, Inc. d/b/a Defendant Beneficial Health Systems respectfully requests that the Court deny the consent motion of Plaintiff CVS Pharmacy, Inc. to dismiss CVS's action against Defendant Contemporary Marketing, Inc. with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Dated: January 24, 2006

Respectfully submitted,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Beneficial Holdings, Inc.*
*Beneficial Health Systems, Inc.,*
*Beneficial Nutraceuticals, Inc. and*
*Integrated Biopharma, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2006, a copy of the foregoing was hand-delivered to:

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, R.I. 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

and a copy of the foregoing was mailed, U.S. first class postage, to the following:

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

369094_1.doc