UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171 T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |
| Defendants | : | |

**MOTION OF BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC. AND INTEGRATED BIOPHARMA, INC. FOR PARTIAL SUMMARY JUDGMENT**

Defendants Beneficial Holdings, Inc. Beneficial Health Systems, Inc. and Beneficial Nutraceuticals, Inc. (hereinafter collectively "Beneficial") and Defendant Integrated Biopharma, Inc. respectfully move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment in their favor on counts 1, 2 and 9 of Beneficial's counterclaim asserting claims for declaratory relief, breach of contract and book account, respectively, and counts 1, 2 and 8 of Integrated Biopharma's counterclaim asserting the same claims. Further, they move for partial summary judgment on Plaintiff CVS Pharmacy, Inc.'s related claim in count 1 asserting a claim for declaratory relief.

The grounds for this motion are set forth in the accompanying memorandum of law, Rule 56(a)(1) Statement of Undisputed Material Facts, Declaration of Harvey Carmichael and supporting exhibits.

Dated: January 24, 2006

Respectfully submitted,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Beneficial Holdings, Inc. Beneficial Health Systems, Inc., Beneficial Nutraceuticals, Inc. and Integrated Biopharma, Inc.*

**ORAL ARGUMENT REQUESTED**

Beneficial respectfully requests oral argument on the instant motion and believes that a half hour will be sufficient time.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2006, a copy of the foregoing was hand-delivered to:

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, R.I. 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

and a copy of the foregoing was mailed, U.S. first class postage, to the following:

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

David A. W[illegible]

*366240_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC.<br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC., et al.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-CV-171 T |

**MEMORANDUM OF LAW OF BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, BENEFICIAL NUTRACEUTICALS, INC. AND INTEGRATED BIOPHARMA, INC. IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Beneficial Holdings, Inc., Beneficial Health Systems and Beneficial Nutraceuticals, Inc. (hereinafter collectively "Beneficial") and Defendant Integrated Biopharma, Inc. respectfully submit this memorandum of law in support of their motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment in their favor on counts 1, 2 and 9 of Beneficial's counterclaim asserting claims for declaratory relief, breach of contract and book account, respectively, and on counts 1, 2 and 8 of Integrated Biopharma's counterclaim asserting the same claims. Further, they seek partial summary judgment on Plaintiff CVS Pharmacy, Inc.'s ("CVS") related claim in count 1 asserting a claim for declaratory relief.

## INTRODUCTION

The crux of this case is that CVS ordered $1.3 million of product called WillpowerRX™ from Beneficial through purchase orders based on payment terms of 2% 30, Net 31 (hereinafter "Net 31") -- which indisputably means that CVS must pay for all the product its purchases within

31 days (and will receive a 2% discount if it pays within 30 days or less) -- and now refuses to pay for the full cost, instead paying merely $100,807.42. Beneficial and Integrated Biopharma, which is the product manufacturer that has been assigned a large portion of the CVS receivables from Beneficial, now move for partial summary judgment in their favor on 55 of the 108 purchase orders, accounting for $1,103,328 of payments due and owing.[1]

As discussed below, there is no factual dispute that: 1) CVS issued the 55 purchase orders to Beneficial for WillpowerRX™; 2) the purchase orders explicitly stated the payment terms were Net 31; 3) Beneficial accepted the orders through written acknowledgement and by filling the orders; and 4) CVS has not paid fully for the product it received pursuant to these purchase orders. Based on these facts, Beneficial and Integrated Biopharma are entitled to summary judgment because, as a matter of law, a contract was created between CVS and Beneficial on each purchase order obligating CVS to pay for the product based on Net 31 terms, and CVS breached that contract by failing to pay in accordance with those terms.

Accordingly, Beneficial and Integrated Biopharma are requesting that the Court enter summary judgment in their favor on counts 1, 2 and 9 of Beneficial's counterclaim asserting claims for declaratory relief that Net 31 is the requisite payment term, breach of contract and book account, respectively, and counts 1, 2 and 8 of Integrated Biopharma's counterclaim

---

[1] The remaining 53 purchase orders that followed the original 55, accounting for $280,800, are silent concerning payment terms. It is the position of Beneficial and Integrated Biopharma that the payment terms of Net 31 in the original 55 purchase orders establish through a course of dealing the payment terms for these latter 53 orders. *See* Utah UCC § 70A-1-205(1) ("A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct."); 70A-1-205(3) ("A course of dealing between parties . . . "give[s] particular meaning to and supplement[s] or qualify[ies] terms of an agreement."); 70A-2-208(2) ("The express terms of the agreement and any such course of performance, as well as any course of dealing and usage of trade, shall be construed whenever reasonable as consistent with each other"). Nonetheless, at this time, the latter 53 purchase orders are not the subject of the present summary judgment motion.

asserting the same claims. Concomitantly, they are seeking partial summary judgment in their favor on count 1 of CVS's complaint asserting a claim for declaratory relief that CVS is only liable to pay based not on Net 31 but "pay on scan" -- that is, only if those products actually were sold by CVS in their individual stores -- even though "pay on scan" contradicts the explicit Net 31 terms and appears no where in the purchase orders.

## PLEADINGS AND DESCRIPTION OF MOTION

Defendant Beneficial is seeking partial summary judgment on counts 1 (declaratory judgment), 2 (breach of contract) and 9 (book account) of its counterclaim against CVS. *See* Answer & Counterclaim (Nov. 16, 2005) at ¶¶ 1-58, 88-90. All three counts raise the same factual and legal issue – is CVS liable to pay for the product it received based on the explicit payment term of Net 31 specified in the 55 purchase orders.

Defendant Integrated Biopharma, as purchaser of a portion of the CVS receivables, is seeking partial summary judgment on counts 1 (declaratory judgment), 2 (breach of contract) and 8 (book account) of its counterclaim against CVS. *See* Answer & Counterclaim (Nov. 16, 2005) at ¶¶ 1-40, 66-68. As with Beneficial, all three counts raise the same factual and legal issue – is CVS liable to pay for the product it received based on the explicit payment term of Net 31 specified in the 55 purchase orders.

Defendants Beneficial and Integrated Biopharma also move for partial summary judgment in their favor on count 1 of CVS's complaint. Complaint (April 22, 2005) at ¶¶ 16-48. Count 1 seeks a declaration that the payment terms between CVS and Beneficial were "pay on

scan," not Net 31, and that the Net 31 terms in the purchase orders materially alter the "pay on scan" agreement between the parties and therefore are not a part of it.

As for relief, Beneficial and Integrated Biopharma seek summary judgment in their favor and against CVS on 55 of the 108 purchase orders in the total amount of $1,103,328 (minus any credits for amounts already paid by CVS), plus accrued interest at the maximum legal rate.

## FACTS

Defendant Beneficial Holdings, Inc. (d/b/a Defendant Beneficial Health Systems) is a Nevada corporation headquartered and doing business in Salt Lake City, Utah. Undisputed Fact 1. Beneficial Holdings, Inc. hired Contemporary Marketing, Inc. ("CMI") as its agent to negotiate the sale of Beneficial's product, WillpowerRX™, with CVS. Undisputed Fact 2. The Sales Representative Agreement between Beneficial Holdings, Inc. and CMI provides that all purchase orders taken from buyers by CMI are subject to confirmation by Beneficial Holdings, Inc., and that CMI is prohibited from obligating or committing Beneficial Holdings, Inc. to the sale or delivery of product without Beneficial Holding, Inc's authorization and direction. Undisputed Fact 3. Specifically, paragraph 3 of the Sales Representative Agreement provides in pertinent part as follows:

> **Purchase Order Confirmation**. All purchase orders taken from buyers by Broker [CMI] shall be subject Principal's [Beneficial Holding, Inc.'s] confirmation, and it is understood that Broker will not obligate or commit Principal to the sale or delivery of products without Principal's authorization and direction.

Undisputed Fact 3.

Following CMI's negotiations with CVS on Beneficial's behalf, CVS issued the following purchase orders to Beneficial for purchase of WillpowerRX™: 4780220, 1171369, 2652258, 3196050, 5694346, 7661905, 8660958, 6742908, 1643006, 1172093, 1643418, 2653021, 3196559, 4780857, 5694796, 6743481, 7662304, 8661351, 1643971, 1173196, 4781889, 7662859, 2654169, 3197366, 8661970, 5695490, 6744393, 1645399, 1177413, 2658306, 5698166, 7665377, 1646374, 4786038, 8664454, 3200227, 6748240, 1177798, 2658576, 5698321, 8664624, 1646511, 3200505, 7665559, 4786302, 6748490, 3201056, 7666236, 3201568, 5699256, 7666395, 8665493, 6749916, 2660779, 1180110. Undisputed Fact 4. Significantly, each of the purchase orders provides that the payment terms are 2 % 30 Net 31 ("Net 31"), which means that CVS must pay for all the product its purchases within 31 days (and will receive a 2% discount if it pays within 30 days or less). Undisputed Fact 5.[2]

Beneficial Holdings, Inc. accepted the purchase orders in Utah by executing a written purchase order confirmation on a form prepared by CMI. Undisputed Fact 6. Each purchase order confirmation, entitled "P.O. Confirmation," listed the purchase orders by number, the date required for delivery and a confirmation request seeking acceptance through the signature of Beneficial's President, Harvey Carmichael. Undisputed Fact 6. Upon receipt and confirmation of the purchase orders by Beneficial Holdings, Inc., the requested amount of WillpowerRX™ was shipped to and received by CVS. Undisputed Fact 7.

The "Terms and Conditions" of each purchase order provide that the purchase order is the final, complete and exclusive statement of the terms of the agreement of the parties. Undisputed

[2] The purchase orders were sent to Beneficial Holding, Inc.'s agent, CMI, in Illinois and then forwarded by CMI to Beneficial Holding, Inc. in Utah. Affidavit of Harvey Carmichael (Jan. 18, 2006) at ¶ 6.

Fact 8. Specifically, paragraph 1 of the "Terms and Conditions" provides in pertinent part as follows:

> This contract is intended as the final, complete and exclusive statement of the terms of the agreement of the parties, except that merchandise shall conform to any affirmations of fact or promise, any descriptions and any samples or models shown or made to Purchaser, whether or not such affirmations, descriptions or samples are otherwise contained or referred to herein, and such affirmations, descriptions and samples shall constitute part of the basis of the bargain between Purchaser and Seller.

Undisputed Fact 8. Further, the "Terms and Conditions" provide that, in case of conflict between the terms and conditions of the purchase order and any terms or conditions on or in any confirmation, acknowledgement, sale or invoice form of Seller or any correspondence pertaining to any of these or the merchandise, the terms and conditions of the purchase order shall control. Undisputed Fact 9. Specifically, paragraph 1 of the "Terms and Conditions" provides in pertinent part as follows:

> In case of conflict between the terms and conditions of this agreement and any terms or conditions on or in any confirmation, acknowledgment, sale or invoice form of Seller, or any correspondence pertaining to any of these or the merchandise, the terms and conditions of this agreement shall control.

Undisputed Fact 9.

The total cost of the WillpowerRX™ as reflected in the purchase orders is $1,103,328. Undisputed Fact 10. However, CVS has only paid Beneficial Holdings, Inc. and/or Integrated Biopharma a total of $100,807.42 for the WillpowerRX™ it purchased. Undisputed Fact 11.

Integrated Biopharma has been assigned from Beneficial Holdings, Inc. a portion of the accounts receivables due from CVS, and as of December 20, 2005, in connection with these receivables, Beneficial owes Integrated Biopharma the amount of $626,801.18. Undisputed Fact 12.

**ISSUE**

Based on the undisputed fact that: 1) CVS issued 55 purchase orders to Beneficial for WillpowerRX™; 2) the purchase orders explicitly stated the payment terms were Net 31; 3) Beneficial accepted the orders through written acknowledgement and by filling the orders; 4) CVS has not paid fully for the product it received pursuant to these purchase orders, and 5) Integrated Biopharma has been assigned a large portion of the accounts receivables due from CVS, are Beneficial and Integrated Biopharma entitled to summary judgment on these 55 purchase orders because, as a matter of law, a contract was created between CVS and Beneficial on each purchase order obligating CVS to pay for the product based on Net 31 terms, and CVS breached that contract by failing to pay in accordance with those terms?

**POINTS AND AUTHORITIES**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment may be sought by a claimant or a defending party concerning a claim, counterclaim, or cross-claim or to obtain a declaratory judgment and "upon all or any part thereof." Fed. R. Civ. P. 56(a) & (b).

A party seeking to establish a genuine issue of material fact must offer more than effusive rhetoric and optimistic surmise. *Depoutot v. Raffaelly*, 424 F.3d 112, 117 (1st Cir. 2005). Rather, a party must demonstrate, through submissions of evidentiary quality, that a trialworthy

issue persists. *Id.* Material facts are those that possess the capacity to sway the outcome of the litigation under the applicable law. *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir. 1997). "Factual specificity is required; a conglomeration of 'conclusory allegations, improbable inferences, and unsupported speculation' is insufficient to discharge the nonmovant's burden." *Depoutot*, 424 F.3d at 117 (citation omitted).

Based on the undisputed facts, Beneficial and Integrated Biopharma are entitled to partial summary judgment as a matter of law.

## I. UTAH LAW APPLIES TO THE 55 PURCHASE ORDERS

A federal court sitting in diversity must apply the choice of law rules of the forum in which it sits. Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-97 (1941). Rhode Island's conflict-of-laws doctrine provides that the law of the state where the contract was executed governs. *DeCesare v. Lincoln Benefit Life Co.*, 852 A.2d 474, 484 (R.I. 2004). As the Rhode Island Supreme Court has noted, "Acceptance of the offer, *Tim Hennigan Co. v. Anthony A. Nunes, Inc.*, 437 A.2d 1355, 1357 (R.I. 1981), or 'the final act which constitute[s] the making of the contract,' *A.C. Beals Co. v. Rhode Island Hospital*, 110 R.I. 275, 285, 292 A.2d 865, 870 (1972), determines the state of completion." *DeCesare*, 852 A.2d at 484.

In this case, the 55 purchase orders were offers sent by CVS to Beneficial to purchase WillpowerRX™. Undisputed Fact 4. Beneficial accepted each purchase order in Utah through a purchase order confirmation and by filling the orders. Undisputed Facts 6 & 7. Each purchase order confirmation, entitled "P.O. Confirmation," listed the purchase orders by number, the date required for delivery and a confirmation request seeking acceptance through the signature of

Beneficial's President, Harvey Carmichael. Undisputed Fact 6. This requirement that Beneficial accept each purchase order is further confirmed by the Sales Representative Agreement between Beneficial and its agent, CMI. Paragraph 3 of that Agreement stated that all purchase orders taken by CMI were subject to Beneficial's acceptance:

> **Purchase Order Confirmation**. All purchase orders taken from buyers by Broker [CMI] shall be subject to Principal's [Beneficial's] confirmation, and it is understood that Broker will not obligate or commit Principal to the sale or delivery of products without Principal's authorization and direction.

Undisputed Fact 3. Accordingly, the final act of execution of the purchase orders was in Utah when Beneficial's President signed the purchase order confirmations and shipped the goods to CVS. *Tim Hennigan Co.*, 437 A.2d at 1357 (ruling that Massachusetts law applies to purchase orders when they were accepted in the Commonwealth); *DeCesare*, 852 A.2d at 484 (ruling that Nebraska law applied to insurance policy because application was an offer which was not effective or binding on insurer until application was approved and signed at insurer's home office in Nebraska); *SII Medadiamond, Inc. v. American Superabrasives Corp.*, 969 P.2d 430, 434 (Utah 1998) (ruling that orders sent to Utah supplier were offers that only formed contracts when they were accepted and the goods shipped).

## II. CVS IS LIABLE TO PAY THE 55 PURCHASE ORDERS BASED ON NET 31

Article 2 of the Utah Uniform Commercial Code, Sales ("UCC"), controls the disposition of the counts at issue in this motion for partial summary judgment because we are here concerned with "merchants" of "goods" under the UCC. Utah UCC § 70A-2-102 (chapter 2 applies to transactions in goods); 70A-2-104(1) (defining "merchant" as a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill

peculiar to the practices or goods involved in the transaction); 70A-2-105 (defining "goods" as all things which are movable at the time of identification to the contract for sale).

Under the Utah UCC, "a contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." Utah UCC § 70A-2-204(1). Specifically, an offer to make a contract can be in the form of sending an order for goods to a merchant or a manufacturer. *SII Medadiamond, Inc.*, 969 P.2d at 434 (citing 17 C.J.S. *Contracts* § 36(1) (1963)). The offer may be accepted either by promptly promising to ship or by the prompt or current shipment of goods. Utah UCC § 70A-2-206(1)(b); *SII Medadiamond, Inc.*, 969 P.2d at 434. As the Utah Supreme Court has ruled, "'Under the Uniform Commercial Code an order or offer to buy goods for prompt or current shipment may be accepted either by shipping the goods or promptly promising to do so . . . .'" *SII Medadiamond, Inc.*, 969 P.2d at 434 (quoting 67 Am.Jur.2d *Sales* § 145 (1985)).

In this case, CVS's issuance of each of the 55 purchase orders constituted an offer to purchase Beneficial's product, WillpowerRX™, on payment terms stated in those orders: Net 31. Utah UCC § 70A-2-204(1); *SII Medadiamond, Inc.*, 969 P.2d at 434. Beneficial accepted those purchase orders – and the corresponding payment term of Net 31 – by written confirmation indicating agreement to ship the goods as well as by subsequent delivery of the product, thereby creating 55 separate binding contracts. Utah UCC § 70A-2-206(1)(b); *SII Medadiamond, Inc.*, 969 P.2d at 434; *U.S. Industries, Inc. v. Semco Manufacturing, Inc.*, 562 F.2d 1061, 1067 n.8 (8th Cir. 1977). Each purchase order was the "final, complete and exclusive statement of the terms of the agreement" between Beneficial and CVS. Undisputed Fact 8. Moreover, by the express "Terms and Conditions" of each purchase order, the terms of the purchase order govern over any

contrary term or conditions "on or in any confirmation, acknowledgement, sale or invoice form of Seller or any correspondence pertaining to any of these or the merchandise." Undisputed Fact 9.

Having entered into 55 binding and valid contracts, and having received the product specified in the purchase orders, CVS's obligation under the Utah UCC is to "pay in accordance with the contract[s]." Utah UCC § 70A-2-301; *see also* § 70A-2-507 ("Tender entitles the seller to acceptance of the goods and to payment according to the contract."). Significantly, under the UCC, CVS "must pay at the contract rate for any goods accepted." Utah UCC § 70A-2-607(1). "[O]nce the buyer accepts a tender the seller acquires a right to its price on the contract terms." *Id.*, comment 1. Thus, CVS is liable to pay based on payment terms of Net 31.

## III. BENEFICIAL/INTEGRATED BIOPHARMA ARE ENTITLED TO SUMMARY JUDGMENT ON THE DECLARATORY JUDGMENT, BREACH OF CONTRACT AND BOOK ACCOUNT CLAIMS

When a buyer fails to pay the price as it becomes due, the seller is entitled to recover the price of the goods accepted. Utah UCC § 70A-2-709(1)(a). Here, CVS failed to pay for the product it received according to the explicit payment terms contained in each of the 55 purchase orders. Accordingly, Beneficial and Integrated Biopharma are entitled to the Net 31 price for WillpowerRX™ accepted by CVS in the amount of $1,103,328, less a credit for the sums that CVS has already paid, plus accrued interest at the maximum legal rate.

In light of the foregoing, Beneficial is entitled to summary judgment in its favor on the counterclaims raised in this motion and CVS's declaratory judgment claim. Specifically, Beneficial is entitled to: 1) a declaration that the payment terms for the 55 purchase orders are

Net 31; 2) a ruling, as a matter of law, that CVS has breached those purchase orders by failing to pay for the goods in full; and 3) a ruling that CVS is liable on book account for the outstanding sums due and owing. *See* Beneficial's Answer & Counterclaim (Nov. 16, 2005), counts 1 (declaratory judgment), 2 (breach of contract) and 9 (book account). Likewise, Integrated Biopharma, as purchaser of a large portion of the accounts receivables due from CVS, is entitled to the same relief. Integrated Biopharma's Answer & Counterclaim (Nov. 16, 2005), counts 1 (declaratory judgment), 2 (breach of contract) and 8 (book account). Finally, both Beneficial and Integrated Biopharma are entitled to summary judgment in their favor on count 1 of CVS's complaint seeking a declaration that the payment terms are "pay on scan," not Net 31. Complaint (April 22, 2005) at ¶¶ 16-48.

**CONCLUSION**

Defendants Beneficial and Integrated Biopharma respectfully request that the Court grant partial summary judgment in their favor on counts 1, 2 and 9 of Beneficial's counterclaim and counts 1, 2 and 8 of Integrated Biopharma's counterclaim, respectively. Further, they seek partial summary judgment in their favor on CVS's related claim in count 1 asserting a claim for declaratory relief.

Dated: January 24, 2006

Respectfully submitted,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Beneficial Holdings, Inc.*
*Beneficial Health Systems, Inc.,*
*Beneficial Nutraceuticals, Inc. and*
*Integrated Biopharma, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2006, a copy of the foregoing was hand-delivered to:

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, R.I. 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

and a copy of the foregoing was mailed, U.S. first class postage, to the following:

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

366252_1.doc