UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC.<br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC., et al.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-CV-171 T |

**DECLARATION OF HARVEY L. CARMICHAEL**

Harvey L. Carmichael, as his declaration under penalty of perjury pursuant to 28 U.S.C. §1746, states as follows:

1. I am President of Beneficial Holdings, Inc. which also does business as Beneficial Health Systems.

2. I have personal knowledge of the information contained herein.

3. Defendant Beneficial Holdings, Inc. (d/b/a Defendant Beneficial Health Systems) is a Nevada corporation headquartered and doing business in Salt Lake City, Utah.

4. Beneficial Holdings, Inc. hired Contemporary Marketing, Inc. ("CMI") as its agent to negotiate the sale of Beneficial's product, WillpowerRX™, with CVS Pharmacy, Inc. ("CVS").

5. The Sales Representative Agreement between Beneficial Holdings, Inc. and CMI, a copy of which is attached hereto as Exhibit A, provides that all purchase orders taken from buyers by CMI are subject to confirmation by Beneficial Holdings, Inc, and that CMI is prohibited from obligating or committing Beneficial Holdings, Inc. to the sale or delivery of

product without Beneficial Holding, Inc's authorization and direction. Specifically, paragraph 3 of the Sales Representative Agreement provides in pertinent part as follows:

> **Purchase Order Confirmation**. All purchase orders taken from buyers by Broker [CMI] shall be subject Principal's [Beneficial Holding, Inc.'s] confirmation, and it is understood that Broker will not obligate or commit Principal to the sale or delivery of products without Principal's authorization and direction.

Sales Representative Agreement (June 21, 2005) at ¶ 3 (Exhibit A).

6. Following CMI's negotiations with CVS on Beneficial's behalf, CVS issued the following purchase orders to Beneficial Holdings, Inc. for purchase of WillpowerRX™: 4780220, 1171369, 2652258, 3196050, 5694346, 7661905, 8660958, 6742908, 1643006, 1172093, 1643418, 2653021, 3196559, 4780857, 5694796, 6743481, 7662304, 8661351, 1643971, 1173196, 4781889, 7662859, 2654169, 3197366, 8661970, 5695490, 6744393, 1645399, 1177413, 2658306, 5698166, 7665377, 1646374, 4786038, 8664454, 3200227, 6748240, 1177798, 2658576, 5698321, 8664624, 1646511, 3200505, 7665559, 4786302, 6748490, 3201056, 7666236, 3201568, 5699256, 7666395, 8665493, 6749916, 2660779, 1180110. A copy of the foregoing purchase orders is attached as Exhibit B. The purchase orders were sent to Beneficial Holding, Inc.'s agent, CMI, in Illinois and then forwarded by CMI to Beneficial Holding, Inc. in Utah.

7. Each of the purchase orders referenced above provides that the payment terms are 2% 30 Net 31, which means that CVS must pay for all the product its purchases within 31 days (and will receive a 2% discount if it pays within 30 days or less). Purchase Orders (various dates) (Exhibit B); *see also* CVS Vendor Information Form prepared by CMI ("Pay Terms" are "2% 30 Net 31") (Exhibit C).

8. Beneficial Holdings, Inc. accepted the purchase orders referenced above in Utah by executing a written purchase order confirmation on a form prepared by CMI. A copy of the confirmations pertaining to the purchase orders referenced above is attached hereto as Exhibit D. All of the confirmations are signed by me, except for those pertaining to the following eight purchase orders: 1645399, 3201568, 5699256, 7666395, 8665493, 6749916, 2660779, 1180110. I recall signing the confirmation for these latter purchase orders, but I cannot locate the signed confirmation in Beneficial's records at the present time.

9. Upon receipt and confirmation of the purchase orders referenced above by Beneficial Holdings, Inc., the requested amount of WillpowerRX™ was shipped to and received by CVS. The product ordered pursuant to CVS's first 29 purchase orders was manufactured in the State of Utah through Beneficial's product broker, Equity Labs, and shipped from the manufacturer's Layton, Utah factory to various locations specified by CVS. The remaining product was shipped from a location outside of Utah.

10. The "Terms and Conditions" of each purchase order, a copy of which is attached hereto as Exhibit E, provide that the purchase order is the final, complete and exclusive statement of the terms of the agreement of the parties. Specifically, paragraph 1 of the "Terms and Conditions" provides in pertinent part as follows:

> This contract is intended as the final, complete and exclusive statement of the terms of the agreement of the parties, except that merchandise shall conform to any affirmations of fact or promise, any descriptions and any samples or models shown or made to Purchaser, whether or not such affirmations, descriptions or samples are otherwise contained or referred to herein, and such affirmations, descriptions and samples shall constitute part of the basis of the bargain between Purchaser and Seller.

Terms and Conditions at ¶ 1 (Exhibit E).

11. The "Terms and Conditions" of each purchase order also provide that, in case of conflict between the terms and conditions of the purchase order and any terms or conditions on or in any confirmation, acknowledgement, sale or invoice form of Seller or any correspondence pertaining to any of these or the merchandise, the terms and conditions of the purchase order shall control. Specifically, paragraph 1 of the "Terms and Conditions" provides in pertinent part as follows:

> In case of conflict between the terms and conditions of this agreement and any terms or conditions on or in any confirmation, acknowledgment, sale or invoice form of Seller, or any correspondence pertaining to any of these or the merchandise, the terms and conditions of this agreement shall control.

Terms and Conditions at ¶ 1 (Exhibit E).

12. The total cost of the WillpowerRX™ as reflected in the purchase orders referenced above is $1,103,328.

13. Integrated Biopharma has been assigned from Beneficial Holdings, Inc. a portion of the accounts receivables due from CVS. A copy of the August 6, 2004 Security Agreement, the Term Sheet and a related letter from me to CVS, dated August 23, 2004, directing that payments from CVS be made to Integrated Biopharma is attached as Exhibit F. As of December 20, 2005, in connection with these accounts receivables, Beneficial owes Integrated Biopharma the amount of $626,801.18.

14. CVS has only paid Beneficial Holdings, Inc. and/or Integrated Biopharma a total of $100,807.42 for the WillpowerRX™ it has purchased.

I declare under penalty of perjury that the foregoing is true and correct.

Harvey L. Carmichael

Executed on 1-18-06

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2006, a copy of the foregoing was hand-delivered to:

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, R.I. 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

and a copy of the foregoing was mailed, U.S. first class postage, to the following:

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

*367349_1.doc*