**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CVS PHARMACY, INC.<br><br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC.,<br>BENEFICIAL HEALTH SYSTEMS, INC.,<br>BENEFICIAL NUTRACEUTICALS, INC.<br>INTEGRATED BIOPHARMA, INC., and<br>CONTEMPORARY MARKETING, INC.<br><br>Defendants<br><br>v.<br><br>ED ELLIS,<br><br>Third Party Defendant. | CIVIL ACTION NO. 05-171T |

**REPLY MEMORANDUM OF CROSS CLAIM DEFENDANT CONTEMPORARY MARKETING, INC. TO OBJECTION OF BENEFICIAL HOLDINGS, INC. TO CONTEMPORARY MARKETING, INC.'S MOTION TO DISMISS**

Cross Claim Defendant Contemporary Marketing, Inc. ("CMI") hereby submits the following memorandum in reply to the objection and supporting memorandum filed by Defendant Beneficial Holdings, Inc. ("Beneficial") in response to CMI's Motion to Dismiss. In further support of its motion to dismiss Beneficial's crossclaims, CMI states that it would be unreasonable and unjust not to apply the forum selection clause in the agreement between Beneficial and CMI where the only claim of substance pending against CMI in this litigation is Beneficial's crossclaim.

# MEMORANDUM

## A. Statement of Additional Facts

On December 9, 2005, CMI filed Motions to Dismiss the Complaint filed by Plaintiff CVS Pharmacy, Inc. ("CVS") and the Cross Claims and Third Party Complaint filed by Beneficial. As a part of a settlement reached between CVS and CMI, CVS has agreed to dismiss the Complaint as to CMI. A copy of CVS's Consent Motion to Voluntarily Dismiss Plaintiff's Action Against Defendant Contemporary Marketing, Inc. Pursuant to Rule 41(a)(2) is attached hereto as Exhibit A. In the event the court grants CVS's motion to voluntarily dismiss its claims against CMI, Beneficial's Cross Claims will be the only claims remaining against CMI.

## B. Argument

The claims raised by Beneficial's Cross Claims clearly fall within the agreement between Beneficial and CMI and are, therefore, subject to the mandatory forum selection clause requiring that suit be brought in Illinois. This Court must enforce the parties' contractual choice of forum unless Beneficial can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapotta Off-Shore Co.*, 407 U.S. 1, 15 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972; see also, *Russo v. Ballard Medical Products*, 352 F. Supp.2d 177 (D.R.I. 2005). Beneficial attempts to carry its burden by complaining that it will be a waste of judicial resources to require litigation to proceed in separate jurisdictions. Given all of the factors that weigh in favor of enforcing the forum selection clause (see Beneficial's Memorandum In Support of Its Motion to Dismiss, pp. 9-12), this Court must reject Beneficial's arguments and enforce the clause.

Several courts have held that refusing to enforce a forum selection clause on the grounds that there may be multiple parallel proceedings would "undermine whatever measure of certainty such clauses bring" to the transactions in which they are commonly employed. See e.g., *Street,*

*Sound Around Electronics, Inc. v. M/V Royal Container, et al.*, 30 F. Supp. 2d 661, 663 (S.D.N.Y. 1999); *La Fondiaria Assicurazione, S.P.A. v. Ocean World Lines, Inc. in personam*, 2002 WL 31812679, No. 02CIV.40JSM (S.D.N.Y. 2002); see also *United States Fidelity & Guaranty Co. v. Petroleo Brasileiro S.A.-Petrobras*, 2001 WL 300735, 98CIV3099JGK (S.D.N.Y. 2001)(strong public policy to enforce parties' decision to select a forum merited dismissal of crossclaims). In *La Fondiaria,* for example, the court considered competing forum selection clauses and held that a defendant common carrier could not impose the forum selection clause in its contract on a third party shipper, who had its own forum selection clause in its bill of lading. Noting that the defendant would be required to litigate against plaintiff in New York and then travel to France to litigate against the shipper, the court still refused to ignore the forum selection clause on the grounds of judicial efficiency and uniformity. Rather, the court looked to the expectations of the parties and, while admitting that it might be more efficient to proceed in one court, enforced the forum selection clause.

Although these cases were decided in the context of international transactions, the rationale is equally applicable here where the parties clearly contemplated interstate transactions in the negotiation of their contract. The agreement between CMI and Beneficial concerns representation of Beneficial by CMI with respect to several large corporations located throughout the United States, in addition to CVS in Rhode Island and including Walgreens, GNC, Target and Wal-Mart. (Affidavit of Michael Okun ["Okun Aff."], ¶2 and Ex.A). It was clearly foreseeable, given the multi-state nature of the representation, that litigation involving the agreement could have been instituted in multiple jurisdictions. Thus, CMI negotiated for and obtained a forum selection clause in its contract requiring that disputes between Beneficial and CMI be brought in Illinois. Beneficial was fully aware of the importance of this provision to

CMI because, when Beneficial attempted to change it, CMI refused to go forward with the transaction unless the forum was changed back to Illinois. (Okun Aff., ¶6). Beneficial's complaint that it will be forced to engage in litigation in different jurisdictions is not in and of itself enough to override the parties' intent in including the forum selection clause in their contract. As the court noted in *Street, Sound Around Electronics*, "[t]he possibility of multiple parallel proceedings was a contingency entirely foreseeable to plaintiff when it agreed to the forum selection clause." 30 F.Supp.2d at 663.

While it might be more efficient to dispose of all claims relating to the transactions between CVS and Beneficial in one court, that is not the standard for overcoming a forum selection clause. See *La Fondiaria Assicurazione*, 2002 WL 31812679 *2. Rather, as argued in CMI's original Motion to Dismiss, Beneficial must show that application of the forum selection clause would be unreasonable, given all of the factors applied in this jurisdiction. See *Russo*, 352 F.Supp.2d at 180-81. Convenience of the parties is only one of the multiple factors considered and, even then, this court has held that "in cases where no forum is wholly convenient (or wholly obvious) a forum selection clause can and should tip the scales." *Pascilades v. Irwin Yacht Sales North, Inc.*, 118 F.R.D. 298, 303 (D.R.I. 1988).

The cases to which Beneficial cites as support for its position are distinguishable from the case at bar. In those cases, one party sought to have a cross claim or cross claims dismissed pursuant to a forum selection clause even though dismissal of the cross claims would not have released the cross claim defendant completely from the lawsuit. See e.g., *Mylan Pharmaceuticals, Inc. v. American Safety Razor Co.*, 265 F. 2d 635, 639 (N.D.W. Va. 2002) (party sought to dismiss only one party's cross claim; even if successful, that party would remain in the case as a defendant); *Taylor Investment Corp. v. Weil*, 169 F. Supp. 2d 1046, 1061 (D.

Minn. 2001) (same); B*ankers Trust Co. v. Worldwide Transp. Services, Inc.*, 537 F. Supp. 1101, (same). That is not the case here. The only substantive claims that have ever been pending in this jurisdiction against CMI are those asserted by Beneficial by way of the cross claims. Irrespective of CVS' pending motion to voluntarily dismiss CMI, CVS's complaint lacked any substantive allegations of wrongdoing by CMI and clearly was simply a pretext to force CMI's participation in this jurisdiction. Thus, the only claims of substance are those asserted by Beneficial in its cross claims. In any event, those claims are contingent on Beneficial's success in its claim against CVS.

It is not more efficient for CMI to litigate in a foreign jurisdiction, far from its corporate headquarters. And it is not unreasonable to hold Beneficial to its contractual agreement to pursue claims against CMI in Illinois where CMI otherwise would not be involved in litigation in this jurisdiction. The forum selection clause should be enforced and the Cross Claims dismissed.

WHEREFORE, CMI respectfully requests that this Court apply the forum selection clause in the contract and grant its Motion to Dismiss Beneficial's Cross Claims.

CONTEMPORARY MARKETING, INC.
By its attorneys,

Charcretia V. Di Bartolo, (#5862)
HINSHAW & CULBERTSON, LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700
(401) 454-8055 (facsimile)

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that a true and accurate copy of the above pleading was served via overnight mail on the 23rd day of January, 2006, to the following counsel of record:

David A. Wollin, Esq.
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

and
Jacqueline Camichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111
and

Todd M. Reed, Esq.
Edwards, Angell, Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

CharCretia V. DiBartolo



34016988v1 859991