UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS PHARMACY, INC.<br><br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC. INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING, INC.<br><br>Defendants. | CIVIL ACTION NO. 05-171T |

**ANSWER OF CROSS CLAIM DEFENDANT CONTEMPORARY MARKETING, INC. TO CROSS CLAIM OF BENEFICIAL HOLDINGS, INC. D/B/A BENEFICIAL HEALTH SYSTEMS, INC.**

Cross Claim Defendant Contemporary Marketing, Inc. ("CMI") responds to the cross claim filed by Beneficial Holdings, Inc. d/b/a Beneficial Health Systems, Inc. ("Beneficial") as follows:

**FACTUAL BACKGROUND**

1. Admitted.

2. This paragraph states conclusions of law to which no response is required.

3. Denied.

4. Admitted.

5. Admitted.

6. CMI admits that Mr. Ellis discussed with Beneficial different payment terms that could eventually govern the sale of Beneficial's product to CVS, including "pay on scan" and "2% 30, Net 31." CMI otherwise denies the allegations contained in this paragraph.

7. Admitted.

8. Denied. Mr. Ellis indicated that most retailers, including CVS, require payment terms of "pay on scan" for an initial period and that thereafter, the allegedly desired payment terms of 2% 30, Net 31 could possibly be achieved depending on the performance of the product.

9. Denied.

10. The document described in this paragraph speaks for itself. To the extent the allegations contained in this paragraph are inconsistent therewith, they are denied.

11. Denied.

12. Denied.

13. Admitted.

14. Denied.

15. CMI admits that Beneficial received certain purchase orders from CVS which contained payment terms of 2% 30, Net 31, but that those terms were a mistake in light of previous negotiations between Beneficial and CVS.

16. CMI admits that Mr. Ellis traveled to Salt Lake City to meet with Beneficial regarding the CVS account, but denies the remaining allegations contained in this paragraph.

17. CMI admits that the meeting was attended by a representative of Beneficial's manufacturer and one of Beneficial's private investors, but states that it is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. The document described in this paragraph speaks for itself. To the extent the allegations contained in this paragraph are inconsistent therewith, they are denied.

23. CMI admits that Beneficial received a factor loan from its manufacturer, but denies the remaining allegations contained in this paragraph.

24. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. Denied.

27. Denied.

28. Denied.

29. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. Denied.

31. CMI admits that CVS submitted subsequent purchase orders but denies the remaining allegations contained in this paragraph.

32. CMI admits that certain of the purchase orders submitted to Beneficial by CVS contained payment terms of "2% 30, Net 31," but that those payment terms were a mistake in light of earlier negotiations between CVS and Beneficial.

33. Denied.

34. CMI denies that the payment terms were 2% 30, Net 31 and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. CMI admits that Beneficial contacted CMI regarding the payment terms on the outstanding invoices but denies the remaining allegations contained in this paragraph

36. Denied.

37. Denied.

38. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. Denied.

41. CMS admits that Beneficial has demanded that CVS pay pursuant to "2% 30, Net 31" terms, but denies that these were the terms agreed upon and otherwise denies the remaining allegations contained in this paragraph.

42. CMI admits that CVS has refused to pay Beneficial in accordance with "2% 30, Net 31" terms.

43. Denied.

44. Denied.

45. CMI admits that CVS has refused to pay Beneficial in accordance with "2% 30, Net 31" terms, but otherwise denies the allegations contained in this paragraph.

46. CMI admits that Beneficial has filled purchase orders for CVS, but denies the remaining allegations contained in this paragraph.

47. CMI admits that CVS has made payments to Beneficial, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

48. Denied.

49. Denied.

**FIRST CAUSE OF ACTION (FRAUD/MISREPRESENTATION)**

50. CMI incorporates herein by reference its responses to paragraphs 1 through 49 as if fully stated herein.

51. Denied.

52. CMI states that that document speaks for itself. To the extent the allegations contained in this paragraph are inconsistent therewith, they are denied. And further answering, CMI denies that it created the documents referenced in this paragraph and otherwise denies the remaining allegations contained in this paragraph.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**SECOND CAUSE OF ACTION (BREACH OF FIDUCIARY DUTY)**

60. CMI incorporates herein by reference its responses to paragraphs 1 through T9 as if fully stated herein.

61. CMI states that this paragraph states conclusions of law and that no further response is required. The nature of the relationship between Beneficial and CMI is stated in and governed by the Sales Representative Agreement dated June 21, 2004.

62. This paragraph states conclusions of law to which no response is required. To the extent this paragraph contains allegations of fact, they are denied.

63. Denied.

64. Denied.

**THIRD CAUSE OF ACTION (MISREPRESENTATION)**

65. CMI incorporates herein by reference its responses to paragraphs 1 through 64 as if fully stated herein.

66. Denied.

67. CMI states that that document speaks for itself. To the extent the allegations contained in this paragraph are inconsistent therewith, they are denied. And further answering, CMI denies that it created the document referenced in this paragraph and otherwise denies the remaining allegations contained in this paragraph.

68. Denied.

69. Denied.

70. Denied.

**FOURTH CAUSE OF ACTION (INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS)**

71. CMI incorporates herein by reference its responses to paragraphs 1 through 70 as if fully stated herein.

72. Denied.

73. Denied.

74. Denied.

**FIFTH CAUSE OF ACTION (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)**

75. CMI incorporates herein by reference its responses to paragraphs 1 through 74 as if fully stated herein.

76. Denied.

77. Denied.

78. Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Beneficial fails to state a claim against CMI upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Beneficial's claims are barred by the doctrines of waiver and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Beneficial's claims are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Beneficial's claims are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

The payment terms that Beneficial allegedly relied on constitute a mutual mistake.

**SIXTH AFFIRMATIVE DEFENSE**

Beneficial's claims are barred as Beneficial is in breach of contract(s).

**SEVENTH AFFIRMATIVE DEFENSE**

Beneficial's claim based on negligent misrepresentation is barred as there can be no recovery for this tort in a commercial setting.

**EIGHTH AFFIRMATIVE DEFENSE**

Beneficial's claim of negligent misrepresentation is barred as it is based on alleged unfulfilled promises or statements as to future events.

**NINTH AFFIRMATIVE DEFENSE**

Beneficial's claims are barred based upon Beneficial's contributory and/or comparative negligence.

**TENTH AFFIRMATIVE DEFENSE**

Beneficial's claims are barred as Beneficial failed to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any alleged interference with a contract or economic advantage was justified and based on a legally recognizable right.

WHEREFORE, CMI demands judgment dismissing Beneficial's cross claim with prejudice, together with its attorney's fees, costs and such other and further relief as this Court deems just.

Dated: April 4th, 2006

Respectfully submitted

CONTEMPORARY MARKETING, INC.
By its attorneys,

CharCretia V. Di Bartolo, (#5862)
HINSHAW & CULBERTSON, LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700
(401) 454-8055 (facsimile)

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that a true and accurate copy of the above pleading was served via ~~email and~~ first class mail on the 4th day of April, 2006, to the following counsel of record:

David A. Wollin, Esq.
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Jacqueline Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111
(via first class mail only)

Todd M. Reed, Esq.
Edwards, Angell, Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Jesse Kaplan, Esq.
Nicholas Fortuna, Esq.
Allyn & Fortuna
200 Madison Ave.
Fifth Floor
New York, NY 10016

CharCretia V. Di Bartolo