UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. Plaintiff, | : | |
| v. | : | C.A. No. 05-CV-171 T |
| BENEFICIAL HOLDINGS, INC., et al. Defendants | : | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS OF BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC. AND INTEGRATED BIOPHARMA, INC. IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Beneficial Holdings, Inc., Beneficial Health Systems, Inc. and Beneficial Nutraceuticals, Inc. (hereinafter collectively "Beneficial") and Defendant Integrated Biopharma, Inc. respectfully submit this Statement of Undisputed Material Facts pursuant to Local Rule 56(a)(1).

1. Defendant Beneficial Holdings, Inc. (d/b/a Defendant Beneficial Health Systems, Inc.) is a Nevada corporation headquartered and doing business in Salt Lake City, Utah. Affidavit of Harvey Carmichael (May 18, 2006) at ¶ 3 ("Carmichael Aff.").

2. Beneficial hired Contemporary Marketing, Inc. ("CMI") as its agent to negotiate the sale of Beneficial's product, WillpowerRX™, with CVS Pharmacy, Inc. ("CVS"). Carmichael Aff. at ¶ 4; Sales Representative Agreement (June 21, 2005) at ¶ 4 (Exhibit A).[1]

[1] All exhibits are attached to the Carmichael affidavit.

3. The Sales Representative Agreement between Beneficial Holdings, Inc. and CMI provides that all purchase orders taken from buyers by CMI are subject to confirmation by Beneficial Holdings, Inc, and that CMI is prohibited from obligating or committing Beneficial Holdings, Inc. to the sale or delivery of product without Beneficial Holding, Inc's authorization and direction. Carmichael Aff. at ¶ 5; Sales Representative Agreement (June 21, 2005) at ¶ 3 (Exhibit A). Specifically, paragraph 3 of the Sales Representative Agreement provides in pertinent part as follows:

> **Purchase Order Confirmation**. All purchase orders taken from buyers by Broker [CMI] shall be subject Principal's [Beneficial Holding, Inc.'s] confirmation, and it is understood that Broker will not obligate or commit Principal to the sale or delivery of products without Principal's authorization and direction.

Carmichael Aff. at ¶ 5; Sales Representative Agreement (June 21, 2005) at ¶ 3 (Exhibit A).

4. Following CMI's negotiations with CVS on Beneficial's behalf, CVS issued the following purchase orders to Beneficial for purchase of WillpowerRX™: 4780220, 1171369, 2652258, 3196050, 5694346, 7661905, 8660958, 6742908, 1643006, 1172093, 1643418, 2653021, 3196559, 4780857, 5694796, 6743481, 7662304, 8661351, 1643971, 1173196, 4781889, 7662859, 2654169, 3197366, 8661970, 5695490, 6744393, 1645399, 1177413, 2658306, 5698166, 7665377, 1646374, 4786038, 8664454, 3200227, 6748240, 1177798, 2658576, 5698321, 8664624, 1646511, 3200505, 7665559, 4786302, 6748490, 3201056, 7666236, 3201568, 5699256, 7666395, 8665493, 6749916, 2660779, 1180110. Carmichael Aff. at ¶ 6; Stipulation at ¶ 1 (dated April 10, 2006) (Exhibit B).

5. Each of the purchase orders referenced in paragraph 4 provides that the payment terms are 2% 30 Net 31, which means that CVS must pay for all the product its purchases within

31 days (and will receive a 2% discount if it pays within 30 days or less). Carmichael Aff. at ¶ 7; Stipulation at ¶¶ 1-3 (dated April 10, 2006) (Exhibit B); *see also* CVS Vendor Information Form prepared by CMI ("Pay Terms" are "2% 30 Net 31") (Exhibit C).

6. Beneficial Holdings, Inc. accepted the purchase orders referenced in paragraph 4 in Utah by executing a written purchase order confirmation on a form prepared by CMI. Carmichael Aff. at ¶ 8; Purchase Order Confirmation (Exhibit D).

7. Upon receipt and confirmation of the purchase orders referenced in paragraph 4 by Beneficial Holdings, Inc., the requested amount of WillpowerRX™ was shipped to and received by CVS. Carmichael Affidavit at ¶ 9.

8. The total cost of the WillpowerRX™ as reflected in the purchase orders referenced in paragraph 4 is $1,103,328. Carmichael Aff. at ¶ 12; Stipulation at ¶ 4 (dated April 10, 2006) (Exhibit B).

9. CVS has only paid Beneficial Holdings, Inc. and/or Integrated Biopharma a total of $100,807.42 for the WillpowerRX™ it has purchased. Carmichael Aff. at ¶ 14.

10. Integrated Biopharma has been assigned from Beneficial Holdings, Inc. a portion of the accounts receivables due from CVS, and as of December 20, 2005, in connection with these receivables, Beneficial owes Integrated Biopharma the amount of $626,801.18. Carmichael Aff. at ¶ 13.

Dated: May 19, 2006

Respectfully submitted,

David A. Wollin, #4950
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-351-4607

*Attorneys for Beneficial Holdings, Inc.
Beneficial Health Systems, Inc.,
Beneficial Nutraceuticals, Inc. and
Integrated Biopharma, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of May, 2006, a copy of the foregoing was hand-delivered to:

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, R.I. 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

and a copy of the foregoing was mailed, U.S. first class postage, to the following:

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

*382170_1.doc*