UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**MOTION TO EXTEND PROCEDURAL DATES IN SCHEDULING ORDER**

Integrated BioPharma, Inc. hereby moves that the discovery closure date for Phase I of this litigation be extended by 120 days from October 31, 2006, to February 28, 2007, for the reasons set forth in the accompanying memorandum.

Respectfully submitted,
Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 824-5150
(401) 824-5123 (fax)
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 20th day of October, 2006, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

/s/ R. Daniel Prentiss

842/51/1076

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

# MEMORANDUM IN SUPPORT OF MOTION TO EXTEND PROCEDURAL DATES IN SCHEDULING ORDER

## BACKGROUND

This litigation was instituted by plaintiff, CVS, Inc. (hereinafter, "CVS") to seek a declaratory judgment regarding the interpretation and effect of certain purchase orders it issued to defendant Beneficial Health Systems, Inc. and/or one of its affiliates, Beneficial Holdings, Inc. and Beneficial Nutraceuticals, Inc. (collectively, "Beneficial"). The purchase orders concerned goods manufactured by defendant Integrated BioPharma, Inc. (hereinafter "INB"). The purchase orders, in the cumulative amount of approximately $1.4 million, are outstanding and unpaid to the extent of $1.3 million. Beneficial never paid INB for the goods INB manufactured.

In response to the CVS complaint, Beneficial and INB counterclaimed, for amounts due under the purchase orders.[1]

Although there exists an obvious conflict between INB and Beneficial over Beneficial's failure to pay INB for the goods it shipped to CVS, INB agreed to hold

[1] Beneficial gave INB a security interest in its receivables from CVS, to the extent of its debt to INB, approximately $627,000.

its claims against Beneficial in abeyance, in consideration of Beneficial's agreement to represent INB's interests in pursuit of the litigation with CVS for payment of the purchase orders. The litigation proceeded on that basis from its inception until August of 2006.

During 2006, without prior warning to INB, Beneficial apparently ceased the payment of counsel fees for the law firm, Adler, Pollock & Sheehan ("A P&S"), representing it and INB in this litigation. As a consequence AP & S on September 12, 2006, moved to withdraw as counsel. INB did not become aware of Beneficial's failure to pay fees until mid-August, 2006, and learned shortly thereafter of AP & S's intention to seek withdrawal. INB immediately began its effort to seek counsel to represent it in this litigation. INB was first able to secure counsel who had no conflicts and was able to take on the engagement on October 16, 2006.

AP & S's motion to withdraw was granted by order of this Court dated October 5, 2006. In connection with the AP & S motion to withdraw, plaintiff CVS filed, on September 14, 2006, a consent motion to extend discovery deadlines, in light of the possible impending withdrawal of counsel for defendants Beneficial and INB. The Court denied that motion by order, also dated October 5, 2006. The Court stated its reasons for the denial of the motion as being (1) Beneficial and INB "have pro hac vice counsel who are capable of conducting discovery in the matter," and (2) neither Beneficial nor INB objected to the withdrawal of AP & S as counsel. CVS

thereafter filed its motion for reconsideration of the order denying the extension of discovery deadlines.

## ARGUMENT

The failure of Beneficial to pay legal fees, and the consequent withdrawal of counsel to represent INB's interests, has resulted in a major change in the complexion of this litigation. Through no fault of its own, and without any prior notification, INB has been placed in a position of having to obtain independent counsel, and prepare a new litigation strategy that reflects the new positions of the parties. Regardless of the merits of Beneficial's and INB's claim against CVS for payment of the purchase orders, Beneficial is indebted to INB for the cost of manufacture of the product. With the collapse of the arrangement by which Beneficial was protecting INB's interests in this litigation, INB must act to enforce its rights against Beneficial, and any other parties, concerning the unpaid costs of manufacture. This litigation is the most efficient vehicle for all of the parties' rights relative to the purchase orders to be adjudicated. To that end, INB will move within the deadline of the current scheduling order for leave to assert cross-claims. However, discovery under any new claims cannot take place until the Court rules on INB's motion. Moreover, discovery on the additional claims that INB contemplates asserting is not feasible within the current discovery schedule.

INB respectfully submits that the reasons stated in the Court's order denying CVS's motion for extension of the discovery deadline do not justify denial of INB's instant motion. The pro hac vice counsel to which the order refers is in-house

counsel to Beneficial, and has never represented INB. INB was represented in this Court exclusively by AP & S. INB had no pro hac vice counsel in this matter, and relied entirely on AP & S to represent its interests. Until October 16, 2006, INB was without any counsel who was capable of representing it in this litigation.

INB also had no basis to object to the motion of AP & S to withdraw as its counsel. INB was fully satisfied with its representation by AP & S. INB could not oppose AP & S's motion to withdraw, given Beneficial's failure to pay its fees. If not for the conflict, INB would have retained AP & S to continue to represent it. However, that was impossible given the clear adversity that now exists between Beneficial and INB. Consequently, INB's only alternative, in the face of AP & S's motion to withdraw, was to act with all appropriate speed to secure its own counsel, which it did.

INB anticipates its discovery needs as including an additional round of paper discovery prior to the commencement of depositions. INB believes that an extension of the discovery closure date by 120 days would adequately allow for full preparation of the case for trial.

For these reasons, INB respectfully requests that its motion be granted.

Respectfully submitted,
Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 824-5150
(401) 824-5123 (fax)
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 20th day of October, 2006, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

/s/ R. Daniel Prentiss

842/51/1077