UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING, INC.

Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO INTEGRATED BIOPHARMA, INC.S' MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS**

Plaintiff CVS, Inc. ("CVS"), respectfully submits this memorandum of law in partial opposition to defendant Integrated BioPharma, Inc.s' ("Integrated") motion for leave to amend its counterclaims against CVS and Contemporary Marketing, Inc., ("CMI") and add cross-claims against Beneficial Holding, Inc., Beneficial Health Systems, Inc., Beneficial Nutraceutical, Inc. (referred to collectively as "Beneficial"). CVS only opposes the portion of Integrated's motion which seeks to amend its counterclaims against CVS.

## Introduction

Defendant Integrated, on the eve of the discovery and motion deadline, and after unsuccessfully moving for summary judgment, seeks to amend its counterclaim against CVS to

assert new legal theories.[1] While possibly explaining its need to now assert cross-claims against Beneficial, Integrated has failed to offer any explanation justifying its delay in asserting new legal theories against CVS. Additionally, Integrated's proposed counterclaims are futile in that Integrated does not have standing to assert a third party beneficiary breach of contract or a promissory estoppel cause of action since Integrated is not an intended beneficiary of the contract(s) between CVS and Beneficial. Finally, CVS will be prejudiced by Integrated's proposed amendment if the discovery/motion deadline is not extended.

**Integrated has Not Demonstrated Good Cause Supporting its Proposed Amendment**

Integrated's motion to amend its counterclaims against CVS should be denied as Integrated was not diligent in seeking the proposed amendment. A motion to amend a complaint will be treated differently depending on when it is made and the context in which it is filed. *See Steir v. Girl Scouts of USA,* 383 F.3d 7, 28 NDLR P 297 (1st Cir. 2004). Initially, Rule 15 mandates that leave to amend is to be "freely given when justice so requires ... unless the amendment "would be futile, or reward, *inter alia,* undue or intended delay." *Steir,* 383 F.3d at 12, *citing Resolution Trust Corp. v. Gold,* 30 F.3d 251, 253 (1st Cir.1994). "As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting." *Steir,* 383 F.3d at 12. That is, once a scheduling order is in place, the liberal "freely given" standard is replaced by the more demanding "good cause" standard of Rule 16(b). *See O'Connell v. Hyatt Hotels of P.R.,* 357 F.3d 152, 154-155 (1st Cir.2004); *Steir,* 383

---

[1] Integrated's proposed amended counterclaim asserts two new causes of action: 1) Count II –Third Party Beneficiary; and 2) Count IV - Promissory Estoppel. Integrated's proposed counterclaim also merges its prior causes of action for Fraud/Misrepresentation and Negligent Misrepresentation into one cause of action for Misrepresentation (Count V).

F.3d at 12. Accordingly, Rule 16(b)'s "good cause" standard emphasizes the diligence of the party seeking the amendment. *See O'Connell,* 357 F.3d at 154; *Steir,* 383 F.3d at 12.

Further supporting the application of the more stringent "good cause" standard, this Court's Scheduling Order and Local Rule Cv 15 require that a motion to amend be promptly filed after the moving party discovers, or should have discovered the basis for such a motion. *See* LR Cv 15. Accordingly, this Court certainly requires a party to diligently seek an amendment of its pleadings.

Here, Integrated has been anything but diligent in amending its counterclaim against CVS. Close to one year has elapsed since Integrated answered CVS' complaint and asserted counterclaims against CVS.[2] Moreover, on March 27, 2006, after Integrated filed an ill advised and pre-mature motion for summary judgment, the Court conducted a Rule 16 Conference. Pursuant to the Court's March 27, 2006, Rule 16 Scheduling Order, all discovery was to be completed and all motions were to be made by September 30, 2006. After Integrated's motion for summary judgment was denied on July 20, 2006, the discover/motion deadline was reset to October 31, 2006. After adjourning depositions scheduled for September and October 2006, Integrated has on the eve of the discovery/motion deadline, and seven months after the Court issued its Rule 16 Scheduling Order, moved to amend its pleadings.

Integrated has failed to proffer any justifiable excuse as to why it waited until the day before the close of discovery to move to amend its counterclaims against plaintiff CVS. In fact, Integrated's motion to amend its counterclaim against CVS is defective on its face as Integrated is silent as to why it delayed in seeking such an amendment. Rather, Integrated merely attempts to explain why it was previously unable to assert cross-claims against Beneficial. That is, Integrated claims that only after Beneficial failed to pay Integrated and Beneficials' joint counsel

---

[2] Integrated served its answer and counterclaims on or about November 16, 2005.

did Integrated suddenly have to retain a new attorney that did not have a conflict in interest and assert cross-claims against Beneficial.

While Beneficial's failure to provide Integrated with counsel may explain its delay in asserting cross-claims against Beneficial, it certainly does not justify its lack of diligence in amending its counterclaims against CVS. Though Integrated's prior counsel, David Wollin, could obviously not assert cross-claims against Beneficial due to a conflict in interest caused by Mr. Wollin's dual representation, Mr. Wollin could certainly have at any time asserted amended counterclaims against CVS.

Moreover, Integrated does not propose new counterclaims against CVS based on newly discovered facts. Rather, Integrated's new counsel merely seeks to assert new legal theories that Integrated could have easily asserted at any time. Accordingly, Integrated has failed to offer an excuse, let along a good excuse, to justify its failure to seek an amendment of its counterclaim against CVS.

**Leave to Amend Should be Denied as Integrated's Proposed Counterclaims are Futile**

Leave to amend should be denied if the proposed amendment would be futile. *Hatch v. Department For Children, Youth and Their Families,* 274 F.3d 12, 19 (1st Cir.2001). Integrated seeks to amend its counterclaim against CVS to add several causes of action which seek to enforce the alleged contract(s) between CVS and Beneficial. Under both Integrated's proposed Third-Party Beneficiary cause of action and its proposed Promissory Estoppel cause of action, Integrated incorrectly relies on the theory that Integrated is a third-party beneficiary of the alleged contacts/promises. Integrated, however, does not have standing to assert these causes of action as Integrated was not an intended third-party beneficiary of the purchase orders that CVS issued. At best, Integrated is an incidental beneficiary that does not possess standing.

Non-parties to an agreement do not have standing to bring an action to declare the validity or enforceability of an agreement, or to seek damages based on a breach of that agreement. *See Sousa v. Town of Coventry,* 774 A.2d 812, 815 n. 4 (R.I.2001) (in a case involving a town manager's authority to enter into a lease, the Rhode Island Supreme Court noted that there was no support for the proposition that an individual who is not a party to a contract may assert the rights of one of the contracting parties in order to void a contract or have it declared unenforceable). Only parties to the contract or intended third party beneficiaries may seek to have rights declared under a contract. *See Forcier v. Cardello,* 173 B.R. 973, 984-85 (D.R.I.1994) (only intended third party beneficiaries, not incidental beneficiaries, can bring an action for damages resulting from a breach of contract); *Davis v. New England Pest Control Co.,* 576 A.2d 1240, 1242 (R.I.1990); *Finch v. Rhode Island Grocers Association,* 93 R.I. 323, 329-30, 175 A.2d 177, 184 (1961).

In determining whether a third party beneficiary is intended or incidental, the Rhode Island courts apply the test set forth in Section 302 of the Restatement (Second) of Contracts, which states:

> "(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the intended performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary."

Restatement (Second) of Contracts § 302 (1981).

In essence, the Restatement test requires that "the parties directly and unequivocally intend to benefit a third party in order for the third party to be considered an intended

beneficiary." *Forcier,* 173 B.R. at 985. Therefore, "[t]he intent to benefit the third party must be clearly expressed in the contract." *Forcier,* 173 B.R. at 985., *citing Blu-J. Inc. v. Kemper C.P.A. Group,* 916 F.2d 637, 640 (11th Cir.1990). When applying the Restatement test, the Court may examine the intent of the contracting parties, the circumstances surrounding the contract forming transaction, and the actual language of the contract. *Forcier,* 173 B.R. at 985., *citing Aritan River Steel v. Cherry Bekaert & Holland,* 329 N.C. 646, 407 S.E.2d 178 (1991).

Moreover, a "promissor's mere awareness that someone other than the promisee may derive a benefit from the promissor's performance under the contract is insufficient to cloak that third-party with the mantle of intended beneficiary." *Forcier,* 173 B.R. at 973, *quoting Rhode Island Depositor's Economic Corporation v. Ernst & Young,* C.A. No 92-1120 (R.I. Super. Ct., March 11, 1994). Accordingly, a defendant's knowledge or awareness of a third-party's potential benefit or reliance on defendant's statements, does not prove an explicit intent to confer a benefit. *See Forcier,* 173 B.R. at 986 (holding that plaintiffs' contention that a defendant accountant may have been aware that plaintiffs reviewed and made use of defendant's audits and reports regarding certain debentures before purchasing same, was without legal consequence).

Here, Integrated's proposed amended pleadings are facially deficient. That is, Integrated's allegation that CVS knew or reasonably knew that its purchase orders would induce third parties to take action in reliance on those purchase orders, even if true,[3] is insufficient to establish that the parties to the alleged contract(s), namely CVS, intended to confer a benefit on Integrated (*See* Integrated's Proposed Amended Cross Claims and Counterclaims, ¶ 11). That is, Integrated has failed to allege that CVS even was aware that the product at issue, WillpowerRX, would be manufactured by Integrated or one of its subsidiaries or that CVS knew that Beneficial

[3] As discussed below, CVS did not know that its purchase orders would induce third-party reliance.

was going to obtain financing from Integrated. Integrated does not even allege that both CVS and Beneficial explicitly intended Integrated to benefit from CVS' purchase orders.

Moreover, the CVS purchase orders that Integrated relied on in its previous motion for summary judgment, do not contain language, or otherwise indicate, that Integrated would be a beneficiary of any payments for the goods that CVS ordered (*See* Stipulation dated April 10, 2006, attached hereto as Exhibit B). Likewise, Harvey Carmichael's June 10, 2004 letter, outlining the details of the agreement between the parties, is also void of any indication that Integrated was an intended beneficiary of any contract(s) between CVS and Beneficial (*See* Letter of Harvey Carmichael dated June 10, 2004, attached hereto as Exhibit C).

CVS never intended for Integrated, or anyone like Integrated to benefit from CVS' purchase orders (*See* Affidavit of Thomas Sullivan dated November 13, 2006 ("Sullivan Aff."), a copy of which is attached hereto as Exhibit A). When negotiating CVS' purchase of WillpowerRX, Beneficial and its representatives never disclosed that Integrated would be manufacturing WillpowerRX or that any third parties, including Integrated, would be recipients of any payments that CVS may owe Beneficial (*See* Sullivan Aff., ¶ 6). Initially, Beneficial instructed CVS to make all payments to Beneficial in Utah (*See* Sullivan Aff., ¶ 6). CVS initially believed that Beneficial or an affiliated entity manufactured WillpowerRX (*See* Sullivan Aff., ¶ 6).

Additionally, Beneficial and its representatives never disclosed that it intended on obtaining a factor loan to finance the production of WillpowerRX (*See* Sullivan Aff., ¶ 7). CVS never anticipated that Beneficial would try to or would be able to obtain such financing (*See* Sullivan Aff., ¶ 7). As the parties had discussed and agreed upon "Pay on Scan" payment terms, it would have been unlikely that Beneficial would be able to obtain financing based on

Beneficial's CVS receivables since payment by CVS was contingent on the ultimate sales performance of WillpowerRX.(*See* Sullivan Aff., ¶ 7). Accordingly, not only was CVS unaware of Integrated's future role, but CVS had no reason to even anticipate that someone like Integrated would provide such financing.

It follows that only intended beneficiaries to CVS' alleged promise should have standing to assert a promissory estoppel claim.[4] That is, it makes little sense that an incidental third party that does not have standing to enforce the alleged contract, would have standing to enforce those provisions by merely asserting a promissory estoppel claim. Integrated, an incidental third party to CVS' purchase orders, should not obtain standing by characterizing the purchase orders as mere promises instead of contracts. *See Public Service Company of New Hampshire v. Hudson Power and Light Department,* 938 F.2d 338, 346 (1st Circuit 1991)(applying Massachusetts law, the First Circuit held that a plaintiff that did not qualify as intended beneficiary of a contract, also did not have standing to interpose a promissory estoppel claim) *Veranda Beach Club, Ltd., Partnership v. Western Sur. Co.,* 936 F.2d 1364. 1380 (1st Circuit 1991)(applying Massachusetts law, the First Circuit held that promissory estoppel theory failed against third party since third party was not an intended beneficiary of promisor's promise).

Rather, the doctrine of promissory estoppel has traditionally been invoked as a substitute for consideration, rendering a gratuitous promise enforceable as a contract. *See East Providence Credit Union v. Geremia,* 103 R.I. 597, 239 A.2d 725 (1968). Accordingly, for the same reasons discussed above, Integrated is not an intended beneficiary of any alleged promises found in the purchase orders at issue.

---

[4] As previously discussed in opposing Integrated's motion for summary judgment, CVS denies ever promising "Net 31" payment terms. Rather CVS and Beneficial had negotiated and agreed upon "Pay on Scan" payment terms.

Accordingly, Integrated does not have standing to assert the proposed Third-Party Beneficiary or Promissory Estoppel causes of action.

**Integrated's Proposed Amendments are Prejudicial**

Additionally, Integrated's proposed amendment would be highly prejudicial if the discovery deadline is not substantially extended. Since a motion for summary judgment cannot be made more than twenty days after the discovery closure date, CVS would essentially be precluded from moving for summary judgment on Integrated's Amended Counterclaim if Integrated's motion to amend is granted, and the discovery deadline is not extended.

**Conclusion**

For the foregoing reasons, Integrated's motion to amend its counterclaims against CVS should be denied

Dated: November 15, 2006

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP

By: ______________________

Robert J. Durant, Jr. (#4279)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2006, I did send a true copy of the within document by electronic means (ECF) to:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza
Suite 1800
Providence, RI 02903

and a copy of the foregoing was sent by facsimile and mailed, U.S. first class pre-paid postage, and by certified or registered mail, return receipt requested, to the following:

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
and Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
(801) 350-0065

/s/ Robert J. Durant, Jr.