UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**REPLY MEMORANDUM OF INTEGRATED BIOPHARMA, INC. ON ITS MOTION TO AMEND PLEADING**

The opposition of CVS, Inc. ("CVS") to the motion of Integrated BioPharma, Inc. ("Integrated") to amend its counterclaim rests on two arguments: that Integrated was required, but failed, to demonstrate "good cause" for its motion, and that the proposed amendment would be futile. The former argument is premised on a mis-reading of the cited case law, and the second ignores the applicable case law relative to Fed. R. Civ. P. 15(a), and misconstrues the applicable state law.

**1. INTEGRATED'S MOTION IS NOT GOVERNED BY THE "GOOD CAUSE" STANDARD.**

Citing *Steir v. Girl Scouts of USA*, 383 F.3d 7 (1st. Cir. 2004) and *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152 (1st Cir. 2004), CVS claims that Integrated is obligated to demonstrate "good cause" for the granting of its motion to amend its complaint. The cases do not so hold. The good cause standard that was adverted to in *Steir* and *O'Connell* is the standard contained in Fed. R. Civ. P. 16(b) governing a motion to amend a pre-trial scheduling order. *O'Connell* explained that this Rule 16(b) standard supplants the "freely given" standard of Rule 15 when a motion to amend a pleading is brought after passage of the deadline for such motions set forth in the scheduling order.

*O'Connell, supra*, 357 F.3d at 154. That was the procedural posture presented in both *Steir* and *O'Connell*. That is not the posture here.

This Court's scheduling order provided that all motions, including motions to amend the pleadings, must be brought before the discovery closure date. The discovery closure date was October 31, 2006; Integrated's motion was filed October 30. Rule 16 is not implicated. The motion should be judged under the "freely given" standard of Rule 15.

The pertinent criterion under Rule 15 is "undue prejudice" to CVS. *Acosta-Mestre v. Hilton Internat'l of P.R., Inc.*, 156 F.3d 49, 51 (1st Cir. 1998); *Foman v. Davis*, 371 U.S. 178 (1962). CVS has not argued that it is unduly prejudiced by the amended counterclaim, and it could not make such an argument in good faith. The proposed amended counterclaim makes no additional allegation of fact. It proposes to assert additional theories of recovery under the identical facts that are pled in support of the original counterclaim. There has been no discovery by any party other than an initial round of document requests (Integrated served interrogatories and a deposition notice on CVS in early November). No depositions have been taken. The proposed amendment does not in any way affect CVS's ability to prepare for the trial of the case. Since it has not yet taken any depositions, it is freely able to fashion its interrogations to address the elements of the claims that Integrated seeks to include in its counterclaim.

**2. INTEGRATED'S PROPOSED AMENDMENT IS NOT FUTILE.**

The standard to be applied in assessing whether a proposal to amend a pleading should be denied on the basis of futility is the same standard that applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Adorno v. Crowley Towing and Transp. Co.* 443

F.3d 122, 126 (1st Cir. 2006); *Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996).

The amended counterclaim asserts two causes of action that were not in the original counterclaim, third party beneficiary to a contract and promissory estoppel. The amended counterclaim asserts that CVS knew that Beneficial Health Systems, the entity to which it issued the purchase orders, was not a manufacturer of the product that CVS intended to purchase, and that it therefore knew that its purchase orders would be relied on by third parties including Beneficial's manufacturer and lender. The amended counterclaim further alleges that beneficial indeed did use the CVS purchase orders to induce Integrated to advance funds and manufacture product for it. It is at least implicit in these allegations that both CVS and Beneficial intended that Integrated would benefit from the promised payment for the goods shipped to CVS on Beneficial's account. CVS's awareness of Integrated's interest, and its intention that Integrated should benefit from the payment terms is manifested in Exhibits A and B, appended hereto. Exhibit A is an invoice issued with respect to Beneficial's shipment of product under CVS purchase orders. It contains the payment direction, "Please forward all payments to INTEGRATED BIOPHARMA, INC/ 225 LONG AVENUE / HILLSIDE, NJ 07205." Exhibit B is a CVS Vendor record for Beneficial, showing the "Payable Address" for this vendor as Integrated.

Rhode Island recognizes the rights of third party beneficiaries of contracts. *Davis v. new England Pest Control Co.* 576 A.2d 1240, 1242 (R.I. 1990)("When one party for valuable consideration, engages another by contract to do some act for the benefit of a third party, the latter who would enjoy the benefits may maintain an action for breach of

the contract"). The amended counterclaim clearly sets forth a cause of action sounding in third party beneficiary against CVS.

Promissory estoppel is an equitable doctrine that may be employed in appropriate circumstances to avoid an unjust result. *Alix v. Alix*, 497 A.2d 18, 21 (R.I. 1985) A person asserting promissory estoppel, the promisee, must prove (1) that his counterparty, the promisor, made a clear and unambiguous promise; (2) that the promisee took some action or forbearance in reasonable and justifiable reliance on the promise; and (3) that the action or forbearance caused detriment to the promisee. *Filippi v. Filippi*, 818 A.2d 608, 626 (R.I. 2003). Promissory estoppel operates to make a promise binding if the promise was "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or third person," and injustice can be avoided only by enforcement of the promise. *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 110 (R.I. 2005), quoting *Alix v. Alix, supra.*

The amended counterclaim asserts that the purchase orders that CVS issued containing payment terms of "2%30 Net 31" constituted CVS's unambiguous promise to pay for the goods that were the subject of the purchase orders on Net 31 terms. It alleges that CVS should reasonably have expected that third parties, such as the vendor's lenders and manufacturers, would rely on such promised payment terms, and that Integrated did so rely, to its detriment. Finally, the amended counterclaim asserts that Integrated will suffer an injustice if the promise is not enforced. These allegations fit squarely within the framework of a cause of action for promissory estoppel, and supply all the necessary elements of this cause of action. The counterclaim clearly meets the standard of Rule

12(b)(6) to state a claim for which relief may be granted. By definition, then, the motion to amend the counterclaim to include this claim cannot be denied on the basis of futility.

## CONCLUSION

Integrated's motion to amend its counterclaim should be granted. It has met the requirements of the applicable rule, Fed. R. Civ. P. 15. Its motion aptly invokes the rule's admonition that leave for amendment "shall be freely given when justice so requires." Neither CVS nor Contemporary Marketing Inc. has even attempted to show that they would be unduly prejudiced by allowance of the amendment.

Respectfully submitted,
Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 824-5150
(401) 824-5123 (fax)
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 30th day of October, 2006, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

/s/ R. Daniel Prentiss