UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS, INC. :
:
v. :
:
BENEFICIAL HOLDINGS, INC., et al. :
: C.A. No. 05-CV-171T
INTEGRATED BIOPHARMA, INC. :
:
v. :
:
HARVEY CARMICHAEL :

**COMPLAINT OF INTEGRATED BIOPHARMA, INC.
AGAINST HARVEY CARMICHAEL**

PARTIES AND JURISDICTION

1. Integrated BioPharma, Inc. (hereinafter, "Integrated") is a Delaware corporation with a principal place of business in Hillside, New Jersey. Integrated is engaged in the business, among other things, of the contract manufacture of dietary supplements and additives.

2. CVS, Inc. ("CVS")is a Rhode Island corporation with a principal place of business in Woonsocket, Rhode Island. CVS owns and operates a national chain of drug and convenience stores.

3. Beneficial Holdings, Inc., Beneficial Health Systems, Inc., Beneficial Nutraceuticals, Inc. are Utah corporations with their principal places of business in that state. These three entities, collectively referred to hereinafter as "Beneficial," are interrelated corporations that, on information and belief, share common officers, directors, ownership, and business. Each of the Beneficial corporations has

sufficient contacts with the State of Rhode Island to make it amenable to suit in this Court.

4. Harvey Carmichael ("Carmichael") is a citizen and resident of Utah, who has sufficient contacts with the State of Rhode Island to make him amenable to suit in this Court.

5. Subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

BACKGROUND FACTS

7. On information and belief, Carmichael is the principal owner of Beneficial, and president and a director of Beneficial.

8. On information and belief, Carmichael uses Beneficial to engage in the business of contracting for the manufacture of consumer products in the field of dietary supplements, and distributing those products to national chain retailers. One of the products Beneficial claims to own is a dietary supplement called WillpowerRx.

9. On information and belief, Carmichael uses the three Beneficial corporations interchangeably, without regard for corporate formalities, to carry out his business. On information and belief, Carmichael so dominates the finances, policies, and practices of the Beneficial corporations so as to make them sham

corporations or mere instrumentalities, whose separate corporate existence ought to be disregarded in order to avoid an injustice.

10. In 2004, Carmichael approached Integrated to ask it to be the manufacturer of WillpowerRx for sale by Beneficial to CVS. In his presentation to Integrated, Carmichael represented that Beneficial had obtained the agreement of CVS to place WillpowerRx in its stores, and to purchase WillpowerRx from Beneficial under payment terms denominated as "2% 30 Net 31." The payment terms 2% 30 Net 31(hereinafter, "Net 31") on a CVS purchase order mean that CVS will pay the invoice price, less a discount of two percent, within 30 days of the date of the invoice, or pay the full amount of the invoice if it is paid after 30 days.

11. Prior to receiving the CVS Net 31 purchase orders, Carmichael had proposed to CVS that Beneficial would accept payment terms of "pay on scan," meaning that payment by CVS would not be forthcoming until CVS made a sale of WillpowerRx. Carmichael did not reveal to Integrated that he had made such a proposal to CVS.

12. Carmichael provided to Integrated copies of the Net 31 purchase orders that Beneficial had received from CVS for WillpowerRx, as an inducement to Integrated to advance Beneficial financing for its WillpowerRx program. In reliance on the CVS net 31 purchase orders, Integrated entered into a financing agreement with Beneficial, and, pursuant to that agreement, advanced funds in excess of $245,000 to Beneficial in support of its WillpowerRx program. As collateral for the

financing, Integrated received a security interest in and assignment of purchase orders issued to Beneficial by CVS.

13. Following Integrated's initial financing of Beneficial's WillpowerRx program based on the CVS Net 31 purchase orders, Integrated, through its subsidiary Manhattan Drug Company, agreed to manufacture WillpowerRx for Beneficial, and ship the WillpowerRx to CVS, on extended payment terms. Integrated was induced to provide manufacturing for Beneficial on such terms in reliance on the CVS Net 31 purchase orders that had been, and were continuing to be, issued by CVS to Beneficial for the WillpowerRx.

14. Integrated manufactured WillpowerRx for Beneficial, and shipped the WillpowerRx to CVS, pursuant to the CVS Net 31 purchase orders. The total cost of the WillpowerRx that Integrated manufactured and shipped in reliance on the CVS purchase orders is in excess of $400,000.

15. Integrated would never have advanced funds to Beneficial, or manufactured and shipped WillpowerRx to CVS, but for the existence of the CVS purchase orders with Net 31 terms, and the represenations by Carmichael that these were valid purchase orders.

16. Carmichael issued to Integrated his personal guaranty of all Beneficial debt to Integrated.

17. Integrated fully performed in providing financing and manufactured product to Beneficial. Integrated has invoiced Beneficial for the amounts due and owing to Integrated, and Beneficial has failed to pay.

**COUNT I**
**Piercing Corporate Veil**

18. Integrated realleges each and every allegation of paragraphs 1 through 17 as if separately set forth herein.

19. Carmichael has abused the corporate form to perpetrate a fraud on the creditors of Beneficial. Under the circumstances, Carmichael should be deemed to be indistinguishable.

20. Carmichael is personally liable for the debts of Beneficial to Integrated.

21. Integrated has suffered money damages as a result of Beneficial's breach of contract.

**COUNT II**
**Personal Guaranty**

22. Integrated realleges each and every allegation of paragraphs 1 through 17 as if separately set forth herein.

23. Beneficial has failed to pay its debts to Integrated.

24. Carmichael as the personal guarantor of the debts of Beneficial to Integrated is personally liable for those debts.

WHEREFORE, Integrated demands judgment against Harvey Carmichael for compensatory damages in an amount in excess of $650,000, plus interest and costs.

INTEGRATED DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 824-5150
(401) 824-5123 (fax)
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 21st day of December, 2006, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

/s/ R. Daniel Prentiss

#1108