**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CVS PHARMACY, INC.<br><br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC.,<br>BENEFICIAL HEALTH SYSTEMS, INC.,<br>BENEFICIAL NUTRACEUTICALS, INC.<br>INTEGRATED BIOPHARMA, INC., and<br>CONTEMPORARY MARKETING, INC.<br><br>Defendants. | CIVIL ACTION NO. 05-171T |

**ANSWER OF CROSS CLAIM DEFENDANT CONTEMPORARY MARKETING, INC.**
**TO CROSS CLAIM OF INTEGRATED BIOPHARMA, INC.**

Cross Claim Defendant Contemporary Marketing, Inc. ("CMI"), hereby responds to the Cross Claim filed by Integrated Biopharma, Inc. ("Integrated") as follows:

**FACTUAL BACKGROUND**

1. Upon information and belief, CMI admits the allegations contained in this paragraph.

2. Upon information and belief, CMI admits the allegations contained in this paragraph.

3. Upon information and belief, CMI admits the allegations contained in this paragraph.

4. CMI admits the allegations contained in this paragraph.

5. This paragraph states conclusions of law to which no response is required.

6. This paragraph states conclusions of law to which no response is required.

7. Upon information and belief, CMI admits the allegations contained in this paragraph.

8. CMI admits that it is in the business of marketing and sales representation for clients, some of whom desire to place their products with large retailers. CMI admits the allegations contained in the second sentence of this paragraph.

9. CMI admits the allegations contained in this paragraph.

10. CMI admits the allegations contained in this paragraph as they pertain to CMI and further answers that CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to CVS.

11. CMI denies the allegations contained in this paragraph.

12. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. CMI denies the allegations contained in this paragraph as they relate to CMI. In further answering, CMI states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

19. CMI denies the allegations contained in this paragraph as they relate to CMI. In further answering, CMI states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

20. CMI states that the pleadings and other documents filed in this litigation speak for themselves.

21. CMI states that the pleadings and other documents filed in this litigation speak for themselves.

## AMENDED COUNTERCLAIM

22-47. No response is required from CMI with respect to the allegations contained in the Amended Counterclaim as it does not assert claims against CMI.

## CROSSCLAIM AGAINST BENEFICIAL

48-63. No response is required from CMI with respect to the allegations contained in the Crossclaim against Beneficial as it does not assert claims against CMI.

## CROSSCLAIM AGAINST CMI

### Count I – Fraud

64. CMI restates and reasserts its responses to the allegations contained in paragraphs 1 through 22 as if set forth fully herein.

65. CMI denies that CVS promised to purchase Beneficial's product on net 31 payment terms and, therefore, denies the allegations contained in this paragraph.

66. CMI denies the allegations contained in this paragraph.

67. CMI denies the allegations contained in this paragraph.

68. CMI denies that the payment terms agreed to by CVS are as represented by Integrated in this paragraph and otherwise denies the allegations contained in this paragraph.

69. CMI denies the allegations contained in this paragraph.

70. CMI denies the allegations contained in this paragraph.

**Count II – Promissory Estoppel**

71. CMI restates and reasserts its responses to the allegations contained in paragraphs 1 through 70 as if set forth fully herein.

72. CMI denies the allegations contained in this paragraph.

73. CMI denies the allegations contained in this paragraph.

74. CMI denies the allegations contained in this paragraph.

75. CMI denies the allegations contained in this paragraph.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

CMI incorporates herein by reference its defenses as asserted to the complaint filed by CVS and the Cross Claims filed by Beneficial against CMI.

**SECOND AFFIRMATIVE DEFENSE**

Integrated's claims are barred because CMI had no duty to Integrated.

**THIRD AFFIRMATIVE DEFENSE**

Integrated's claims are barred because Integrated's reliance, if any, upon representations by CMI were not reasonable.

**FOURTH AFFIRMATIVE DEFENSE**

Integrated's claims are barred as there is no contract between Integrated and CMI and Integrated cannot be considered to be a third party beneficiary of any agreement between Beneficial and CMI.

WHEREFORE, CMI demands judgment dismissing Integrated's Cross Claim with prejudice, together with its attorney's fees, costs and such other and further relief as this Court deems just.

Respectfully submitted,

CONTEMPORARY MARKETING, INC.,

By its attorneys,

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo, (#5862)
HINSHAW & CULBERTSON, LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700
(401) 454-8055 (facsimile)

Dated: December 22, 2006

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 22, 2006.

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo