UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC.<br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC., et al.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-CV-171 T |

**ANSWER OF THE BENEFICIAL DEFENDANTS TO DEFENDANT INTEGRATED BIOPHARMA, INC.'S CROSS CLAIMS**

The Beneficial Defendants, by and through counsel, hereby answer Defendant Integrated Biopharma Inc.'s cross claim as follows:

**FIRST DEFENSE**

Integrated's cross claim against the Beneficial Defendants fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. With respect to the individually numbered paragraphs set forth in Integrated's Counterclaim and Cross Claims , the Beneficial Defendants (hereinafter "Beneficial") hereby answer as follows:

a. Beneficial admits the allegations set forth in paragraphs 1, 2, 4, 5, 6, 8, 9, 11, 15, 17 and 18 of Integrated's "Factual Background."

b. Beneficial denies the allegations set forth in paragraphs 3 and 7 of Integrated's "Factual Background."

c. With respect to the allegations set forth in paragraphs 10, 16, 20 and 21 of Integrated's "Factual Background," Beneficial lacks sufficient knowledge to form a

belief as to the truth or falsity of the information contained therein and therefore denies the same.

d. With respect to the allegations set forth in paragraph 12 of Integrated's "Factual Background," Beneficial admits that it approached Integrated to ask it to be its manufacturer and further admits that following Beneficial's receipt of the purchase orders from CVS and confirmation from CMI that the terms contained in the purchase orders accurately reflected the terms CMI had been able to negotiate with CVS on Beneficial's behalf, Beneficial shared that information with Integrated. Additionally, Integrated received separate and independent confirmation of those terms from its own agent and/or employee that attended a meeting with CMI on Integrated's behalf during which time CMI confirmed payment terms of 2% 30 Net 31 as represented in the CVS purchase orders.

e. With respect to the allegations set forth in paragraph 13 of Integrated's "Factual Background," Beneficial objects to the word "inducement" and asserts that it did not try to "induce" Integrated to do anything. Beneficial admits that it presented Integrated with copies of the purchase orders it had received from CVS at Integrated's request. Beneficial admits the remaining allegations set forth in paragraph 13.

f. With respect to the allegations set forth in paragraph 14 of Integrated's "Factual Background," Beneficial objects to the use of the word "inducement" again and any implication that Beneficial intentionally and/or knowingly "induced" Integrated to act to its detriment. Without waiving this objection, Beneficial admits the remaining allegations set forth in paragraph 14.

g. With respect to the allegations set forth in paragraph 19 of Integrated's

"Factual Background," Beneficial denies that CVS made payment of ANY of the Net 31 purchase orders according to their terms and affirmatively alleges that NONE of the invoices were paid in a timely manner or in the time period contemplated and required by the terms contained in the purchase orders. Beneficial admits the remaining allegations contained in paragraph 19.

h.. The allegations set forth in paragraphs 22-47 comprise Integrated's Counterclaim against CVS and are not directed at this answering Defendant and therefore no answer is given..

i. The allegations set forth in paragraphs 64-75 comprise Integrated's Cross Claim against Defendant CMI and are not directed at this answering Defendant and therefore no answer is given.

j. Beneficial admits the allegations set forth in paragraphs 49 and 50 of Integrated's Cross Claim against Beneficial.

k. With respect to the allegations set forth in paragraph 51 of Integrated's Cross Claim against Beneficial, Beneficial admits that it has not paid Integrated in full for the product Integrated manufactured and shipped but indicates that payment has been delayed ONLY as the result of CVS's refusal to honor its contractual obligations to Beneficial and pay for the product that it has received.

l. With respect to the allegations set forth in paragraphs 52-63 of Integrated's Cross Claim against Beneficial, Beneficial denies the same and affirmatively asserts that Integrated's fraud claim has been brought in bad faith.

m. Beneficial denies each and every allegation of Integrated's Cross Claim not specifically admitted herein.

**THIRD DEFENSE**

Integrated's cross claim of fraud against Beneficial has been brought in bad faith. Integrated sent its own personal representative to a meeting with Beneficial and CMI to independently verify and ascertain the contract terms that CMI had negotiated with CVS on behalf of Beneficial and knows that Beneficial has always believed and has had good reason and a good faith basis to believe that CMI negotiated and obtained payment terms from CVS of 2% 30 net 31.

**FOURTH DEFENSE**

Integrated's damages and/or losses, if any, are the fault and responsibility of third parties over which this answering Defendant had no authority or control.

**FIFTH DEFENSE**

Any claim Integrated has for payment in this matter should be asserted against CVS and CMI, as those are the parties that owe Integrated for both the credit and the product Integrated has extended to Beneficial in this matter.

**SIXTH DEFENSE**

Integrated has failed to plead its cross claim with sufficient specificity and the same should be denied.

**SEVENTH DEFENSE**

By refusing to continue in a joint defense with Beneficial against CVS and CMI, Integrated has made it impossible for Beneficial to pursue its claims against CVS for the $1.3 million receivable that is owed in this matter–thereby making it impossible for Beneficial to repay Integrated for any portion of the receivable that it is owed.

**EIGHTH DEFENSE**

The acts and/or omissions giving rise to Integrated's losses, if any, are attributable to Integrated itself and/or third parties over whom these answering Defendants have no authority or control.

**NINTH DEFENSE**

The Beneficial Defendants, at all times relevant hereto, have negotiated and conducted business and reached agreements with Integrated in good faith and at no time have ever intentionally, knowingly or negligently misrepresented any material fact to Integrated or any representative thereof.

**TENTH DEFENSE**

The Beneficial Defendants, along with Integrated, are the victims of the fraudulent representations made by CMI as well as CVS's breaches of its numerous purchase order contracts.

WHEREFORE, these answering Defendants ask that Integrated's Cross Claim filed against it be dismissed, with prejudice.

DATED this 15th ~~day~~ of December, 2006.

EISENBERG, GILCHRIST & MORTON

[signature]
JACQUELYNN D. CARMICHAEL
Pro Hac Vice counsel for Beneficial

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2006, a copy of the foregoing was ~~faxed and~~ mailed, U.S. first class postage prepaid, to the following:

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, R.I. 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza, Suite 1800
Providence, RI 02903

/s/ [signature]