UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against - Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC.,
BENEFICIAL NUTRACEUTICALS, INC.,
INTEGRATED BIOPHARMA, INC., and
CONTEMPORARY MARKETING, INC.

Defendants.

---

**PLAINTIFF'S REPLY TO AMENDED COUNTERCLAIMS OF DEFENDANT INTEGRATED BIOPHARMA, INC.**

Plaintiff CVS Pharmacy, Inc. ("CVS"), by its attorneys, Edwards & Angell LLP, replies to the counterclaim of defendant Integrated Biopharma, Inc., ("Integrated") as follows:

1. CVS admits that Integrated is a Delaware Corporation with a principal place of business in Hillside, New Jersey. CVS denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "1" of Integrated's Counterclaim.

2. CVS admits each and every allegation set forth in paragraph "2" of Integrated's Counterclaim.

3. CVS admits each and every allegation set forth in paragraph "3" of Integrated's Counterclaim.

4. CVS admits each and every allegation set forth in paragraph "4" of Integrated's Counterclaim.

5. CVS admits each and every allegation set forth in paragraph "5" of Integrated's Counterclaim.

6. CVS admits each and every allegation set forth in paragraph "6" of Integrated's Counterclaim.

7. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of Integrated's Counterclaim.

8. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8"of Integrated's Counterclaim.

9. CVS admits that CMI helped arrange a relationship between CVS and Beneficial whereby CVS would carry WillpowerRX in its stores and purchase WillpowerRX on a "Pay on Scan" basis. CVS denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "9" of Integrated's Counterclaim.

10. CVS denies that it knew that Beneficial was not a manufacturer of WillpowerRX and that it would be required to make arrangements with a manufacturer to produce WillpowerRX for sale to CVS. CVS denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "10" of Integrated's Counterclaim.

11. CVS admits that in 2004, it issued purchase orders. CVS denies the remaining allegations set forth in paragraph "11" of Integrated's Counterclaim.

12. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of Integrated's Counterclaim.

13. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of Integrated's Counterclaim.

14. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of Integrated's Counterclaim.

15. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of Integrated's Counterclaim.

16. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of Integrated's Counterclaim.

17. CVS denies each and every allegation set forth in paragraph "17" of Integrated's Counterclaim.

18. CVS admits that at one point, Beneficial directed CVS to make payments to Integrated. CVS denies that it acknowledged that direction. CVS denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "18" of Integrated's Counterclaim.

19. CVS denies each and every allegation set forth in paragraph "19" of Integrated's Counterclaim.

20. CVS admits that it purchased WillpowerRx pursuant to "Pay on Scan" payment terms. CVS denies all other allegations set forth in paragraph "20" of Integrated's Counterclaim.

21. CVS denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of Integrated's Counterclaim.

22. CVS denies each and every allegation set forth in paragraph "22" of Integrated's Counterclaim.

23. CVS denies each and every allegation set forth in paragraph "23" of Integrated's Counterclaim.

24. CVS denies each and every allegation set forth in paragraph "23" of Integrated's Counterclaim.

25. CVS denies each and every allegation set forth in paragraph "25" of Integrated's Counterclaim.

26. CVS denies each and every allegation set forth in paragraph "26" of Integrated's Counterclaim.

27. CVS denies each and every allegation set forth in paragraph "27" of Integrated's Counterclaim.

28. CVS denies each and every allegation set forth in paragraph "28" of Integrated's Counterclaim.

29. CVS incorporates all prior responses in their response to paragraph "29" of Integrated's Counterclaim.

30. CVS denies each and every allegation set forth in paragraph "30" of Integrated's Counterclaim.

31. CVS denies each and every allegation set forth in paragraph "31" of Integrated's Counterclaim.

32. CVS denies each and every allegation set forth in paragraph "32" of Integrated's Counterclaim.

33. CVS incorporates all prior responses in their response to paragraph "33" of Integrated's Counterclaim.

34. CVS denies each and every allegation set forth in paragraph "34" of Integrated's Counterclaim.

35. CVS incorporates all prior responses in their response to paragraph "35" of Integrated's Counterclaim.

36. CVS incorporates all prior responses in their response to paragraph "36" of Integrated's Counterclaim.

37. CVS denies each and every allegation set forth in paragraph "37" of Integrated's Counterclaim.

38. CVS denies each and every allegation set forth in paragraph "38" of Integrated's Counterclaim.

39. CVS denies each and every allegation set forth in paragraph "39" of Integrated's Counterclaim.

40. CVS incorporates all prior responses in their response to paragraph "40" of Integrated's Counterclaim.

41. CVS denies each and every allegation set forth in paragraph "41" of Integrated's Counterclaim.

42. CVS denies each and every allegation set forth in paragraph "42" of Integrated's Counterclaim.

43. CVS denies each and every allegation set forth in paragraph "43" of Integrated's Counterclaim.

44. CVS denies each and every allegation set forth in paragraph "44" of Integrated's Counterclaim.

45. CVS incorporates all prior responses in their response to paragraph "45" of Integrated's Counterclaim.

46. CVS denies each and every allegation set forth in paragraph "46" of Integrated's Counterclaim.

47. CVS denies each and every allegation set forth in paragraph "47" of Integrated's Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

48. Integrated fails to state a claim against CVS upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

49. Integrated's claims are barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

50. Integrated's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

51. Integrated's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

52. There is no consideration for the alleged payment terms that Integrated seeks to include in the contract(s) between Beneficial and CVS.

### SIXTH AFFIRMATIVE DEFENSE

53. The payment terms that Integrated allegedly relied on constitutes a mutual mistake.

### SEVENTH AFFIRMATIVE DEFENSE

54. Integrated's claims are barred as Beneficial is in breach of contract(s).

**EIGHTH AFFIRMATIVE DEFENSE**

55. Integrated's claims are barred as Beneficial failed to satisfy a condition precedent to the contract(s) between CVS and beneficial.

**NINTH AFFIRMATIVE DEFENSE**

56. Pursuant to U.C.C. 2-207, the alleged payment terms did not become part of the contract(s) between the parties.

**TENTH AFFIRMATIVE DEFENSE**

57. Integrated's claim based on (negligent) misrepresentation is barred as CVS does not owe Integrated and/or Beneficial a duty of care.

**ELEVENTH AFFIRMATIVE DEFENSE**

58. Integrated's claim based on (negligent) misrepresentation is barred as there can be no recovery for this tort in a commercial setting.

**TWELFTH AFFIRMATIVE DEFENSE**

59. Integrated's claim of (negligent) misrepresentation is barred as it is based on alleged unfulfilled promises or statements as to future events.

**THIRTEENTH AFFIRMATIVE DEFENSE**

60. Integrated's claim of (negligent) misrepresentation is barred as Integrated was not an intended recipient of any of CVS representations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

61. Integrated's claim of (negligent) misrepresentation is barred as Integrated's alleged reliance on CVS' purchase orders was not reasonably foreseeable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

62. Integrated's claims are barred based on Integrated and/or Beneficial's contributory negligence.

**SIXTEENTH AFFIRMATIVE DEFENSE**

63. Integrated's claims are barred as Integrated and/or Beneficial failed to mitigate damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

64. Payment terms were pay on scan.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

65. Integrated lacks standing to assert its counterclaims.

**NINETEENTH AFFIRMATIVE DEFENSE**

66. Integrated is not an intended beneficiary of any contracts between CVS and Beneficial.

**TWENTIETH AFFIRMATIVE DEFENSE**

67. Integrated is not in privity of contract with the plaintiff.

68. CVS reserves its right to add additional defenses in the course of these proceedings.

WHEREFORE, CVS demands judgment dismissing Integrated's Counterclaim with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Dated: December 26, 2006
Providence, Rhode Island

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP

By: /s/ Todd M. Reed

Todd M. Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of December, 2006, I did serve a true copy of the within document via the Court's ECF system and by regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903
(617) 213-7001

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
(801) 350-0065

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza
Suite 1800
Providence, RI 02903
Fax: (401) 824-5123

/s/ Todd M. Reed