UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS, INC. :
:
v. : C.A. No. 05-CV-171T
:
BENEFICIAL HOLDINGS, INC., et al. :

**RESPONSE OF INTEGRATED BIOPHARMA, INC. TO COURT'S BIFURCATION ORDER**

Integrated BioPharma, Inc. ("Integrated") objects to the Court's order of bifurcation, as described in the order dated December 19, 2006, only to the extent that the order would have the effect of eliminating any of Integrated's claims against CVS from the first liability trial.

As the Court is aware, Integrated was the manufacturer of the product that was purchased by CVS pursuant to the purchase orders issued by CVS to Beneficial Health Systems ("Beneficial"). Beneficial assigned those purchase orders to Integrated as security for Beneficial's indebtedness to Integrated.

Integrated's claims against CVS fall into three categories. In the first, as assignee, Integrated stands in the place of Beneficial with respect to the purchase orders. As to that claim, Integrated's case is dependent on the adjudication of the effective payment term of the purchase orders, and whether CVS can prove that there was a *mutual* mistake as to that term.

The second claim arises from Integrated's contention that it is a third party beneficiary of the contract between CVS and Beneficial. This is closely related to the direct contract claim as assignee, and will entail largely the same proof.

The third claim is based on promissory estoppel. This claim is not rooted in the law of contract, and exists independently from the issue of the intent of Beneficial and CVS in the contract(s) they formed. The issues to be tried on the promissory estoppel claim are essentially the foreseeability to CVS that a third party would rely on the payment terms set forth in the purchase orders, and the extent to which Integrated did so rely, to its detriment.

While there are distinct legal theories supporting the three categories of Integrated's claims against CVS, Integrated expects that there will be substantial overlap in the evidence that relates to them. In each case, the focus of the inquiry will be the communications and other documents that relate to the CVS decision to select Beneficial as a product vendor and issue purchase orders to Beneficial. Integrated anticipates that the evidence on all issues will be introduced largely through the same witnesses. Therefore, the inclusion in the initial liability trial of all of Integrated's claims against CVS should not have any appreciable effect on the length or complexity of the trial. On the other hand, separate trial of the promissory estoppel will entail having the same witnesses appearing at two different trials. Integrated believes that a single trial that combines all of its claims against CVS would be a more efficient and economical plan for this litigation.

For these reasons, Integrated respectfully requests that in bifurcating the trial, all of its claims against CVS be included in the initial trial. If CVS is found liable on any of the theories, such a finding would obviate the trial of the second tier of Integrated's claims against Contemporary Marketing, Inc., Beneficial, and Harvey Carmichael.

Respectfully submitted,

Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 824-5150
(401) 824-5123 (fax)
dan@prentisslaw.com

**CERTIFICATION**

I hereby certify that on this 11th day of January, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

/s/ R. Daniel Prentiss