UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS PHARMACY, INC.

Plaintiff,

v.

BENEFICIAL HOLDINGS, INC.,
BENEFICIAL HEALTH SYSTEMS, INC.,
BENEFICIAL NUTRACEUTICALS, INC.
INTEGRATED BIOPHARMA, INC., and
CONTEMPORARY MARKETING, INC.

Defendants.

CIVIL ACTION NO. 05-171T

**MEMORANDUM IN SUPPORT OF OBJECTION OF CROSS CLAIM DEFENDANT CONTEMPORARY MARKETING, INC. TO PROPOSED BIFURCATION ORDER**

Cross Claim Defendant Contemporary Marketing, Inc. ("CMI") hereby submits the following memorandum in support of its objection to the Court's proposed Bifurcation Order.

**MEMORANDUM**

In its count for declaratory judgment, CVS asks the Court to determine, in part, (1) that the payment terms of the contract between CVS and Beneficial were "pay-on-scan," and (2) that any payment terms contained in CVS' purchase orders that differed from the payment term "pay-on-scan" would materially alter the contract and are therefore not a part of it, or, in the alternative, that the terms of the purchase orders contain mutual mistakes and should be reformed to correctly reflect the agreement of the party that the terms were "pay-on-scan."

In its Cross Claim against CMI, Beneficial Holdings ("Beneficial") asserts claims for fraud/misrepresentation, breach of fiduciary duty, negligent misrepresentation, intentional interference with contractual relations and intentional interference with prospective economic advantage. In essence, Beneficial argues that it was misled by CMI into believing that the terms

of the contract were "2% 30 net 31" and not "pay-on-scan" and that it was based on these alleged misrepresentations that Beneficial shipped its product in response to the CVS purchase orders with the mistaken payment term. Similarly, in its Cross Claim, Integrated BioPharma, Inc. ("Integrated") asserts claims for fraud and promissory estoppel, alleging that Integrated was misled by the same alleged misrepresentations.

Presumably, to support its claim that the terms were "pay-on-scan" and that Beneficial understood that the deal was on a "pay-on-scan" basis, despite the language in the purchase orders, CVS will present testimony from CMI witnesses, as to what CMI understood and communicated to both CVS and Beneficial about payment terms. CMI would present the same witnesses and testimony in defense of the Cross Claims to show that Beneficial understood all along that the terms were "pay on scan." If CVS prevails, and a second trial proceeds on the remaining claims, CMI will be in the position of having to present these witnesses again.

In addition, because Beneficial has claimed a jury, unless the same jury is used to hear the evidence, there is also a possibility of an inconsistent judgment, in the event CVS prevails. While the first jury may believe CMI's witnesses that Beneficial was fully aware that the terms of the agreement were "pay-on-scan," a second jury could find differently, resulting in inconsistent results with respect to the central issue in the case, that is, what did Beneficial understand with respect to the terms of the agreement with CVS. The possibility of this inconsistency, along with the potential re-presentation of the evidence, outweighs any efficiency that might be gained by trying the CVS declaratory judgment count separate from the other counts. While CMI recognizes that the multiplicity of claims raised both by Beneficial and Integrated complicate this matter, because much of the same evidence will be presented to support or defend against all of these claims, efficiency is gained only in the event that CVS does not prevail and the Court finds that CVS is liable to Beneficial under the agreement.

**CONCLUSION**

For the foregoing reasons, CMI respectfully objects to the Court's proposed Bifurcation Order. CMI does not object to the Court's earlier order that the matter be bifurcated with respect to liability and damages.

Respectfully submitted,

CONTEMPORARY MARKETING, INC.,

By its attorneys,

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo, (#5862)
HINSHAW & CULBERTSON, LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700
(401) 454-8055 (facsimile)

Dated: January 12, 2007

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 12, 2007.

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo