UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**MOTION OF INTEGRATED BIOPHARMA, INC.TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Integrated BioPharma, Inc. ("Integrated") seeks an order compelling plaintiff CVS, Inc. ("CVS") to provide responsive answers to interrogatories. The answers given substitute posturing and argument for the facts that are requested.

**Background**

This case arises out of a large volume of purchase orders issued by CVS for a dietary supplement product marketed by the defendant Beneficial Health Systems ("Beneficial"). Integrated was the manufacturer of the product. During 2004 and 2005, CVS issued upwards of 40 separate purchase orders for the product. Integrated manufactured and shipped the product to CVS in response to the purchase orders; Beneficial issued invoices to CVS relative to the purchase orders, and CVS in turn made payments to Integrated for some of the purchase orders. The purchase orders contained payment terms; on many, the payment term was "2%30net31"; on others, the payment term was blank. CVS claims that the "2%30net31" term was inserted by mistake.

There is a significant volume of documents that relate to the transaction, including purchase orders, invoices, and accounts payable registers. The accounts payable registers appear to document all payments made by CVS, refer to both purchase order and invoice numbers, and also include numerous entries that appear to be adjustments to payments.

CVS maintains on its computers all of the relevant details of the transaction, in one centralized location. Accordingly, in order to obtain a single, comprehensive tabulation of the data regarding the purchase orders that are at issue in this litigation, Integrated served the following interrogatories on CVS:

**INTERROGATORY NO. 1**: Identify all purchase orders issued by CVS for the product "WillpowerRx." For each such purchase order, state the following:

a. Date

b. Purchase order number

c. Quantity ordered

d. Dollar amount

e. Payment terms

f. Invoice number for product shipped under purchase order

**INTERROGATORY NO. 2**: Identify all payments made by CVS for WillpowerRX. For each such payment, state the following:

a. Date of the payment

b. Payment amount

c. Purchase order(s) and invoice number(s) for which the payment was made

d. The amounts and explanations for all adjustments

CVS responded[1] with numerous objections, and partial answers. For interrogatory number 1, CVS provided no response to subpart f, and as to payment terms, substituted its litigating position for the facts. According to the chart prepared as the response to this interrogatory, CVS stated that the payment terms on the purchase orders were either "ERROR," or "PAY ON SCAN." In fact, no purchase orders contained either the words

[1] The full answers are appended hereto.

"error" or "pay on scan." Not surprisingly, the answers were not signed by a responsible CVS official under oath, as required by Rule 33.

With respect to interrogatory number 2, CVS provided a tabulation that appears to show a total of seven checks having been paid. The table contains partial information on the purchase orders for which payment was made, and no information as to either the invoices paid or the adjustments to payments. Further, the information in this table is at odds with other documents that CVS has produced, which appear to show at least ten checks having been paid, in amounts differing from the amounts in the table.

Integrated also propounded an interrogatory to CVS to define the payment term that is at issue in the case:

**INTERROGATORY NO. 5**: Define the payment term "2% 30 net 31" as that term is used by CVS.

CVS responded,

"CVS objects to this interrogatory on the basis that there is no definition to apply to this term. The term "2%30net31 was improperly inserted on the invoices."

**Argument**

CVS's objections to these interrogatories are not founded on any recognized privilege or other legal doctrine that would protect it from being required to answer the questions. The interrogatories clearly meet the test of Rule 26 of being "relevant to a claim or defense of any party." The only ostensible reason for CVS's refusal to answer is that it dislikes the look of a compilation of the facts that are requested. That is not a basis that is recognized under the Federal Rules of Civil Procedure.

Integrated propounded these interrogatories in good faith, to obtain from the one party that has the information in readily accessible form, data that are central to the case,

and a concise explanation of the payment term that was included in the purchase orders. The facts to be elicited define and quantify the issues to be tried. There is no basis for CVS's refusal to respond.

Respectfully submitted,
Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
(401) 824-5150
(401) 824-5181 (fax)
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 29th day of January, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

/s/ R. Daniel Prentiss

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**MOTION OF INTEGRATED BIOPHARMA, INC.TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

# Exhibit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING, INC.

Defendants.

**PLAINTIFF'S RESPONSE TO INTEGRATED BIOPHARMA'S INTERROGATORIES**

Plaintiff CVS Pharmacy, Inc. ("CVS"), objects and responds to Defendant Integrated BioPharma's ("Integrated") Interrogatories as follows:

**COMMENTS AND QUALIFICATIONS WITH RESPECT TO INTEGRATED'S INTERROGATORIES**

Plaintiff has endeavored to answer Integrated's Interrogatories on the basis of data now available. Material or documentation subsequently obtained by the Plaintiff, from the defendants, or other sources, through further investigation or future utilization of discovery procedures, will be provided if such information is relevant to the substance of Integrated's interrogatories and to Plaintiff's responses thereto. In so far as persons not currently employed by the Plaintiff may have information or documents relevant to the subject matter of Plaintiff's answers, Plaintiff does not purport to provide any information or material possessed by such persons.

In addition, Plaintiff's responses are made expressly preserving and without waiving the following:

1. The right to object on the grounds of competency, privilege, relevancy, materiality admissibility, or any other proper ground to the use of any material produced herein, in whole or in part, for any purpose in any subsequent proceeding in this action (including, but not limited to the trial of this action) or any other action;

2. The right to object on any and all proper grounds, at any time, to other or further requests or other or further discovery procedures involving or relating to the subject matter of any demand answered and/or objected to herein; and

3. The right to revise, correct, modify, supplement, or clarify at any time any of the answers provided herein.

In the event any information/documents are inadvertently produced that fall within the attorney-client privilege and/or are protected by attorney work product privileges, Plaintiff shall not be deemed to have waived their privileges as to such documents or any other matter arising during the course of this litigation or any subsequent proceeding.

**GENERAL OBJECTIONS**

1. Plaintiff objects to Integrated's interrogatories insofar as they exceed the scope of discovery permissible under the Federal Rules of Civil Procedure, or to the extent that they impose obligations on the Plaintiff that exceed those contemplated pursuant to the Federal Rules of Civil Procedure.

2. Plaintiff objects to Integrated's interrogatories to the extent that they are overbroad and seek information outside the scope of the allegations contained in the Complaint and the counterclaims.

3. Plaintiff objects to Integrated's interrogatories to the extent that they do not identify the time period in question, are ambiguous as to time frame or refer to a time period unrelated to the Complaint.

4. Plaintiff objects to Integrated's interrogatories to the extent that they call for information which may be obtained from some other source that is more convenient, less burdensome, or less expensive or otherwise imposes upon Plaintiff a vexatious and undue burden, is oppressive and/or intended to harass Plaintiff.

5. Plaintiff objects to Integrated's interrogatories to the extent that they are vague, ambiguous, or otherwise lack sufficient precision to permit a response.

6. Plaintiff objects to Integrated's interrogatories to the extent that they seek material and/or information prepared by or developed at the direction of counsel, which is protected and privileged as attorney work product or subject to the attorney-client privilege.

7. Plaintiff objects to Integrated's interrogatories to the extent that they seek information that is irrelevant to the issues in this case or is not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to Integrated's interrogatories insofar as they seek information that is confidential, a trade secret, subject to privacy rights or otherwise propriety in nature, the disclosure of which would or could harm the Plaintiff.

9. Plaintiff objects to Integrated's interrogatories insofar as they are unreasonably cumulative or duplicative or to which Beneficial had had full access and/or have obtained through other means.

10. Plaintiff objects to Integrated's interrogatories insofar as they call for legal contentions, opinions, conclusions or expert analysis.

11. Plaintiff make each of their responses to Integrated's interrogatories without conceding that the information sought therein, or any part thereof, is relevant to the subject matter of this action, is admissible in evidence or is material or necessary to the prosecution of this action.

Without waiving each of the foregoing grounds of objection, or any other ground that may be available, Plaintiff responds as follows:

## SPECIFIC RESPONSES

**Interrogatory No. 1:** 1. Identify all purchase orders issued by CVS for the product "WillpowerRx." For each such purchase order state the following:

a. Date

b. Purchase order number

c. Quantity ordered

d. Dollar amount

e. Payment terms

f. Invoice number for product shipped under purchase order

**Response:**

CVS objects to this interrogatory to the extent that it contains multiple parts. Integrated calls for a list of the following information: 1) purchase order dates; 2) purchase order numbers; 3) Purchase order quantity; 4) purchase order dollar amount (price); 5) purchase order payment terms; and 6) the Invoice number for product shipped under the purchase order.

CVS further objects on the grounds that the term "date" is unclear, ambiguous, and undefined. For the purpose of these interrogatories, CVS will assume Integrated is referring to the date that each CVS purchase order was issued.

CVS further objects to this interrogatory as the term "dollar amount" is unclear, ambiguous, and undefined. For the purpose of these interrogatories, CVS will assume Integrated is referring to the cost per unit indicated on each purchase order along with the extended cost. Note that CVS' purchase orders only contained the dollar amount per 12 case of WillPowerRx ($288 or $24 per individual unit) and do not indicate any extended cost (unit cost multiplied by number of units). Since CVS' purchase orders are governed by "Pay on Scan" payment terms, these "costs" are based on the assumption that the particular units of WillpowerRX would be actually sold at CVS' retail locations. CVS, however, is only obligated to pay for units of WillpowerRX that were actually sold at its retail locations.

CVS further objects to Integrated's request for payment terms, as Beneficial and CVS had agreed to "Pay on Scan" payment terms prior to CVS' issuance of any purchase orders. Accordingly, the parties intended that all CVS purchase orders for WillpowerRX contain "Pay on Scan" payment terms. Some of CVS' purchase orders for WillpowerRX, however, incorrectly contained the following language: "Disc. Pct: 2 Disc. Days: 30 Net Days: 31."

CVS further objects to this interrogatory as the term "Invoice number for product shipped under purchase order" is unclear, ambiguous, and undefined. Moreover, as Beneficial rather than CVS issued invoices, it appears as if this portion of the interrogatory should be directed towards Beneficial.

Without waiving objections, CVS has attached a spreadsheet responsive to Interrogatory number one as **Exhibit A**. All CVS purchase orders that contained the correct "Pay on Scan" payment terms will be identified as such. CVS purchase orders that incorrectly contained "Disc. Pct: 2 Disc. Days: 30 Net Days: 31" language will be identified as "Error." For the purpose of responding to this interrogatory, quantity will be measured in individual units of WillpowerRX.

**<u>Interrogatory No. 2:</u>** Identify all payments made by CVS for WillPowerRx. For each such payment, state the following:

a. Date of payment

b. Payment amount

c. Purchase order(s) and invoice number(s) for which the payment was made

d. The amounts and explanations for all adjustments

**<u>Response:</u>**

CVS objects to this interrogatory to the extent that it contains multiple parts. Integrated calls for a list of the following information: 1) payment date; 2) payment amount; 3) purchase order and invoice numbers for which the payment was made; and 4) adjustments with explanations.

CVS further objects to this interrogatory as the term "adjustments" is unclear, ambiguous, and undefined.

Without waiving objections, CVS has attached a spreadsheet responsive to Interrogatory number one as **Exhibit B**.

**<u>Interrogatory No. 3:</u>** With respect to the document appended hereto as Exhibit A, identify the person, and the person's employer, who entered the information "2%30Net31" next to the item marked "Pay Terms".

**<u>Response:</u>** This information was not entered by CVS. Upon information and belief, this information was entered by CMI.

**<u>Interrogatory No. 4:</u>** With respect to the document appended hereto as Exhibit A, identify the person, and the person's employer, who made the hand written notation crossing out "2%30Net31" and wrote the words "Pay on Scan," and state the date these entries were made.

**<u>Response:</u>** Lorraine Kournoyer

**<u>Interrogatory No. 5:</u>** Define the payment term "2%30 net 31" as that term is used by CVS.

**<u>Response:</u>**

CVS objects to this Interrogatory on the basis that there is no definition to apply to this term. The term "2%30 net 31" was improperly inserted on the invoices.

**<u>Interrogatory No. 6:</u>** Define the payment term "pay on scan" as that term is used by CVS.

**<u>Response:</u>**

"Pay on Scan" is a payment terms used in commercial transactions. This payment terms means that a purchaser of goods will only make payment for goods that the purchaser subsequently sells, and are therefore scanned at the cash register. Here, CVS was only required to pay Beneficial for goods (WillpowerRX) that CVS actually sold at its retail locations.

**<u>Interrogatory No. 7:</u>** Identify all CVS personnel who had responsibility for issuing the purchase orders identified in response to interrogatory number 1.

**<u>Response:</u>**

CVS objects to this interrogatory to the extent that the term "issue" is vague, ambiguous, and undefined. Without waving, objection, Bob Rusch was responsible for maintaining CVS computer system that issued purchase orders.

Dated: December 22, 2006
Providence, Rhode Island

Respectfully submitted,

EDWARDS ANGELL PALMER &
DODGE LLP

By: ______________________
Todd M. Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2006, I did send a true copy of the within document by regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903
(617) 213-7001

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
(801) 350-0065

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza
Suite 1800
Providence, RI 02903
Fax: (401) 824-5123

# EXHIBIT A

| Date | PO # | Quantity | Extended Cost | Dollar Amount | Payment Terms | Invoice # |
|---|---|---|---|---|---|---|
| 7/8/2004 | 1171369 | 1344 | 32,256.00 | 24 per unit | ERROR | |
| 7/8/2004 | 1643006 | 636 | 15,264.00 | 24 per unit | ERROR | |
| 7/8/2004 | 2652258 | 1500 | 36,000.00 | 24 per unit | ERROR | |
| 7/8/2004 | 3196050 | 1008 | 24,192.00 | 24 per unit | ERROR | |
| 7/8/2004 | 4780220 | 1296 | 31,104.00 | 24 per unit | ERROR | |
| 7/8/2004 | 5694346 | 1,140 | 27,360.00 | 24 per unit | ERROR | |
| 7/8/2004 | 6742908 | 732 | 17,568.00 | 24 per unit | ERROR | |
| 7/8/2004 | 7661905 | 864 | 20,736.00 | 24 per unit | ERROR | |
| 7/8/2004 | 8660958 | 948 | 22,752.00 | 24 per unit | ERROR | |
| 7/13/2004 | 1172093 | 1128 | 27,072.00 | 24 per unit | ERROR | |
| 7/13/2004 | 1643418 | 456 | 10,944.00 | 24 per unit | ERROR | |
| 7/13/2004 | 3196559 | 540 | 12,960.00 | 24 per unit | ERROR | |
| 7/13/2004 | 2653021 | 1716 | 41,184.00 | 24 per unit | ERROR | |
| 7/13/2004 | 4780857 | 432 | 10,368.00 | 24 per unit | ERROR | |
| 7/13/2004 | 5694796 | 456 | 10,944.00 | 24 per unit | ERROR | |
| 7/13/2004 | 6743481 | 228 | 5,472.00 | 24 per unit | ERROR | |
| 7/13/2004 | 7662304 | 216 | 5,184.00 | 24 per unit | ERROR | |
| 7/13/2004 | 8661351 | 348 | 8,352.00 | 24 per unit | ERROR | |
| 7/20/2004 | 1173196 | 960 | 23,040.00 | 24 per unit | ERROR | |
| 7/20/2004 | 2654169 | 756 | 18,144.00 | 24 per unit | ERROR | |
| 7/20/2004 | 3197366 | 300 | 7,200.00 | 24 per unit | ERROR | |
| 7/20/2004 | 4781889 | 96 | 2,304.00 | 24 per unit | ERROR | |
| 7/20/2004 | 5695490 | 360 | 8,640.00 | 24 per unit | ERROR | |
| 7/20/2004 | 6744393 | 48 | 1,152.00 | 24 per unit | ERROR | |
| 7/20/2004 | 7662859 | 48 | 1,152.00 | 24 per unit | ERROR | |
| 7/20/2004 | 8661970 | 48 | 1,152.00 | 24 per unit | ERROR | |
| 7/21/2004 | 1643971 | 12 | 288.00 | 24 per unit | ERROR | |
| 8/4/2004 | 1645399 | 216 | 5,184.00 | 24 per unit | ERROR | |
| 8/17/2004 | 1177413 | 732 | 17,568.00 | 24 per unit | ERROR | |
| 8/17/2004 | 1646374 | 24 | 576.00 | 24 per unit | ERROR | |
| 8/17/2004 | 2658306 | 600 | 14,400.00 | 24 per unit | ERROR | |
| 8/17/2004 | 3200227 | 252 | 6,048.00 | 24 per unit | ERROR | |
| 8/17/2004 | 4786038 | 96 | 2,304.00 | 24 per unit | ERROR | |
| 8/17/2004 | 5698166 | 324 | 7,776.00 | 24 per unit | ERROR | |
| 8/17/2004 | 6748240 | 48 | 1,152.00 | 24 per unit | ERROR | |
| 8/17/2004 | 7665377 | 48 | 1,152.00 | 24 per unit | ERROR | |
| 8/17/2004 | 8664454 | 48 | 1,152.00 | 24 per unit | ERROR | |
| 8/19/2004 | 1177798 | 3288 | 78,912.00 | 24 per unit | ERROR | |
| 8/19/2004 | 1646511 | 1644 | 39,456.00 | 24 per unit | ERROR | |
| 8/19/2004 | 2658576 | 3540 | 84,960.00 | 24 per unit | ERROR | |
| 8/19/2004 | 3200505 | 2664 | 63,936.00 | 24 per unit | ERROR | |
| 8/19/2004 | 4786302 | 3312 | 79,488.00 | 24 per unit | ERROR | |
| 8/19/2004 | 5698321 | 3060 | 73,440.00 | 24 per unit | ERROR | |
| 8/19/2004 | 6748490 | 1800 | 43,200.00 | 24 per unit | ERROR | |
| 8/19/2004 | 7665559 | 2184 | 52,416.00 | 24 per unit | ERROR | |
| 8/19/2004 | 8664624 | 2460 | 59,040.00 | 24 per unit | ERROR | |
| 8/25/2004 | 3201056 | 216 | 5,184.00 | 24 per unit | ERROR | |
| 8/27/2004 | 7666236 | 96 | 2,304.00 | 24 per unit | ERROR | |
| 8/30/2004 | 3201568 | 396 | 9,504.00 | 24 per unit | ERROR | |
| 8/30/2004 | 5699256 | 204 | 4,896.00 | 24 per unit | ERROR | |

| | | | | | |
|---|---|---|---|---|---|
| 8/30/2004 | 6749916 | 204 | 4,896.00 | 24 per unit | ERROR |
| 8/30/2004 | 7666395 | 96 | 2,304.00 | 24 per unit | ERROR |
| 8/30/2004 | 8665493 | 96 | 2,304.00 | 24 per unit | ERROR |
| 9/1/2004 | 2660779 | 204 | 4,896.00 | 24 per unit | ERROR |
| 9/2/2004 | 1180110 | 504 | 12,096.00 | 24 per unit | ERROR |
| 9/15/2004 | 1181825 | 612 | 14,688.00 | 24 per unit | PAY ON SCAN |
| 9/15/2004 | 1648801 | 24 | 576.00 | 24 per unit | PAY ON SCAN |
| 9/15/2004 | 2662723 | 552 | 13,248.00 | 24 per unit | PAY ON SCAN |
| 9/15/2004 | 3203235 | 180 | 4,320.00 | 24 per unit | PAY ON SCAN |
| 9/15/2004 | 4790201 | 36 | 864.00 | 24 per unit | PAY ON SCAN |
| 9/15/2004 | 5500764 | 192 | 4,608.00 | 24 per unit | PAY ON SCAN |
| 9/15/2004 | 6752128 | 36 | 864.00 | 24 per unit | PAY ON SCAN |
| 9/15/2004 | 7667859 | 24 | 576.00 | 24 per unit | PAY ON SCAN |
| 9/15/2004 | 8666933 | 24 | 576.00 | 24 per unit | PAY ON SCAN |
| 9/17/2004 | 9001097 | 84 | 2,016.00 | 24 per unit | PAY ON SCAN |
| 9/23/2004 | 6753286 | 180 | 4,320.00 | 24 per unit | PAY ON SCAN |
| 9/24/2004 | 4791565 | 204 | 4,896.00 | 24 per unit | PAY ON SCAN |
| 9/27/2004 | 7668570 | 108 | 2,592.00 | 24 per unit | PAY ON SCAN |
| 9/28/2004 | 1183754 | 600 | 14,400.00 | 24 per unit | PAY ON SCAN |
| 9/28/2004 | 1649839 | 168 | 4,032.00 | 24 per unit | PAY ON SCAN |
| 9/28/2004 | 2664405 | 540 | 12,960.00 | 24 per unit | PAY ON SCAN |
| 9/28/2004 | 3204305 | 240 | 5,760.00 | 24 per unit | PAY ON SCAN |
| 9/28/2004 | 4791933 | 120 | 2,880.00 | 24 per unit | PAY ON SCAN |
| 9/28/2004 | 5501850 | 276 | 6,624.00 | 24 per unit | PAY ON SCAN |
| 9/28/2004 | 6753709 | 48 | 1,152.00 | 24 per unit | PAY ON SCAN |
| 9/28/2004 | 7668732 | 36 | 864.00 | 24 per unit | PAY ON SCAN |
| 9/28/2004 | 8667865 | 36 | 864.00 | 24 per unit | PAY ON SCAN |
| 10/6/2004 | 4792961 | 228 | 5,472.00 | 24 per unit | PAY ON SCAN |
| 10/14/2004 | 8668985 | 132 | 3,168.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 1501756 | 264 | 6,336.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 2667959 | 744 | 17,856.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 3206575 | 348 | 8,352.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 4795136 | 228 | 5,472.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 5310081 | 252 | 6,048.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 5504158 | 420 | 10,080.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 6756587 | 108 | 2,592.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 7308754 | 96 | 2,304.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 7670475 | 108 | 2,592.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 8307844 | 72 | 1,728.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 8669670 | 120 | 2,880.00 | 24 per unit | PAY ON SCAN |
| 10/26/2004 | 9002272 | 36 | 864.00 | 24 per unit | PAY ON SCAN |
| 10/28/2004 | 1502126 | 384 | 9,216.00 | 24 per unit | PAY ON SCAN |
| 11/16/2004 | 4798052 | 108 | 2,592.00 | 24 per unit | PAY ON SCAN |
| 11/16/2004 | 7672058 | 132 | 3,168.00 | 24 per unit | PAY ON SCAN |
| 12/16/2004 | 5316693 | 216 | 5,184.00 | 24 per unit | PAY ON SCAN |
| 12/16/2004 | 8311787 | 72 | 1,728.00 | 24 per unit | PAY ON SCAN |

# EXHIBIT B

| Payment Reference ID | Payment Method | Amount | Currency | Creation Date | Payment Date | Payment Status |
|---|---|---|---|---|---|---|
| 4655327 | Check | 12,790.64 | USD | 12/13/2004 | 12/14/2004 | Paid |
| 4698702 | Check | 14,745.68 | USD | 1/17/2005 | 1/18/2005 | Paid |
| 4739353 | Check | 18,182.84 | USD | 2/14/2005 | 2/15/2005 | Paid |
| 4783466 | Check | 10,181.04 | USD | 3/21/2005 | 3/22/2005 | Paid |
| 4812701 | Check | 11,611.20 | USD | 4/11/2005 | 4/12/2005 | Paid |
| 4862702 | Check | 6,916.40 | USD | 5/16/2005 | 5/17/2005 | Paid |
| 41793 | Manual | 48,377.00 | USD | 7/28/2006 | 7/26/2006 | Paid |

Paid to Adler Pollock &

***$ 122,804.80*** Total Payments

| Ck# | PO's in Payment | | | |
|---|---|---|---|---|
| 4655327 | 7662304 | 1643418 | | |
| 4698702 | 5694796 | 6743481 | | |
| 4739353 | 1171369 | 5694346 | 6742908 | |
| 4783466 | 4780857 | 6744393 | 1643971 | |
| 4812701 | 8661970 | 5695490 | 4781889 | 3197366 |
| 4862702 | 7662859 | 8665493 | 1648801 | 3203235 |