UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**MOTION OF INTEGRATED BIOPHARMA, INC.TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Integrated BioPharma, Inc. ("Integrated") seeks an order compelling plaintiff CVS, Inc. ("CVS") to provide responsive answers to interrogatories. The answers given substitute posturing and argument for the facts that are requested.

**Background**

This case arises out of a large volume of purchase orders issued by CVS for a dietary supplement product marketed by the defendant Beneficial Health Systems ("Beneficial"). Integrated was the manufacturer of the product. During 2004 and 2005, CVS issued upwards of 40 separate purchase orders for the product. Integrated manufactured and shipped the product to CVS in response to the purchase orders; Beneficial issued invoices to CVS relative to the purchase orders, and CVS in turn made payments to Integrated for some of the purchase orders. The purchase orders contained payment terms; on many, the payment term was "2%30net31"; on others, the payment term was blank. CVS claims that the "2%30net31" term was inserted by mistake.

There is a significant volume of documents that relate to the transaction, including purchase orders, invoices, and accounts payable registers. The accounts payable registers appear to document all payments made by CVS, refer to both purchase order and invoice numbers, and also include numerous entries that appear to be adjustments to payments.

CVS maintains on its computers all of the relevant details of the transaction, in one centralized location. Accordingly, in order to obtain a single, comprehensive tabulation of the data regarding the purchase orders that are at issue in this litigation, Integrated served the following interrogatories on CVS:

**INTERROGATORY NO. 1**: Identify all purchase orders issued by CVS for the product "WillpowerRx." For each such purchase order, state the following:

a. Date

b. Purchase order number

c. Quantity ordered

d. Dollar amount

e. Payment terms

f. Invoice number for product shipped under purchase order

**INTERROGATORY NO. 2**: Identify all payments made by CVS for WillpowerRX. For each such payment, state the following:

a. Date of the payment

b. Payment amount

c. Purchase order(s) and invoice number(s) for which the payment was made

d. The amounts and explanations for all adjustments

CVS responded[1] with numerous objections, and partial answers. For interrogatory number 1, CVS provided no response to subpart f, and as to payment terms, substituted its litigating position for the facts. According to the chart prepared as the response to this interrogatory, CVS stated that the payment terms on the purchase orders were either "ERROR," or "PAY ON SCAN." In fact, no purchase orders contained either the words

[1] The full answers are appended hereto.

"error" or "pay on scan." Not surprisingly, the answers were not signed by a responsible CVS official under oath, as required by Rule 33.

With respect to interrogatory number 2, CVS provided a tabulation that appears to show a total of seven checks having been paid. The table contains partial information on the purchase orders for which payment was made, and no information as to either the invoices paid or the adjustments to payments. Further, the information in this table is at odds with other documents that CVS has produced, which appear to show at least ten checks having been paid, in amounts differing from the amounts in the table.

Integrated also propounded an interrogatory to CVS to define the payment term that is at issue in the case:

**INTERROGATORY NO. 5**: Define the payment term "2% 30 net 31" as that term is used by CVS.

CVS responded,

"CVS objects to this interrogatory on the basis that there is no definition to apply to this term. The term "2%30net31 was improperly inserted on the invoices."

**Argument**

CVS's objections to these interrogatories are not founded on any recognized privilege or other legal doctrine that would protect it from being required to answer the questions. The interrogatories clearly meet the test of Rule 26 of being "relevant to a claim or defense of any party." The only ostensible reason for CVS's refusal to answer is that it dislikes the look of a compilation of the facts that are requested. That is not a basis that is recognized under the Federal Rules of Civil Procedure.

Integrated propounded these interrogatories in good faith, to obtain from the one party that has the information in readily accessible form, data that are central to the case,

and a concise explanation of the payment term that was included in the purchase orders. The facts to be elicited define and quantify the issues to be tried. There is no basis for CVS's refusal to respond.

Respectfully submitted,
Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
(401) 824-5150
(401) 824-5181 (fax)
dan@prentisslaw.com

## CERTIFICATION

I hereby certify that on this 29th day of January, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

/s/ R. Daniel Prentiss