UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING , INC.

Defendants.

---

**PLAINTIFF'S OBJECTION TO DEFENDANT INTEGRATED BIOPHARMA, INC.S' MOTION TO COMPEL**

Plaintiff CVS, Inc. ("CVS"), hereby objects to Integrated Biopharma, Inc.'s (referred to as "Integrated") motion to compel more responsive answers to its interrogatories. The grounds for this objection are set forth in the accompanying memorandum of law.

Dated: February 15, 2007
Providence, Rhode Island

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP

By: /s/ Todd M. Reed
Todd Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2007, I did send a true copy of the within document by ECF, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903
(617) 213-7001

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
(801) 350-0065

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza
Suite 1800
Providence, RI 02903
Fax: (401) 824-5123

/s/ Todd M. Reed

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC.,
BENEFICIAL NUTRACEUTICALS, INC.,
INTEGRATED BIOPHARMA, INC., and
CONTEMPORARY MARKETING , INC.

Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT INTEGRATED BIOPHARMA, INC.S' MOTION TO COMPEL**

Plaintiff CVS, Inc. ("CVS"), respectfully submits this memorandum of law in opposition to defendant Integrated Biopharma, Inc.s' ("Integrated"), motion to compel more responsive answers to its interrogatories. In particular, Integrated seeks to compel CVS to provide supplemental responses to Integrated's Interrogatories 1(e) and (f), 2(c) and (d), and 5.

**Interrogatory 1(e)**

Integrated contends that CVS' answer to Interrogatory 1(e) was insufficient. 1(e) asks CVS to state the payment terms for each purchase order. While Integrated may not like CVS' answer, CVS fully answered this interrogatory and provided the payment terms that governed the relationship between CVS and defendants Beneficial Holding, Inc., Beneficial Health Systems, Inc., Beneficial Nutraceutical, Inc. (referred to collectively as "Beneficial"), along with the specific payment term language found on each purchase order. More specifically, CVS responded to this interrogatory in pertinent part as follows:

> "CVS further objects to Integrated's request for payment terms, as Beneficial and CVS had agreed to "Pay on Scan" payment terms prior to CVS' issuance of any purchase orders. Accordingly, the parties intended that all CVS purchase orders for WillpowerRX contain "Pay on Scan" payment terms. Some of CVS' purchase orders for WillpowerRX, however, incorrectly contained the following language: "Disc. Pct: 2 Disc. Days: 30 Net Days: 31."

CVS further responded as follows:

> "Without waiving objections, CVS has attached a spreadsheet responsive to Interrogatory number one as **Exhibit A**. All CVS purchase orders that contained the correct "Pay on Scan" payment terms will be identified as such. CVS purchase orders that incorrectly contained "Disc. Pct: 2 Disc. Days: 30 Net Days: 31" language will be identified as "Error." For the purpose of responding to this interrogatory, quantity will be measured in individual units of WillpowerRX."

CVS' response indicates both what payment terms governed the agreement between CVS and defendant Beneficial, along with the specific language found on each purchase order. While Integrated may not agree that the "Disc. Pct: 2 Disc. Days: 30 Net Days: 31" language was an error, CVS certainly identified which purchase orders contained this language. That is, CVS' response clearly states that all purchase orders that contained an "ERROR" contained "Disc. Pct: 2 Disc. Days: 30 Net Days: 31" language. Accordingly, CVS has fully responded to this particular interrogatory.

**<u>Interrogatory 1(f)</u>**

Integrated contends that CVS' improperly objected to Interrogatory 1(f). 1(f) asks CVS to state the invoice number for product shipped under each purchase order. CVS objected to this particular subsection as follows:

> " CVS further objects to this interrogatory as the term "Invoice number for product shipped under purchase order" is unclear, ambiguous, and undefined. Moreover, as Beneficial rather than CVS issued invoices, it appears as if this portion of the interrogatory should be directed towards Beneficial."

As stated in CVS' objection, CVS did not issue any invoices with respect to its purchase orders. Rather, Beneficial issued all invoices. Accordingly, Beneficial rather than CVS would

be the party with personal knowledge concerning which Beneficial invoice Beneficial intended to correspond to each CVS purchase order. Accordingly, this interrogatory should be directed towards Beneficial.

**Interrogatory 2(c) and (d)**

Integrated seeks to compel CVS' answer to Interrogatory 2(c) and (d). Prior to filing this motion, Integrated conferred with CVS regarding the substance of CVS' responses to Integrated's interrogatories. During that conference, CVS' counsel agreed to supplement CVS response to Interrogatory 2(d) by providing an explanation of how these payments were made. Likewise, CVS acknowledged that it had inadvertently served its interrogatory responses without a client certification, and agreed that such a certification would be forthcoming.[1] Accordingly, it is unclear why Integrated is now moving to compel CVS to respond to this particular subsection.

In any event, CVS has served a supplemental response to subsection (d), as agreed to, and included an explanation of its payments to Beneficial (A true and accurate copy of CVS' Supplemental Response to Integrated Interrogatories is attached hereto as **Exhibit A**). Moreover, CVS has supplemented its response to subsection (c) and provided Integrated with the invoice numbers that corresponded to each CVS payment (*See* Exhibit A).

Integrated further claims that the information that CVS provided regarding its payments to Beneficial was, "at odds with other documents that CVS has produced" (*See* Integrated's Motion to Compel, p. 3).[2] Integrated, however, fails to articulate what in particular it seeks to compel from CVS. If Integrated believes that CVS response to this interrogatory contains an error, it can simply discuss this alleged issue with CVS' counsel or should have made inquiries during CVS' deposition.

---

[1] CVS has included a client certification with its supplemental responses.

[2] Integrated has failed to attach the documents that are allegedly at odds with CVS' response to Interrogatory 2.

As CVS has supplemented its response to Interrogatory 2(c) and (d), the portion of Integrated's motion which seeks to compel CVS' to supplement this Interrogatory is now moot.

**Interrogatory 5**

Integrated seeks to compel CVS' answer to Interrogatory 5. CVS has supplemented its response to this interrogatory (*See* Exhibit A). Accordingly, the portion of Integrated's motion which seeks to compel CVS' to supplement this Interrogatory in now moot.

**Conclusion**

For the foregoing reasons, Integrated's motion to compel further responses should be denied.

Respectfully submitted,

EDWARDS ANGELL PALMER &
DODGE LLP

By: /s/ Todd M. Reed
Todd Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2007, I did serve a true copy of the within document via the Court's ECF system and by regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903
(617) 213-7001

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
(801) 350-0065

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza
Suite 1800
Providence, RI 02903
Fax: (401) 824-5123

/s/ Todd M. Reed