UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING, INC.

Defendants.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTEGRATED BIOPHARMA'S INTERROGATORIES**

Plaintiff CVS Pharmacy, Inc. ("CVS"), objects and responds to Defendant Integrated BioPharma's ("Integrated") Interrogatories as follows:

**COMMENTS AND QUALIFICATIONS WITH RESPECT TO INTEGRATED'S INTERROGATORIES**

Plaintiff has endeavored to answer Integrated's Interrogatories on the basis of data now available. Material or documentation subsequently obtained by the Plaintiff, from the defendants, or other sources, through further investigation or future utilization of discovery procedures, will be provided if such information is relevant to the substance of Integrated's interrogatories and to Plaintiff's responses thereto. In so far as persons not currently employed by the Plaintiff may have information or documents relevant to the subject matter of Plaintiff's answers, Plaintiff does not purport to provide any information or material possessed by such persons.

In addition, Plaintiff's responses are made expressly preserving and without waiving the following:

1. The right to object on the grounds of competency, privilege, relevancy, materiality admissibility, or any other proper ground to the use of any material produced herein, in whole or in part, for any purpose in any subsequent proceeding in this action (including, but not limited to the trial of this action) or any other action;

2. The right to object on any and all proper grounds, at any time, to other or further requests or other or further discovery procedures involving or relating to the subject matter of any demand answered and/or objected to herein; and

3. The right to revise, correct, modify, supplement, or clarify at any time any of the answers provided herein.

In the event any information/documents are inadvertently produced that fall within the attorney-client privilege and/or are protected by attorney work product privileges, Plaintiff shall not be deemed to have waived their privileges as to such documents or any other matter arising during the course of this litigation or any subsequent proceeding.

**GENERAL OBJECTIONS**

1. Plaintiff objects to Integrated's interrogatories insofar as they exceed the scope of discovery permissible under the Federal Rules of Civil Procedure, or to the extent that they impose obligations on the Plaintiff that exceed those contemplated pursuant to the Federal Rules of Civil Procedure.

2. Plaintiff objects to Integrated's interrogatories to the extent that they are overbroad and seek information outside the scope of the allegations contained in the Complaint and the counterclaims.

3. Plaintiff objects to Integrated's interrogatories to the extent that they do not identify the time period in question, are ambiguous as to time frame or refer to a time period unrelated to the Complaint.

4. Plaintiff objects to Integrated's interrogatories to the extent that they call for information which may be obtained from some other source that is more convenient, less burdensome, or less expensive or otherwise imposes upon Plaintiff a vexatious and undue burden, is oppressive and/or intended to harass Plaintiff.

5. Plaintiff objects to Integrated's interrogatories to the extent that they are vague, ambiguous, or otherwise lack sufficient precision to permit a response.

6. Plaintiff objects to Integrated's interrogatories to the extent that they seek material and/or information prepared by or developed at the direction of counsel, which is protected and privileged as attorney work product or subject to the attorney-client privilege.

7. Plaintiff objects to Integrated's interrogatories to the extent that they seek information that is irrelevant to the issues in this case or is not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to Integrated's interrogatories insofar as they seek information that is confidential, a trade secret, subject to privacy rights or otherwise propriety in nature, the disclosure of which would or could harm the Plaintiff.

9. Plaintiff objects to Integrated's interrogatories insofar as they are unreasonably cumulative or duplicative or to which Beneficial had had full access and/or have obtained through other means.

10. Plaintiff objects to Integrated's interrogatories insofar as they call for legal contentions, opinions, conclusions or expert analysis.

11. Plaintiff make each of their responses to Integrated's interrogatories without conceding that the information sought therein, or any part thereof, is relevant to the subject matter of this action, is admissible in evidence or is material or necessary to the prosecution of this action.

Without waiving each of the foregoing grounds of objection, or any other ground that may be available, Plaintiff responds as follows:

**SPECIFIC RESPONSES**

**Interrogatory No. 1:** 1. Identify all purchase orders issued by CVS for the product "WillpowerRx." For each such purchase order state the following:

a. Date

b. Purchase order number

c. Quantity ordered

d. Dollar amount

e. Payment terms

f. Invoice number for product shipped under purchase order

**Response:**

CVS objects to this interrogatory to the extent that it contains multiple parts. Integrated calls for a list of the following information: 1) purchase order dates; 2) purchase order numbers; 3) Purchase order quantity; 4) purchase order dollar amount (price); 5) purchase order payment terms; and 6) the Invoice number for product shipped under the purchase order.

CVS further objects on the grounds that the term "date" is unclear, ambiguous, and undefined. For the purpose of these interrogatories, CVS will assume Integrated is referring to the date that each CVS purchase order was issued.

CVS further objects to this interrogatory as the term "dollar amount" is unclear, ambiguous, and undefined. For the purpose of these interrogatories, CVS will assume Integrated is referring to the cost per unit indicated on each purchase order along with the extended cost. Note that CVS' purchase orders only contained the dollar amount per 12 case of WillPowerRx ($288 or $24 per individual unit) and do not indicate any extended cost (unit cost multiplied by number of units). Since CVS' purchase orders are governed by "Pay on Scan" payment terms, these "costs" are based on the assumption that the particular units of WillpowerRX would be actually sold at CVS' retail locations. CVS, however, is only obligated to pay for units of WillpowerRX that were actually sold at its retail locations.

CVS further objects to Integrated's request for payment terms, as Beneficial and CVS had agreed to "Pay on Scan" payment terms prior to CVS' issuance of any purchase orders. Accordingly, the parties intended that all CVS purchase orders for WillpowerRX contain "Pay on Scan" payment terms. Some of CVS' purchase orders for WillpowerRX, however, incorrectly contained the following language: "Disc. Pct: 2 Disc. Days: 30 Net Days: 31."

CVS further objects to this interrogatory as the term "Invoice number for product shipped under purchase order" is unclear, ambiguous, and undefined. Moreover, as Beneficial rather than CVS issued invoices, it appears as if this portion of the interrogatory should be directed towards Beneficial.

Without waiving objections, CVS has attached a spreadsheet responsive to Interrogatory number one as **Exhibit A**. All CVS purchase orders that contained the correct "Pay on Scan" payment terms will be identified as such. CVS purchase orders that incorrectly contained "Disc. Pct: 2 Disc. Days: 30 Net Days: 31" language will be identified as "Error." For the purpose of responding to this interrogatory, quantity will be measured in individual units of WillpowerRX.

**Interrogatory No. 2:** Identify all payments made by CVS for WillPowerRx. For each such payment, state the following:

a. Date of payment

b. Payment amount

c. Purchase order(s) and invoice number(s) for which the payment was made

d. The amounts and explanations for all adjustments

**Response:**

CVS objects to this interrogatory to the extent that it contains multiple parts. Integrated calls for a list of the following information: 1) payment date; 2) payment amount; 3) purchase order and invoice numbers for which the payment was made; and 4) adjustments with explanations.

CVS further objects to this interrogatory as the term "adjustments" is unclear, ambiguous, and undefined.

Without waiving objections, CVS has attached a spreadsheet responsive to Interrogatory number two as **Exhibit B**.

**Supplemental Response:**

CVS has attached a spreadsheet that is further responsive to Interrogatory number two as **Exhibit B**. CVS made payments to Beneficial based on WillpowerRX's sales performance. During each payment period, CVS would tabulate the scan total in order to determine the amount owed to Beneficial. CVS would then find purchase orders along with Beneficial invoices that roughly correlated with the amount of money that CVS owed Beneficial. For CVS' internal accounting purposes, CVS would make each payment under the correlating CVS purchase orders and Beneficial invoices. If there were discrepancies between the amount paid and the amount owed, CVS would reconcile such a discrepancy during future pay periods.

**Interrogatory No. 3:** With respect to the document appended hereto as Exhibit A, identify the person, and the person's employer, who entered the information "2%30Net31" next to the item marked "Pay Terms".

**Response:** This information was not entered by CVS. Upon information and belief, this information was entered by CMI.

**Interrogatory No. 4:** With respect to the document appended hereto as Exhibit A, identify the person, and the person's employer, who made the hand written notation crossing out "2%30Net31" and wrote the words "Pay on Scan," and state the date these entries were made.

**Response:** Lorraine Cournoyer

**Interrogatory No. 5:** Define the payment term "2%30 net 31" as that term is used by CVS.

**Response:**

CVS objects to this Interrogatory on the basis that there is no definition to apply to this term. The term "2%30 net 31" was improperly inserted on the invoices.

**Supplemental Response:**

CVS objects to this Interrogatory on the basis that "pay on scan" payment terms governed the relationship between CVS and Beneficial. Without waiving objections, "2%30 net 31" is a payment term that generally means that the purchaser of goods will receive a 2% discount if it makes payment to the seller within thirty days of the its receipt of conforming goods. If the purchaser of goods will not receive a 2% discount if payment is made after 30 days of the buyer's receipt of conforming goods.

**Interrogatory No. 6:** Define the payment term "pay on scan" as that term is used by CVS.

**Response:**

"Pay on Scan" is a payment term used in commercial transactions. This payment terms means that a purchaser of goods will only make payment for goods that the purchaser subsequently sells, and are therefore scanned at the cash register. Here, CVS was only required to pay Beneficial for goods (WillpowerRX) that CVS actually sold at its retail locations.

**Interrogatory No. 7:** Identify all CVS personnel who had responsibility for issuing the purchase orders identified in response to interrogatory number 1.

**Response:**

CVS objects to this interrogatory to the extent that the term "issue" is vague, ambiguous, and undefined. Without waving, objection, Bob Rush was responsible for maintaining CVS computer system that issued purchase orders.

I, Thomas J. Sullivan, certify under the pains and penalties of perjury that I am authorized to sign the foregoing Answers to Integrated BioPharma's First Set of Interrogatories on behalf of the plaintiff CVS Pharmacy, Inc. ("CVS"); that I have read the foregoing Interrogatories and Answers, and know the content thereof, and certify the same on behalf of CVS; that said Answers were prepared with the assistance of other representatives of CVS; that said Answers, subject to inadvertent or undiscovered errors, are based upon, and therefore, limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Answers; that consequently, CVS reserves the right to make changes in the Answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth therein, the said Answers are true to the best of my knowledge, information and belief, but are not necessarily based upon my personal knowledge.

Thomas J. Sullivan

THOMAS J. SULLIVAN

As to Objections,

EDWARDS ANGELL PALMER & DODGE LLP

By:____________________________

Todd M. Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2007, I did send a true copy of the within document by regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903
(617) 213-7001

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
(801) 350-0065

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza
Suite 1800
Providence, RI 02903
Fax: (401) 824-5123

____________________

| Payment Reference ID | Payment Method | Amount | Currency | Creation Date | Payment Date | Payment Status | |
|---|---|---|---|---|---|---|---|
| 4655327 | Check | 12,790.64 | USD | 12/13/2004 | 12/14/2004 | Paid | |
| 4698702 | Check | 14,745.68 | USD | 1/17/2005 | 1/18/2005 | Paid | |
| 4739353 | Check | 18,182.84 | USD | 2/14/2005 | 2/15/2005 | Paid | |
| 4783466 | Check | 10,181.04 | USD | 3/21/2005 | 3/22/2005 | Paid | |
| 4812701 | Check | 11,611.20 | USD | 4/11/2005 | 4/12/2005 | Paid | |
| 4862702 | Check | 6,916.40 | USD | 5/16/2005 | 5/17/2005 | Paid | |
| 41793 | Manual | 48,377.00 | USD | 7/28/2006 | 7/26/2006 | Paid | Paid to Adler Pollock & Sheehan |
| | | ***$ 122,804.80*** | Total Payments | | | | |

| Ck# | PO's in Payment | | | |
|---|---|---|---|---|
| 4655327 | 7662304 | 1643418 | | |
| | | | | |
| 4698702 | 5694796 | 6743481 | | |
| | | | | |
| 4739353 | 1171369 | 5694346 | 6742908 | |
| | | | | |
| 4783466 | 4780857 | 6744393 | 1643971 | |
| | | | | |
| 4812701 | 8661970 | 5695490 | 4781889 | 3197366 |
| | | | | |
| 4862702 | 7662859 | 8665493 | 1648801 | 3203235 |

| Ck# | Beneficial Invoices | | | |
|---|---|---|---|---|
| 4655327 | 1002B | 1002F | | |
| | | | | |
| 4698702 | 1002C | 10002G | | |
| | | | | |
| 4739353 | 1001B | 1001B | 1001E | 1001H |
| | | | | |
| 4783466 | 1002E | 1003A | 1003G | |
| | | | | |
| 4812701 | 1003B | 1003C | 1003F | 1003I |
| | | | | |
| 4862702 | 1003H | 10016 | 10026 | 10027 |

Exhibit B