UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.:05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING , INC.

Defendants.

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., AND BENEFICIAL NUTRACEUTICALS, INC.**

The plaintiff, CVS Pharmacy, Inc. ("CVS"), by its attorneys, Edwards Angell Palmer & Dodge LLP, respectfully requests the entry of default, pursuant to F.R.C.P 55(a), against defendants Beneficial Holding, Inc., Beneficial Health Systems, Inc., and Beneficial Nutraceutical, Inc. (referred to collectively as "Beneficial"), for Beneficial's failure to defend against CVS' claims in this action, its failure to comply with Court orders, and its failure to appear at scheduled hearings and conferences. The facts and grounds for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted
EDWARDS ANGELL PALMER & DODGE LLP

By: /s/Todd M. Reed
Todd Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2007, I did send a true copy of the within document by ECF, and via regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

/s/ Todd M. Reed

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC.,
BENEFICIAL NUTRACEUTICALS, INC.,
INTEGRATED BIOPHARMA, INC., and
CONTEMPORARY MARKETING , INC.

Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., AND BENEFICIAL NUTRACEUTICALS, INC.,**

Plaintiff CVS, Inc. ("CVS"), respectfully submits this memorandum of law in support of its motion for the entry of default pursuant to F.R.C.P 55(a) against defendants Beneficial Holding, Inc., Beneficial Health Systems, Inc. and Beneficial Nutraceutical, Inc. (referred to collectively as "Beneficial"), based on Beneficial's failure to defend against CVS' claims in this action, its willful failure to comply with Court orders, and failure to appear at scheduled hearings and conferences.

**Default Should be Entered Against Beneficial Based on its Failure to Defend**

An entry of default against Beneficial is warranted as not only has Beneficial failed to retain new counsel in this matter as required by this Court's order, it has failed to appear at multiple hearings and conferences, and it has affirmatively expressed its intent not to defend

against and pursue its claims in this litigation. Pursuant to F.R.C.P. 55(a) an entry of default shall be entered as follows:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or **otherwise defend** as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Federal Rules of Civil Procedure Rule 55 (emphasis added)

An entry of default is appropriate based on a party's failure to comply with the court's orders or rules of procedure. See Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419-420 (1st Cir. 1976). It follows that a default is appropriate when a corporate party deliberately fails to comply with an order requiring it to retain counsel. See Flynn v. Thibodeaux Masonry, Inc., 311 F.Supp.2d 30, 37-38 (D.D.C.2004) (entering a default judgment against corporate party for its deliberate noncompliance with a court order to retain counsel, even though party maintained that it could not obtain counsel due to lack of resources); U.S. v. High Country Broadcasting Co., *Inc.*, 3 F.3d 1244, 1245-1246 (9th Cir. 1993)( holding that entry of default judgment against corporation was appropriate where attorney had appeared for corporation in district court for limited purpose of filing answer in cross complaint, but it became apparent that president and sole shareholder of corporation, who was not then licensed attorney, was attempting to represent corporation, and court had ordered corporation to retain counsel for duration of litigation but corporation failed to do so).

Likewise, a party's dilatory pursuit of its claims is grounds for entry of a default. See Transportes Aereos de Angola v. Ronair, Inc., 104 F.R.D. 482, 505-506 (D.C. Del 1985) ( holding that plaintiff's dilatory pursuit of its claims, its repeated disregard of court orders requiring it to retain and appear by counsel, and admission by its president and half-owner that it had no more money available for payment of counsel, were grounds to dismiss with prejudice

plaintiff's amended and supplemental complaint against defendants along with an entry of default as to defendant's counterclaims).

Such conduct constitutes a "failure to defend" under F.R.C.P 55(a). See Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 11 Fed.R.Serv.2d 1207 (2nd Cir. 1967).( holding that disregard of court order requiring defendant to appoint counsel was a failure to "otherwise defend" within rule authorizing entry of default judgment against party who fails to plead or otherwise defend in action in which affirmative relief is sought).

Here, Beneficial failed to retain counsel, failed to appear for multiple scheduled Court conferences and hearings, and has affirmatively stated that it no longer intends on prosecuting its claims and appearing in this action. In particular, despite a Court order requiring Beneficial to secure new local counsel by November 3, 2006, to date Beneficial has failed to do so. In fact, Beneficial has affirmatively stated that it does not intend on retaining counsel. Likewise, Mrs. Carmichael seeks to withdraw as pro hac vice counsel, and Beneficial has affirmatively stated that it does not object to her withdrawal. Moreover, Mrs. Carmichael has gone as far as to state that Beneficial no longer intends on prosecuting its claims. In particular, Mrs. Carmichael stated as follows: "Unfortunately, we have no alternative but to let this go, as we have no ability to continue to prosecute Beneficial's claims."

As a result of Beneficial's obvious desire not to participate in this litigation, it has failed to appear at a hearing regarding motions that directly affected it, a Court ordered settlement conference, and a Court ordered summary judgment conference directly relating to claims against Beneficial and Beneficial's claims against CVS. This conduct illustrates Beneficial's disregard of the Court's orders.

WHEREFORE, CVS respectfully requests that a default be entered against Beneficial in accordance with Fed.R.Civ.P. 55(a).

Respectfully submitted
EDWARDS ANGELL PALMER &
DODGE LLP

By: /s/Todd M. Reed
Todd Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2007, I did send a true copy of the within document by ECF, and via regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

/s/ Todd M. Reed