UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING , INC.

Defendants.

**DECLARATION OF TODD M. REED**

I, Todd M. Reed, hereby declare under the pains and penalties of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. The facts set forth in this declaration are personally known to me and I have first hand knowledge of the same.

2. I am a member of the law firm of Edwards Angell Palmer & Dodge LLP, attorneys for plaintiff CVS, Inc. ("CVS").

3. As counsel for CVS, and based upon my review of the contents of the file maintained by my office, I am familiar with the facts and circumstances surrounding this action.

4. On or about April 25, 2005, plaintiff CVS commenced this action by filing a Complaint against Beneficial Holdings, Inc., Beneficial Health Systems, Inc., Beneficial Nutraceuticals, Inc., Integrated BioPharma, Inc. ("Integrated"), and Contemporary Marketing, Inc ("CMI").

5. In particular, CVS alleges three counts against Beneficial Holdings, Inc., Beneficial Health Systems, Inc., Beneficial Nutraceuticals, Inc., (referred to collectively as "Beneficial"). The First Count seeks a declaration pursuant to 28 U.S.C. § 2201 that the contract between CVS and Beneficial had payment terms that were "pay on scan" and that CVS was only responsible for paying Beneficial for units that CVS actually sold at its retail locations (*See* Complaint, ¶¶ 47-48).

6. In the alternative, the Second Count of CVS' Complaint seeks a declaration pursuant to 28 U.S.C. § 2201 that the terms in CVS purchase orders contained mutual mistakes and should be reformed and corrected to indicate "pay on scan," and that CVS was only responsible for paying Beneficial for units that CVS actually sold at its retail locations (*See* Complaint, ¶ 55).

7. In the alternative, the Third Count of CVS' Complaint seeks a declaration pursuant to 28 U.S.C. § 2201 that Beneficial is in breach of contract, and that as a result of that breach, CVS is not required to pay Beneficial for unsold units of WillpowerRX regardless of whether Beneficial delivered WillPowerRX on a "pay on scan" basis, and that the contract is rescinded based on Beneficial's material breach (*See* Complaint, ¶ 55).

8. On or about November 16, 2005, Beneficial answered CVS' complaint through its attorney, Mr. David Wollin of Adler Pollock & Sheehan, P.C..[1] In its Answer, Beneficial does not dispute that this Court has personal jurisdiction over Beneficial. Beneficial also admits that this Court has subject matter jurisdiction (*See* Beneficial' Answer, ¶ 1; Beneficial' Counterclaim, ¶¶ 3). Beneficial also asserted a number of counterclaims against CVS and cross-claims against Contemporary Marketing, Inc.

---

[1] Mr. Wollin was counsel for both Beneficial and Integrated.

9. On or about July 18, 2005, Mrs. Jacquelyn Carmichael was admitted to practice before this Court pro hac vice. Mrs. Carmichael represents only Beneficial.

10. On or about September 12, 2006, Mr. Wollin moved to withdraw as counsel for Beneficial and Integrated.

11. On or about October 6, 2006, the Court issued an order granting Mr. Wollin's motion to withdraw as counsel for Beneficial and Integrated. The Court further directed pro hac vice counsel for defendants Beneficial and Integrated to secure substitute local counsel by November 3, 2006.

12. On or about November 6, 2006, Mrs. Carmichael filed a declaration in which she reported that Beneficial was unable to retain and/or locate alternative local counsel to represent it in this matter.

13. On or about November 27, 2006, Mrs. Carmichael filed a motion to formally withdraw as pro hac vice counsel for Beneficial. Mrs. Carmichael's motion to withdraw was denied by the Court on November 29, 2006.

14. On or about November 29, 2006, Beneficial failed to appear by counsel or otherwise at a scheduled hearing regarding several motions affecting Beneficial.

15. On or about November 30, 2006, pursuant to L.R. Gen. 210 (b)(3), the Court ordered Mrs. Carmichael to show cause why a disciplinary proceeding should not be commenced against her for failing to appear at the November 29, 2004 hearing.

16. On or about December 19, 2006, Mrs. Carmichael filed a declaration in response to the Court's November 30, 2006 Order to Show Cause. Mrs. Carmichael indicated that not only was it her belief that she could no longer act as pro hac vice counsel, but that since Beneficial had retained Mr. Wollin she had ceased representing Beneficial (*See* Declaration of

Jacquelyn Carmichael dated December 15, 2006 ("Carmichael Declaration"), ¶¶ 4, 25). She further indicated that "Unfortunately, we have no alternative but to let this go, as we have no ability to continue to prosecute Beneficial's claims" (*See* Carmichael Declaration, ¶ 33). Included was a declaration of Harvey Carmichael, Beneficial's president affirmatively stating that Beneficial did not object to Mrs. Carmichael's motion to withdraw as pro hac vice counsel.

17. On March 27, 2007, Beneficial once again failed to appear for a scheduled settlement conference.

18. Likewise, on April 4, 2007, Beneficial failed to appear for a scheduled summary judgment conference despite the fact that Beneficial was notified that CVS sought to move for summary judgment on its claims against Beneficial as well as Beneficial's counterclaims against CVS.

19. At the April 4, 2007 conference, Beneficial's potential default was discussed, and CVS requested leave to move to enter default. The Court granted CVS leave to do so.

20. To date, Beneficial has not complied with the Court's October 6, 2006 order, as Beneficial has failed to secure local counsel.

SINGED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF APRIL 2007.

/s/ Todd M. Reed