UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**OBJECTION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC. AND BENEFICIAL NUTRACEUTICALS, INC.**

Defendant Integrated Biopharma, Inc. objects to Plaintiff CVS, Inc.'s Motion for Entry of Default against Defendants Beneficial Holdings, Inc., Beneficial Health Systems, Inc., and Beneficial Nutraceuticals, Inc. A memorandum in support of this objection is attached hereto.

Respectfully submitted,

Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
(401) 824-5150
(401) 824-5181 (fax)
dan@prentisslaw.com

April 30, 2007

**CERTIFICATION**

I hereby certify that on this 30th day of April, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

/s/ R. Daniel Prentiss

842/51/1687

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC. AND BENEFICIAL NUTRACEUTICALS, INC.**

Integrated BioPharma, Inc. ("Integrated") while not opposing the motion of CVS, Inc. ("CVS") which seeks an entry of default against Beneficial Holdings, Inc., Beneficial Health Systems, inc. and Beneficial Nutraceuticials, Inc. ("Beneficial") for failure to defend this action, has filed this response to state its position that the Court should not enter a default judgment against Beneficial until the adjudication of the claims by and against the non-defaulting parties in this case.

**Background**

This case arises out of a large volume of purchase orders issued by CVS for a dietary supplement product marketed by the defendant Beneficial. Integrated was the manufacturer of the product. During 2004 and 2005, CVS issued upwards of 40 separate purchase orders for the product. Integrated manufactured and shipped the product to CVS in response to the purchase orders; Beneficial issued invoices to CVS relative to the purchase orders, and CVS in turn made payments to Integrated for some of the purchase orders. The purchase orders contained payment terms; on many, the payment term was

"2%30net31"; on others, the payment term was blank. CVS claims that the "2%30net31" term was inserted by mistake.

While Integrated does not oppose an entry of default against Beneficial for its failure to defend, entry of a default judgment is not appropriate at this time.

**Argument**

An entry of default is not a default judgment. *Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1530 (11th Cir.1985). The two concepts are separate and distinct and are to be treated as such. *Epicentre Strategic Corp.-Mich. v. Cleveland Const., Inc.*, Slip Copy, 2007 WL 715297, *9 (E.D. Mich., 2007). When joint liability is alleged against co-defendants, even in the event of default by a defendant, entry of a default judgment is not appropriate until the adjudication of liability of the non-defaulting defendants. *See Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145 (10th Cir 1985) (reversing default judgment until case fully resolved with answering codefendants), *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715 (8th Cir. 2004) (applying the doctrine of common-defense under Arkansas law); *United Fire & Casualty Co. v. McCrerey & Roberts Const. Co.*, 2007 WL 867988, *5 (D. Colo. 2007) (Default judgment against one defendant inappropriate when trial proceeding against answering co-defendant on similar issues), *Shelby v. Slepekis*, 687 S.W. 2d 231 (Mo. Ct. App. W.D. 1985) (default judgment not available against defendant in action alleging joint liability for fraud until co-defendant found liable and damages determined). *See also Frow v. De La Vega*, 82 U.S. 552 (1872), *Garafola v. Ecker Restoration Corp.*, 1996 WL 312346, *1 (S.D.N.Y. 1996) (Appropriate to enter default but not judgment against defaulting party when proceeding outstanding against co-defendant and liability is joint).

Here, CVS has filed a declaratory judgment action against both Beneficial and Integrated on the identical issue – determination of the rights and obligations of the parties under the purchase orders issued by CVS to Beneficial. Liability of either of the co-defendant will be determined by construing the identical documents along with other identical facts. Notwithstanding Beneficial's failure to appear, Integrated has answered Plaintiff's suit and continues to defend and prepare for trial. For the reasons set forth in the above cited-cases, a default judgment against Beneficial would result in unfair prejudice against Integrated, including adversely affecting the issues set for trial, creating a risk of inconsistent judgments and countering the interest of judicial economy.

**Conclusion**

Until liability and damages are resolved with regard to Integrated, a judgment should not enter against Beneficial.

Respectfully submitted,

Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
(401) 824-5150
(401) 824-5181 (fax)
dan@prentisslaw.com

April 30, 2007

**CERTIFICATION**

I hereby certify that on this 30th day of April, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

/s/ R. Daniel Prentiss

842/51/1688