UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC.<br>Plaintiff, | : | |
| v. | : | C.A. No. 05-CV-171 T |
| BENEFICIAL HOLDINGS, INC., et al.<br>Defendants | : | |

**MEMORANDUM IN OPPOSITION TO CVS'S MOTION FOR ENTRY OF DEFAULT AGAINST THE BENEFICIAL DEFENDANTS**

**1. The Beneficial Defendants No Longer Own Any Interest in this Case Against Which a Default Could be Taken.**

The Beneficial Defendants (hereinafter "Beneficial") no longer own any interest in the subject litigation and do not own any portion of the $1.3 million receivable that is the primary subject of this litigation. Beneficial assigned its interest in the subject receivable, including any and all claims and causes of action relating thereto, to its manufacturer Integrated Biopharma on March 21, 2007. Accordingly, Integrated Biopharma now owns the claims and causes of action against which CVS is seeking the entry of a default. Inasmuch as the Beneficial Defendants no longer own the subject receivable or the claims and/or causes of action relating thereto, there is nothing against which CVS can obtain the entry of a default, as the claims on which it seeks the entry of a default now belong to Integrated Biopharma who will continue the prosecution of those claims as it pursues CVS for payment of the entire receivable that is due and owing. Based upon the foregoing, **Beneficial opposes CVS's Motion for Entry of Default against it to the extent the entry of such a default would impair Integrated's ability to fully pursue the claims, causes of action and interest in the CVS receivable that**

**has been assigned to it or infringe upon Integrated's ability to recover the entire receivable that is owed by CVS.**

**2. The Beneficial Defendants Object to the Representations Made by CVS in its Memorandum of Law filed in Support of its Motion for Entry of Default.**

CVS makes a number of claims in its Memorandum of Law with which the Beneficial Defendants take issue and would like to clarify, to wit: that Beneficial has an "obvious desire" not to participate in this litigation; and (2) that Beneficial wilfully disregarded this Court's orders by failing to obtain local counsel and to appear at hearings. With regard to CVS's first mischaracterization, Beneficial would like to clarify that it's "obvious desire" would be to continue forward with the prosecution of its own claims against CVS and do everything within its power to hold CVS responsible to comply with the payment terms of its own purchase orders and pay for the $1.3 million worth of product it received at Beneficial's expense. "Desires" aside, however, Beneficial is financially unable to prosecute its claims against CVS and has assigned its entire interest in the subject receivable, as well as all claims and causes of action pertaining thereto, to its manufacturer who is financially able to prosecute those claims. Beneficial's inability to participate in this litigation is not based upon an "obvious desire" not to participate; to the contrary, Beneficial would love to participate but is unable to do so because it was rendered insolvent by CVS's refusal to pay its bill according to the contract terms it extended to Beneficial as contained in the purchase orders CVS prepared and sent to Beneficial.

With regard to CVS's second misrepresentation, Beneficial has never wilfully failed to comply with this Court's orders. As set forth in detail in the Declarations of

Jacquelynn D. Carmichael on file with this court, Beneficial attempted to find local counsel to represent it on a contingency fee basis (as it was unable to afford to pay for counsel) as ordered by the court and was unable to do so. This was not a wilful failure on its part, but a sad result of a diligent effort to find local counsel. As further set forth in detail in the Declarations of Jacquelynn D. Carmichael on file with this court, Beneficial did not wilfully fail to appear at the November 29, 2006 hearing (please see Declaration for detailed explanation). With respect to the settlement conference that took place with the Magistrate Judge on March 27, 2007, Beneficial did not attend that conference as it had no settlement authority in this matter and owned no claim to the receivable at issue, having fully assigned Beneficial's interest in the subject receivable, as well as any and all claims and causes of action related thereto, to its manufacturer, Integrated Biopharma. Accordingly, Integrated owns all the claims and causes of action in this matter, as well as the entire receivable that is at issue, and is the only party in interest adverse to CVS with settlement authority.

Finally, to the best of Beneficial's knowledge, it did not receive notice of the hearing that took place on April 4, 2007. If it had received notice, it would have contacted the Court to inquire with respect to whether its presence was required, just as it did with regard to the prior hearing that was held regarding the bifurcation of this case. With respect to that hearing, counsel contacted the Court and was informed that Beneficial's presence was not required at the hearing unless Beneficial intended to object to the Court's proposed bifurcation order. Having no objection to the Court's proposed bifurcation, Beneficial did not attend the subject hearing. Beneficial has never failed to attend a hearing without first seeking permission of this Court to be absent, even in the

case of the hearing held on November 29, 2006. Unfortunately, as a result of time constraints, misunderstandings and a prior court engagement (as explained in more detail in counsel's Declaration on file with this Court), Beneficial was unable to appear at the November 29, 2006 hearing. With respect to the hearing on the proposed bifurcation, the Court excused Beneficial from attending the same. With regard to the hearing on April 4, 2007, Beneficial did not receive any Notice regarding the same. If Beneficial had received notice of the April 4 hearing, it most certainly would have consulted with the Court regarding whether its attendance was required, in light of its prior assignment of its claims in this action to Integrated Biopharma.

In short, neither Beneficial nor its counsel would ever deliberately or wilfully fail to comply with any Order or directive given by this Court and maintains the utmost respect for this Court and its Orders.

**3. The Beneficial Defendants Join in all Arguments Advanced by Integrated Biopharma in Opposition to CVS's Motion for Entry of Default.**

It is Beneficial's understanding that Integrated Biopharma intends to oppose CVS's Motion for Entry of Default against the Beneficial Defendants. Beneficial joins in all factual and legal arguments to be advanced by Integrated Biopharma in Opposition to CVS's Motion for Entry of Default. Based upon the foregoing, as well as all the arguments that will be advanced by Integrated Biopharma in opposition to the present Motion, Beneficial respectfully requests that CVS's Motion be denied.

DATED this 26th day of April, 2007.

EISENBERG, GILCHRIST & MORTON

JACQUELYNN D. CARMICHAEL
Pro Hac Vice Counsel for Beneficial

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April, 2007, a copy of the foregoing was mailed, U.S. first class postage prepaid, to the following:

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, R.I. 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903