UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

COPY

| | | |
|---|---|---|
| CVS, INC.<br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC., et al.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-CV-171 T |

**DECLARATION OF JACQUELYNN D. CARMICHAEL IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Jacquelynn D. Carmichael, as her declaration under penalty of perjury, hereby responds to the Court's Order to Show Cause why disciplinary proceedings should not be commenced against her for failing to appear at the hearing scheduled on November 29, 2006 and states as follows:

## A. COUNSEL INITIALLY BELIEVED HER PRO-HAC VICE ADMISSION HAD BEEN AUTOMATICALLY REVOKED.

1. Following Mr. Wollin's Withdrawal of Counsel on behalf of the Beneficial Defendants in the above-captioned matter, I received a Notice from the Court indicating that I and/or the Beneficial Defendants had until November 3, 2006 to find local counsel in order to be able to represent the Beneficial Defendants in my pro hac vice capacity.

2. At that time, I asked Mr. Wollin to forward me a copy of the local rules pertaining to the requirements for pro hac vice counsel and learned that a pro hac vice admission REQUIRED local counsel to be involved and appear on the case. Without local counsel appearing on the case, I understood that I would not be able to represent the Beneficial defendants in these proceedings and my pro hac vice admission would automatically be revoked.

3. Prior to the deadline of November 3, 2006 given by the Court, I filed a Declaration notifying the court that the Beneficial defendants had been unable to find local counsel to appear in this case; that the Beneficial defendants had been rendered insolvent by CVS's refusal to pay for the $1.3 million of product Beneficial had provided to it and could not afford to pay for an attorney and were further unable to find local counsel willing to represent them on a contingency fee basis. I also informed the court at that time that I had obtained pro hac vice admission for a very limited purpose and had not represented the Beneficial defendants in this matter subsequent to the dismissal of the case filed in Utah and their retention of Mr. Wollin to represent them in the Rhode Island litigation. A true and accurate copy my prior Declaration is on file with the Court.

4. As stated in my Declaration, I believed that as of November 3, 2006, due to Beneficial's inability to obtain local counsel in Rhode Island, my pro hac vice status was automatically revoked and/or otherwise terminated.

5. Thereafter, on or about November 13, 2006, I received, via facsimile, a Notice of Motion Hearing scheduled for November 29, 2006. A true and accurate copy of the Notice is attached hereto as Exhibit A.

6. Based upon the inability of the Beneficial Defendants to obtain local counsel, I believed my pro hac vice status was terminated as of the deadline given by the Court of November 3rd, 2006 and did not believe I had authority to appear at the hearing and/or otherwise practice law before this Court on November 29, 2006.

7. Based upon this understanding, I did not notify the Court of my scheduling conflict requiring me to be in the West Jordan City Justice Court in Salt Lake County, State of Utah for hearings all day on November 29, 2006.

**B. COUNSEL BELIEVED ALL PENDING MOTIONS HAD BEEN STAYED PENDING RECEIPT OF HER MOTION TO WITHDRAW BY NOVEMBER 30, 2006.**

8. Thereafter, on November 20, 2006, I received a letter from the Court's Deputy Clerk, Ryan Jackson, notifying me of the Court's receipt of my Declaration pertaining to Beneficial's inability to obtain local counsel as well as my understanding that my pro hac vice status would be revoked. A true and accurate copy of the letter is attached hereto as Exhibit B.

9. In that letter, Mr. Jackson notified me that before any action would be taken with respect to the information provided in my Declaration, the Court was requiring me to file a Motion to Withdraw and all required documents in support thereof.

10. Mr. Jackson's letter further indicated that **all pending motions would be held in abeyance** until my Motion to Withdraw and accompanying materials were received. Mr. Jackson's letter provided me with 10 days, up until November 30, 2006, in which to file the subject Motion to Withdraw.

11. Based upon this new information, it was my understanding at that time that since I had been given until November 30, 2006 to file my Motion to Withdraw, and all pending motions were being held in abeyance until my Motion to Withdraw was received, that no hearing would take place on the subject Motions on November 29, 2006.

12. This seemed a reasonable conclusion to me at the time. Nevertheless, I called Mr. Jackson to confirm my understanding and left a message on his voicemail on Wednesday, November 22, 2006 confirming my understanding that since the pending motions were being held in abeyance until my Motion to Withdraw was filed, and I had

been given until November 30, 2006 to file the same, that no hearing would take place on November 29, 2006.

**C. COUNSEL DID NOT LEARN THAT THE HEARING WAS GOING FORWARD ON NOVEMBER 29, 2006 AND THAT SHE WAS ABLE AND, IN FACT, REQUIRED TO APPEAR AT THE HEARING NOVEMBER 28, 2006 AND HAD AN UNAVOIDABLE SCHEDULING CONFLICT.**

13. Due to the Thanksgiving holiday, I did not hear back from Mr. Jackson on Wednesday, November 22, 2006. Thereafter, I was out of town and absent from my office until Tuesday, November 28, 2006.

14. Upon my return to my office on Tuesday, November 28, 2006, I found a voicemail message from Mr. Jackson indicating that the hearing scheduled for November 29, 2006 would be taking place after all and that I was expected to attend.

15. I immediately contacted Mr. Jackson and confirmed that in spite of Beneficial's inability to obtain local counsel on this case by the deadline of November 3, 2006 as given by the court, that my pro hac vice status was still in effect and that, in spite of the letter indicating that all motions were being held in abeyance, that the hearing was still going forward on November 29, 2006 and I was required to be there as stated in his voicemail message. Mr. Jackson confirmed that this information was correct.

16. I then notified Mr. Jackson that I was also required to be in court in the State of Utah on November 29, 2006 and that no other attorney in my office was available to cover those hearings for me.

17. I immediately filed a Motion to Continue the Hearing and/or in the alternative to be excused from attending the hearing based upon my scheduling conflict and sent the same via Federal Express to the Court for filing, along with a copy of my

Motion to Withdraw as counsel in this matter for the Beneficial Defendants (which had previously been faxed and sent via regular mail). A true and accurate copy of my Motion to Withdraw and accompanying documentation is on file with the Court.

**D. THE BENEFICIAL DEFENDANTS NEVER INTENDED FOR ME TO REPRESENT THEM IN THE RHODE ISLAND ACTION, AS PRO HAC VICE COUNSEL OR OTHERWISE.**

18. As previously explained in my prior Declaration, I was counsel of record for Beneficial Holdings, Inc. ("Beneficial") in an action filed in or about April, 2005 by Beneficial against CVS Pharmacy, Inc. ("CVS"), Contemporary Marketing, Inc. and Ed Ellis in the United States District Court in and for the District of Utah.

19. After CVS was served with a copy of Beneficial's Complaint, CVS filed the instant action in this Court and also filed a Motion to Dismiss the case filed in Utah on grounds including a lack of personal jurisdiction.

20. Beneficial opposed CVS's Motion to Dismiss and also sought to file a Motion to Dismiss the instant action filed in this Court under, among other theories, the first filed rule.

21. For purposes of moving this Court to dismiss the instant action, counsel for Beneficial contacted David Wollin, an attorney in Providence Rhode Island, and sought his assistance as local counsel to assist Beneficial's attorney in obtaining Pro Hac Vice admission to practice in this Court **for the limited purpose of filing and arguing a Motion to Dismiss the instant action.**

22. Mr. Wollin assisted me in obtaining my Pro Hac Vice admission to practice in this Court and agreed to act as local counsel on behalf of Beneficial for purposes of filing a Motion to Dismiss this action under the first filed rule.

23. Beneficial filed a Motion to Dismiss the instant action and then agreed to have that Motion stayed pending the resolution of CVS's Motion to Dismiss the action filed in Utah.

24. CVS's Motion to Dismiss the action filed in Utah was granted. At that time, Beneficial agreed to withdraw its Motion to Dismiss the instant action and litigate its claims against CVS and others in this forum and in the present action.

25. At that time, Beneficial retained David Wollin to represent it, along with its manufacturer Integrated Biopharma, in the present case. From that point forward, until Mr. Wollin's recent withdrawal of counsel, Mr. Wollin represented Beneficial and its manufacturer and acted as their sole attorney in the prosecution of their claims in this case.

26. From the time the action in Utah was dismissed and Mr. Wollin was retained by Beneficial to represent it in the present action, I have not acted as counsel for Beneficial in this matter in any respect or under my original Pro Hac Vice admission.

**E. OTHER EQUITABLE CONSIDERATIONS**

27. I am married to Harvey Carmichael, the President of Beneficial Holdings, Inc. Harvey is the only officer and/or director of the Beneficial companies, two of which are defunct, with only Beneficial Holdings retaining its legal status as a company.

28. When CVS refused to pay for the $1.3 million worth of product that Beneficial delivered to CVS, CVS essentially put Beneficial out of business, rendered it insolvent and destroyed my husband's livelihood.

29. Beneficial has never had any funds or financial ability to pursue its claims against CVS.

30. My husband and I have personally borne the financial burden of litigating Beneficials claims against CVS. I have never been paid for any of the legal services I have rendered on behalf of the Beneficial defendants. Furthermore, my husband and I have personally paid approximately $60,000 of our own personal funds in legal fees to David Wollin to pursue Beneficial's claims against CVS.

31. This has been a huge financial burden to our family, particularly in light of the complete destruction of the Beneficial business as a result of CVS's refusal to honor its contractual obligations and pay for the product that it has received.

32. While I was willing and able to represent Beneficial on a pro bono basis when the litigation was in the State of Utah, I am financially unable to represent Beneficial on a pro bono basis in the litigation taking place in Rhode Island and/or to advance the costs of this litigation on Beneficial's behalf.

33. My husband and I have no personal resources left to continue to advance Beneficial's claims against CVS. It pains us more than you can possibly imagine to allow CVS to get away with not paying for the product it has received. Unfortunately, we have no alternative but to let this go, as we have no ability to continue to prosecute Beneficial's claims.

34. My husband, as the sole officer and director of the Beneficial companies, does not expect me to represent Beneficial on a pro bono basis in the litigation in Rhode Island nor does he expect me to finance the litigation costs of this case.

35. I have attached a Declaration of the Beneficial companies indicating that they support my Motion to Withdraw in this matter and do not expect me to represent them when they are wholly unable to pay any legal fees in this case. See Declaration of

Harvey Carmichael attached hereto as Exhibit C.

36. I sincerely apologize to this Court for being unable to appear at the hearing on November 29, 2006 and hope that the Court recognizes in light of the information provided herein, that my failure to appear was not willful. Rather, it was based upon a number of misunderstandings and unavoidable scheduling conflicts.

37. Based upon the foregoing, I sincerely plead with this Court not to commence disciplinary proceedings against me and to grant my Motion to Withdraw on file with the Court. A true and accurate copy of the Return of Service, verifying that the Beneficial Defendants were provided with the requisite notice of my Motion to Withdraw is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct.

/S/ ______________________________
Jacquelynn D. Carmichael

Executed on ______________________

**CERTIFICATE OF SERVICE**

I hereby certify that on this ____day of December, 2006, a copy of the foregoing was mailed, U.S. first class postage prepaid, to the following:

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, R.I. 02903

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Nicholas Fortuna Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, New York 10016

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza, Suite 1800
Providence, RI 02903

______________________________