UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC.,
BENEFICIAL NUTRACEUTICALS, INC.,
INTEGRATED BIOPHARMA, INC., and
CONTEMPORARY MARKETING , INC.

Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TOTHE BENEFICIAL DEFENDANTS' OPPOSITION AND INTEGRTAED BIOPHARMA, INC'.S RESPONSE TO CVS' MOTION FOR AN ENTRY OF DEFAULT AGAINST THE BENEFICIAL DEFENDANTS**

Plaintiff CVS, Inc. ("CVS"), respectfully submits this memorandum of law in reply to defendants Beneficial Holding, Inc., Beneficial Health Systems, Inc., Beneficial Nutraceutical, Inc.s'(referred to collectively as the "Beneficial Defendants") opposition and defendant Integrated BioPharma, Inc.'s ("Integrated") response to CVS' motion for the entry of default pursuant to F.R.C.P Rule 55(a) against the Beneficial Defendants. Integrated does not oppose CVS' motion for an entry of default.

## I. The Beneficial Defendant's Assignment of their Claims Does Not Relieve them of their Obligation to Defend Against CVS' Claims for Affirmative Relief

The Beneficial Defendants alleged assignment of their claims to Integrated does not extinguish CVS' ability to obtain an entry of default against them, and does not excuse the Beneficial Defendants' from defending against CVS' affirmative causes of action against them.

*See* F.R.C.P. Rule 55(a)(applies to party against whom a judgment for affirmative relief is sought). Contrary to the Beneficial Defendants' opposition papers, CVS does not seek an entry of default with regards to the Beneficial Defendant's assigned counterclaims. Rather, CVS seeks an entry of default with regards to the claims for affirmative relief that CVS' has alleged in its complaint against the Beneficial Defendants. CVS entered into a contractual relationship with the Beneficial Defendants, not Integrated, and CVS has brought this action seeking to determine CVS' rights and obligations with regard to that contractual relationship. This includes a determination of whether the Beneficial Defendants breached, and therefore rescinded the contract at issue. Accordingly, the Beneficial Defendants are still required to defend against CVS' claims for affirmative relief even though they may have assigned their counterclaims, and if they choose not to defend against CVS' claims, an entry of default is appropriate under F.R.C.P Rule 55(a).

## II. The Beneficial Defendants' Potential Impairment of their Assignees' Rights Does Not Preclude an Entry of Default

That the Beneficial Defendants' failure to defend against CVS' claims may impair Integrated's ability to pursue the assigned counterclaims does not preclude the Court from entering a default against the Beneficial Defendants. Assuming that the Beneficial Defendants have properly assigned their claims, Integrated or any other assignees have merely obtained any rights that the Beneficial Defendants have.

An assignee of a chose in action generally acquires no greater right than was possessed by the assignor, and simply stands in the shoes of the assignor. *See Fidelity Mut. Life Ins. Co. v. Clark*, 203 U.S. 64, 27 S. Ct. 19, 51 L. Ed. 91 (1906); *Furlong v. Shalala*, 156 F.3d 384, 58 Soc. Sec. Rep. Serv. 364 (2nd Cir. 1998). Thus, the assignee never stands in a better position than the assignor. *See Allstate Ins. Co. v. Administratia Asigurarilor De Stat,* 875 F. Supp. 1022

(S.D.N.Y. 1995). Through their action or inaction, the Beneficial Defendants may impair or limit those rights. Here, the Beneficial Defendant's have failed to defend against CVS' claims for affirmative relief and explicitly stated that they do not intend to continue defending against CVS' claims.

The Court, however, should not discount the consequences of the Beneficial Defendants' actions merely because they have assigned their claims. That is, the Beneficial Defendants cannot erase their default by assigning their claims to a third-party. Just as Integrated is bound to allegations that the Beneficial Defendants admitted to in their answer, or affirmatively alleged, Integrated is bound by the Beneficial Defendants' default in this matter to the extent that the default impairs the assigned claims. Certainly a vacation of a default pursuant to F.R.C.P. Rule 55(c) would not be appropriate merely because the defaulting party had assigned certain rights and the default might impair those rights. It should also be noted that Integrated does not oppose an entry of default against the Beneficial Defendants. Accordingly, the Beneficial Defendants' default in this matter is not excused through the assignment of their claims.

## III. The Beneficial Defendants Do Not Intend on Continuing the Defense of CVS' Claims for Affirmative Relief

Despite the Beneficial Defendants objection to CVS' characterization of their desire to participate in this litigation, based on their own actions, the Beneficial Defendants have unequivocally expressed their intention not to defend against CVS' claims for affirmative relief against them. The Beneficial Defendants admit that they have failed to secure local counsel in this matter. Moreover, the Beneficial Defendants have essentially taken the position that pro hac vice counsel, Jacqueline Carmichael, no longer represents them (*See* Declaration of Jacqueline Carmichael dated December 15, 2006, ¶¶ 4-25). In fact, Mrs. Carmichael has once again moved

to be relieved as counsel with the consent of her clients. Mrs. Carmichael's motion will undoubtedly result in unrepresented corporate defendants that are required to appear by counsel, and cannot appear pro se. *See* LR Gen 205(a). The Beneficial Defendants therefore cannot seriously claim that they intend on defending against CVS' claims seeking affirmative relief.

### IV. The Beneficial Defendant's Continued Disregard of Court Directives

Despite the Beneficial Defendants' objection to the claim that they did not willfully disregard Court orders, they do not dispute that they have failed to retain new counsel or attend a single court appearance since their prior attorney, David Wollin, was relieved as counsel. Rather, the Beneficial Defendants merely present a litany of excuses why they have failed to comply with Court orders and attend any Court hearings or conferences. More importantly, despite the Beneficial Defendants' excuses, whether valid or not, they have virtually conceded that they will not attend future court appearances, comply with future Court orders, or defend against CVS' claims in any meaningful way since they will no longer be represented by counsel.

### V. The *Frow* Doctrine does Not Apply to the Entry of a Default

Though Integrated does not oppose an entry of default against the Beneficial Defendants, Integrated argues that an entry of a **default judgment** in not appropriate at this time based on the *Frow* doctrine. *See Frow v. De La Vega,* 82 U.S. 552 (U.S. 1872).[1] As CVS has not yet moved for an entry of a default judgment, a determination of whether that relief is appropriate is premature. CVS recognizes that F.R.C.P. Rule 55 involves a two step procedure, the first of which is to obtain an entry of default. *See* F.R.C.P. Rule 55; *Grant v. City of New York,* 145 F.R.D. 325, 327 (S.D.N.Y. 1992). The Court must first enter the Beneficial Defendants' default

[1] Though integrated does not specifically cite to this case, Integrated cites to several cases relying on the *Frow* doctrine.

before CVS can even move for a default judgment. If and when CVS subsequently moves for a default judgment, Integrated's objections to that relief will become ripe for adjudication.

Moreover, not only does the case law cited by Integrated apply the *Frow* doctrine exclusively to the entry of default judgments, Integrated concedes that the entry of a default is appropriate even if the *Frow* doctrine precludes the subsequent entry of a default judgment. *See* Integrated Memorandum of Law in Opposition, p. 2, *citing Garafola v. Ecker Restoration Corp.*, 1996 WL 312346 *1 (S.D.N.Y 1996)(holding that appropriate to enter default but not judgment against defaulting party). While CVS certainly does not admit that the *Frow* doctrine would apply to the entry of a default judgment in this matter, it is undisputed that Integrated's opposition to an entry of a default judgment is premature.

## VI. Conclusion

For the foregoing reasons, CVS respectfully requests that an entry of default be entered against the Beneficial Defendants.

Dated: May 3rd, 2007
Providence, Rhode Island

Respectfully submitted
EDWARDS ANGELL PALMER &
DODGE LLP

By: /s/Todd M. Reed
Todd Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May, 2007, I did send a true copy of the within document by ECF, and via regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

/s/ Todd M. Reed