UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC.,
BENEFICIAL NUTRACEUTICALS, INC.,
INTEGRATED BIOPHARMA, INC., and
CONTEMPORARY MARKETING , INC.

Defendants.

---

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMITS OF ITS STAEMENT OF UNDISPUTED FACTS, MEMORANDUM OF LAW, AND EXHIBITS IN SUPPORT OF ITS ANTICIPATED MOTION FOR SUMMARY JUDGMENT**

Plaintiff CVS, Inc. ("CVS"), respectfully requests, pursuant to Local Rule 7(d)(3), that this Honorable Court grant CVS leave to file a statement of undisputed facts in excess of ten pages, a memorandum of law in excess of twenty pages, and exhibits in excess of twenty pages in support of CVS' anticipated Motion for Summary Judgment. As grounds for this motion, CVS states as follows:

1. CVS seeks to move for summary judgment against defendants Beneficial Holding, Inc., Beneficial Health Systems, Inc., Beneficial Nutraceutical, Inc (referred to collectively as "Beneficial") and Integrated BioPharma, Inc. ("Integrated").

2. Though at the summary judgment conference CVS' counsel discussed the possibility of filing two separate motions for summary judgment against both Beneficial and Integrated, CVS believes that it will be more efficient to submit one

motion against both Beneficial and Integrated, containing one Statement of Undisputed Facts and one set of supporting exhibits. Doing so will eliminate the need to repeat certain facts and attach duplicative exhibits that are relevant to both Beneficial and Integrated.

3. This case involves a large number of commercial transactions between CVS and defendant Beneficial, the distributor of a weight loss product called WillpowerRX. In particular, CVS seeks to determine the payment terms that govern these transactions. As the parties never executed an integrated contract, CVS seeks to present evidence of the circumstances surrounding a series of communications and correspondence between the parties to determine the contract's terms. Moreover, as Beneficial operated through a number of agents, CVS seeks to present evidence establishing the relationships between Beneficial and its agents.

4. Additionally, defendant Integrated, a company that allegedly provided financing to Beneficial, alleges a number of causes of action against CVS in its own right. Along with claims that it is a third-party beneficiary to the contract between CVS and Beneficial, Integrated alleges causes of action against CVS for both negligent and fraudulent/intentional misrepresentation, as well as promissory estoppel. Accordingly, CVS seeks to introduce evidence establishing the relationship between Beneficial and Integrated, evidence of Integrated's lack of standing, and evidence showing that CVS did not owe Integrated a duty of care.

5. CVS' anticipated Motion for Summary Judgment will rely predominantly on the deposition testimony of Beneficial's president, several of Beneficial's agents, and Integrated's former Chief Financial Officer. CVS will also intends to rely on several

communications and correspondence identified during these depositions as well as a brief affidavit of Thomas Sullivan, the CVS executive who negotiated the deal between CVS and Beneficial.

6. CVS also anticipates entering into a stipulation of certain facts with some or all of the defendants that will greatly reduce the need to attach additional documents. In particular, CVS anticipates that this stipulation will vitiate the need of attaching the 96 purchase orders at issue.

7. In determining which pages of the plaintiff's deposition transcript and other documents are required to fully and fairly apprise the court of the undisputed material facts presented in plaintiff's claims, defense counsel has made every effort, mindful of the Court's Scheduling Order in this action, to present only the minimum testimony and documentary evidence necessary.

8. Despite defense counsel's efforts in this regard, there are approximately 90 pages of exhibits, the majority of which consist of excepts from deposition testimony, that CVS believes are necessary for the Court to consider in ruling on CVS' anticipated Motion for Summary Judgment.

9. Likewise, CVS anticipates that its Statement of Undisputed Facts will be approximately 20 pages long.

10. Finally, CVS anticipates that its memorandum of law will be 25 pages long.

11. CVS' counsel has conferred with R. Daniel Prentiss, counsel for defendant Integrated and CharCretia DiBartolo, counsel for the defendant Contemporary Marketing, Inc. They have authorized CVS to report that they have no opposition to this motion.

CVS' counsel also attempted to contact Beneficial's pro hac vice counsel, Jacqueline Carmichael to obtain her consent. Her office advised CVS' counsel, however, that she is out of the office for the rest of this week.

WHEREFORE, CVS respectfully requests that this Honorable Court grant it leave to submit 90 pages of exhibits, a 20 page Statement of Undisputed Facts, and a 25 page memorandum of law in support of its anticipated Motion for Summary Judgment.

Respectfully submitted
EDWARDS ANGELL PALMER &
DODGE LLP

By: /s/Todd M. Reed
Todd Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2007, I did serve a true copy of the within document by ECF, and via regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

/s/ Todd M. Reed