UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**MOTION OF INTEGRATED BIOPHARMA, INC. TO COMPEL ANSWERS TO INTERROGATORIES**

Integrated BioPharma, Inc. ("Integrated") seeks an order compelling Plaintiff and Counter-Claim Defendant CVS, Inc. ("CVS") to provide responsive answers to Interrogatories 13, 14 and 17 through 19 of Integrated's Second Set of Interrogatories. CVS has refused to properly answer interrogatories requesting that it disclose basic details of its claim including: 1) the terms of the agreement upon which its complaint relies; 2) the communications establishing an offer and acceptance of that agreement; 3) any terms or conditions which are incorporated by reference into the agreement; and 4) payment terms that have historically been used by CVS on its purchase order forms at issue.

**Background**

This case arises out of a large volume of purchase orders issued by CVS for a dietary supplement product marketed by the defendant Beneficial Health Systems ("Beneficial"). Integrated was the manufacturer of the product. During 2004 and 2005, CVS issued upwards of 40 separate

purchase orders for the product. Integrated manufactured and shipped the product to CVS in response to the purchase orders; Beneficial issued invoices to CVS relative to the purchase orders, and CVS in turn made payments to Integrated for some of the purchase orders. The purchase orders contained payment terms; on many, the payment term was "2%30net31"; on others, the payment term was blank. CVS claims that the "2%30net31" term was inserted by mistake.

The core issue in the case is: what are the terms of the agreement between the parties? Accordingly, in order to investigate these facts and determine the basis of the agreement, Integrated served the following interrogatories on CVS:

**INTERROGATORY NUMBER 13:**

Does CVS contend that it entered into any contract of sale with Beneficial? If the answer is in the affirmative, state exactly all of the terms of each such contract.

**INTERROGATORY NUMBER 14:**

For each contract identified in response to interrogatory number 11, above, identify with specificity the communication that constituted the offer, and the communication that constituted the acceptance that formed the contract.

**INTERROGATORY NUMBER 17:**

Identify and describe all payment terms that are or ever have been associated with the spaces on the CVS purchase order form for "Disc. Pct.:,"

"Disc. Days:," and "Net Days" being left blank, or that have been the operative payment terms agreed to by a vendor, when the spaces on the CVS purchase order form for "Disc. Pct.:," "Disc. Days:," and "Net Days" are left blank.

**INTERROGATORY NUMBER 18:**

Identify and describe all payment terms that are or ever have been associated with the entry "00000" in the "Terms" item on CVS electronic purchase order records (in the form exemplified in document CVS 0060), or that have been the operative payment terms agreed to by a vendor where the entry "00000" is made in the "Terms" item of such electronic purchase order records.

**INTERROGATORY NUMBER 19:**

Does CVS contend that any contract of sale between CVS and Beneficial incorporated by reference any provisions, terms, or conditions contained in any document or source? It the answer is in the affirmative, identify with specificity each such term, provision, or condition, the source document in which such term provision or condition is found, and the exact words and location of the words that constitute the reference by which such terms are incorporated.

CVS responded[1] with numerous objections, and partial answers.

With regard to Interrogatory Number 13, CVS refused to provide the terms under which it contends the parties entered into an agreement,

---

[1] The full answers are appended hereto.

objecting because the Interrogatory sought a "purely legal conclusion". Instead, CVS referred to three documents, none of which is an integrated agreement.

With regard to Interrogatory Number 14, CVS also objected to this Interrogatory also because it sought a "purely legal conclusion". CVS's answer did not specify which communication constituted either an offer or acceptance, although the answer vaguely referred to written and oral communications between the parties.

With regard to Interrogatory Number 17 and 18, CVS failed to fully answer the Interrogatory by failing to provide requested information about the prior or historical use of certain terms used on CVS purchase order forms and electronic purchase order records.

With regard to Interrogatory Number 19, CVS did not provide a responsive answer, instead referring to three documents, none of which is an integrated agreement.

## Argument

CVS's objections to these interrogatories are not founded on any recognized privilege or other legal doctrine that would protect it from being required to answer the questions. The interrogatories clearly meet the test of Rule 26 of being "relevant to a claim or defense of any party." Defendant's objection to Interrogatories 13 and 14 are without basis, as Rule 33 clearly contemplates the issuance of contention interrogatories seeking "an opinion or contention that relates to fact or the application of law to fact." Fed. R.

Civ. P. Rule 33 (c), *One Bankcorp Securities Litigation v. One Bankcorp*, 134 F.R.D. 3, 7-8 (D. Me. 1991).

The only ostensible reason for CVS's refusal to answer is that it does not want to provide the facts that are requested. That is not a basis that is recognized under the Federal Rules of Civil Procedure and CVS is without a legitimate reason to refuse to respond.

Respectfully submitted,
Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

<u>/s/ R. Daniel Prentiss</u>
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
(401) 824-5150
(401) 824-5181 (fax)
dan@prentisslaw.com

**CERTIFICATION**

I hereby certify that on this 25st day of May, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

/s/ R. Daniel Prentiss