UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING, INC.

Defendants.

---

**PLAINTIFF'S RESPONSE TO INTEGRATED BIOPHARMA'S SECOND SET OF INTERROGATORIES**

Plaintiff CVS Pharmacy, Inc. ("CVS"), objects and responds to Defendant Integrated BioPharma's ("Integrated") Second Set of Interrogatories as follows:

**COMMENTS AND QUALIFICATIONS WITH RESPECT TO INTEGRATED'S INTERROGATORIES**

Plaintiff has endeavored to answer Integrated's Interrogatories on the basis of data now available. Material or documentation subsequently obtained by the Plaintiff, from the defendants, or other sources, through further investigation or future utilization of discovery procedures, will be provided if such information is relevant to the substance of Integrated's interrogatories and to Plaintiff's responses thereto. In so far as persons not currently employed by the Plaintiff may have information or documents relevant to the subject matter of Plaintiff's answers, Plaintiff does not purport to provide any information or material possessed by such persons.

In addition, Plaintiff's responses are made expressly preserving and without waiving the following:

1. The right to object on the grounds of competency, privilege, relevancy, materiality admissibility, or any other proper ground to the use of any material produced herein, in whole or in part, for any purpose in any subsequent proceeding in this action (including, but not limited to the trial of this action) or any other action;

2. The right to object on any and all proper grounds, at any time, to other or further requests or other or further discovery procedures involving or relating to the subject matter of any demand answered and/or objected to herein; and

3. The right to revise, correct, modify, supplement, or clarify at any time any of the answers provided herein.

In the event any information/documents are inadvertently produced that fall within the attorney-client privilege and/or are protected by attorney work product privileges, Plaintiff shall not be deemed to have waived their privileges as to such documents or any other matter arising during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS

1. Plaintiff objects to Integrated's interrogatories insofar as they exceed the scope of discovery permissible under the Federal Rules of Civil Procedure, or to the extent that they impose obligations on the Plaintiff that exceed those contemplated pursuant to the Federal Rules of Civil Procedure.

2. Plaintiff objects to Integrated's interrogatories to the extent that they are overbroad and seek information outside the scope of the allegations contained in the Complaint and the counterclaims.

3. Plaintiff objects to Integrated's interrogatories to the extent that they do not identify the time period in question, are ambiguous as to time frame or refer to a time period unrelated to the Complaint.

4. Plaintiff objects to Integrated's interrogatories to the extent that they call for information which may be obtained from some other source that is more convenient, less burdensome, or less expensive or otherwise imposes upon Plaintiff a vexatious and undue burden, is oppressive and/or intended to harass Plaintiff.

5. Plaintiff objects to Integrated's interrogatories to the extent that they are vague, ambiguous, or otherwise lack sufficient precision to permit a response.

6. Plaintiff objects to Integrated's interrogatories to the extent that they seek material and/or information prepared by or developed at the direction of counsel, which is protected and privileged as attorney work product or subject to the attorney-client privilege.

7. Plaintiff objects to Integrated's interrogatories to the extent that they seek information that is irrelevant to the issues in this case or is not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to Integrated's interrogatories insofar as they seek information that is confidential, a trade secret, subject to privacy rights or otherwise propriety in nature, the disclosure of which would or could harm the Plaintiff.

9. Plaintiff objects to Integrated's interrogatories insofar as they are unreasonably cumulative or duplicative or to which Beneficial had had full access and/or have obtained through other means.

10. Plaintiff objects to Integrated's interrogatories insofar as they call for legal contentions, opinions, conclusions or expert analysis.

11. Plaintiff make each of their responses to Integrated's interrogatories without conceding that the information sought therein, or any part thereof, is relevant to the subject matter of this action, is admissible in evidence or is material or necessary to the prosecution of this action.

Without waiving each of the foregoing grounds of objection, or any other ground that may be available, Plaintiff responds as follows:

**SPECIFIC RESPONSES**

**INTERROGATORY NUMBER 8**: Identify each and every instance in which CVS has been notified or otherwise received information that a vendor to which CVS had issued one or more purchase orders had assigned, transferred, conveyed any interest in, or in any other way transferred any interest in such purchase orders, or in invoices or other documents issued pursuant to such purchase order(s), to another person.

**Response:**

CVS objects to this interrogatory to the extent that it seeks information that is not relevant and not reasonably calculated to lead to admissible evidence. Moreover, CVS objects to the extent this interrogatory is overly broad, vague, lacks specificity, and is burdensome.

More specifically, this interrogatory is not limited in scope to any particular time frame or individual/department at CVS. CVS has thousands of employees in numerous states. CVS cannot be expected to find out from every individual at CVS if he was notified that a vendor had transferred an interest in a purchase order or invoice to a third-

party. Moreover, CVS knowledge after its issuance of the purchase orders at issue in July 2004, is irrelevant to this litigation.

Without waiving objection, Tom Sullivan the category manager for vitamin supplements and the person responsible for entering into contracts for that category, is unaware of, and was never notified of any such circumstances prior to July 2004.

**INTERROGATORY NUMBER 9:** Identify all U.C.C.-1 forms of which CVS is aware that relate to any invoices issued to CVS pursuant to purchase orders issued by CVS.

**Response:**

CVS objects to this interrogatory to the extent that it seeks information that is not relevant and not reasonably calculated to lead to admissible evidence. Moreover, CVS object to the extent this interrogatory is overly broad, vague, lacks specificity, and is burdensome.

More specifically this interrogatory is not limited in scope to any particular time frame or individual/department at CVS. CVS cannot be expected to find out from every individual at CVS if he was aware of U.C.C.-1 forms. Moreover, CVS knowledge after its issuance of the purchase orders at issue in July 2004, is irrelevant to this litigation.

CVS further objects to the term "U.C.C.-1 forms" as vague, ambiguous, and undefined.

Without waiving objection, Tom Sullivan is unaware of U.C.C.-1 forms that relate to any invoices issued to CVS prior to July 2004.

**INTERROGATORY NUMBER 10:** Identify each and every instance of which CVS is aware in which a vendor to which CVS issued a purchase order provided such purchase orders, or evidence thereof, to a third party.

**Response:**

CVS objects to this interrogatory to the extent that it seeks information that is not relevant and not reasonably calculated to lead to admissible evidence. Moreover, CVS objects to the extent this interrogatory is overly broad, vague, lacks specificity, and is burdensome.

More specifically this interrogatory is not limited in scope to any particular time frame or individual/department at CVS. CVS cannot be expected to find out from every individual at CVS if he was notified that a vendor ever provided a CVS purchase order or invoice to a third-party. Moreover, CVS knowledge after its issuance of the purchase orders at issue in July 2004, is irrelevant to this litigation.

Without waiving objection, Tom Sullivan is unaware of, and was never notified of any such circumstances prior to July 2004.

**INTERROGATORY NUMBER 11:** Identify all instances in which a vendor to CVS has directed CVS to make payments on invoices issued to CVS to a third party other than the vendor.

**Response:**

CVS objects to this interrogatory to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, plaintiffs object to the extent this interrogatory is overly broad, vague, lacks specificity, and is burdensome.

More specifically this interrogatory is not limited in scope to any particular time frame or individual/department at CVS. CVS cannot be expected to find out from every individual at CVS if he was ever directed to make payment to a third-party. Moreover,

CVS knowledge after its issuance of the purchase orders at issue in July 2004, is irrelevant to this litigation.

Without waiving objection, Tom Sullivan is unaware of, and was never notified of any such circumstances prior to July 2004.

**INTERROGATORY NUMBER 12:** Provide an itemized schedule of all sales by CVS of WillPowerRX, setting forth in your answer the sales by month in units and dollars, the locations where the sales took place, and the dates and amounts of payments, and identification of check number by CVS to Beneficial, Integrated, or any other party associated with such sales.

**Response:**

CVS objects to this interrogatory to the extent that it is overly broad, vague, lacks specificity, and is burdensome. CVS further objects to the extent that the location of each sale is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the task of itemizing each individual sale and the specific location of each sale is unduly burdensome.

Without waiving objection, CVS has attached a spreadsheet responsive to this interrogatory as **Exhibit A**. CVS further refers to documents that it has previously produced through discovery in this matter (CVS 0109-0132).

**INTERROGATORY NUMBER 13:** Does CVS contend that it entered into any contract of sale with Beneficial? If the answer is in the affirmative, state exactly all of the terms of each such contract.

**Response:**

CVS objects to this interrogatory to the extent that it seeks a purely legal conclusion rather than facts. CVS further objects to the term "contract of sale" as over broad, vague, ambiguous, and undefined.

Without waiving objection, CVS entered into a contract to purchase WillpowerRX on a "pay on scan" basis. CVS refers to the terms of Beneficial's June 10, 2004 letter (*See* Plaintiff's Exhibit 13 (B0457)), the June 21, 2004 Indemnification agreement (*See* Plaintiff's Exhibit 14 (B043-44)), and the June 21, 2004 returned goods agreement (*See* Plaintiff's Exhibit 17 (B045-055)) for the contract terms.

**INTERROGATORY NUMBER 14:** For each contact identified in response to interrogatory number 11, above, identify with specificity the communication that constituted the offer, and the communication that constituted the acceptance that formed the contract.

**Response:**

CVS objects to this interrogatory to the extent that it seeks a purely legal conclusion rather than facts.

Without waiving objection, under the circumstances, CVS, Beneficial, and Beneficial's agent, CMI, negotiated the terms of the agreement which were subsequently reflected in Beneficial's June 10, 2004 letter. In early July 2004, Tom Sullivan had a telephone conversation with Ed Ellis at CMI stating that CVS would be going forward with the deal based on the terms outlined in Beneficial's June 10, 2004 letter.

**INTERROGATORY NUMBER 15:** Identify and describe in detail any and all agreements and/or understandings that exist between CVS and CMI regarding this litigation, including, but not limited to, any agreement or understanding that one party

will indemnify the other, in whole or in part, for costs or liabilities that may be incurred in connection with this litigation.

**Response:**

CVS objects to this interrogatory to the extent that it seeks information that is not relevant and not reasonably calculated to lead to admissible not reasonably calculated to lead to the discovery of admissible evidence. Moreover, CVS objects to the extent this interrogatory is overly broad, vague, lacks specificity, and is burdensome.

More specifically, it is unclear how any agreements between CVS and CMI are relevant to the payment terms that were negotiated and agreed to between CVS and Beneficial

CVS also objects to the terms "understanding" as over broad, vague, ambiguous, and undefined.

Without waiving objection, other than the settlement agreement between CVS and CMI, there are no other agreements regarding this matter.

**INTERROGATORY NUMBER 16:** Identify all documents that relate to or contain any agreement or understanding identified in the answer to the preceding interrogatory.

**Response:**

See CVS' response to interrogatory number 15.

**INTERROGATORY NUMBER 17:** Identify and describe all payment terms that are or ever have been associated with the spaces on the CVS purchase order form for "Disc. Pct.:," "Disc. Days:," and "Net Days" being left blank, or that have been the

operative payment terms agreed to by a vendor, when the spaces on the CVS purchase order form for "Disc. Pct.:," "Disc. Days:," and "Net Days" are left blank.

**Response:**

CVS objects to this interrogatory to the extent that it is vague, and ambiguous.

Without waiving objections, "Disc. Pct.:," "Disc. Days:," and "Net Days" indicates "pay on scan" payment terms.

**INTERROGATORY NUMBER 18:** Identify and describe all payment terms that are or ever have been associated with the entry "00000" in the "Terms" item on CVS electronic purchase order records (in the form exemplified in document CVS 0060), or that have been the operative payment terms agreed to by a vendor where the entry "00000" is made in the "Terms" item of such electronic purchase order records.

**Response:**

CVS objects to this interrogatory to the extent that it is vague, and ambiguous.

Without waiving objections, "pay on scan" is associated with the entry "00000" in the "Terms" item on CVS electronic purchase order records (in the form exemplified in document CVS 0060).

**INTERROGATORY NUMBER 19:** Does CVS contend that any contract of sale between CVS and Beneficial incorporated by reference any provisions, terms, or conditions contained in any document or source? If the answer is in the affirmative, identify with specificity each such term, provision, or condition, the source document in which such term provision or condition is found, and the exact words and location of the words that constitute the reference by which such terms are incorporated.

**Response:**

CVS objects to this interrogatory to the extent that it seeks a purely legal conclusion rather than facts. CVS further objects to the term "contract of sale" as over broad, vague, ambiguous, and undefined. CVS further objects to the term "incorporated by reference" as over broad, vague, ambiguous, and undefined. More specifically, it is unclear what is being asked.

Without waiving objection, CVS' agreement with Beneficial included Beneficial's June 10, 2004 letter, June 21, 2004 Indemnification agreement, and June 21, 2004 returned goods agreement.

Dated: March 30, 2007
Providence, Rhode Island

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP

By: ______________________

Todd M. Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2007, I did send a true copy of the within document by regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903
(617) 213-7001

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
(801) 350-0065

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza
Suite 1800
Providence, RI 02903
Fax: (401) 824-5123

A

| | Total Sales $ | Total Units | Release Amount | Check Number | Check Date | Check Amount | |
|---|---|---|---|---|---|---|---|
| Aug-04 | $1,080 | 27 | 648.00 | | | | |
| Sep-04 | $20,678 | 518 | 12,432.00 | 4578274 | 10/20/2004 | 12,450.80 | |
| Oct-04 | $23,368 | 586 | 14,064.00 | 4615514 | 11/16/2004 | 13,929.12 | |
| Nov-04 | $18,059 | 452 | 10,848.00 | 4655327 | 12/14/2004 | 12,790.64 | |
| Dec-04 | $27,440 | 690 | 16,560.00 | 4698702 | 1/18/2005 | 14,745.68 | |
| Jan-05 | $29,476 | 738 | 17,712.00 | 4739353 | 2/15/2005 | 18,182.84 | |
| Feb-05 | $17,688 | 443 | 10,632.00 | 4783466 | 3/22/2005 | 10,181.04 | |
| Mar-05 | $19,045 | 485 | 11,640.00 | 4812701 | 4/12/2005 | 11,611.20 | |
| Apr-05 | $8,933 | 274 | 6,576.00 | 4862702 | 5/17/2005 | 6,916.40 | |
| May-05 | $2,100 | 312 | 7,488.00 | 4902676 | 6/17/2005 | | (7,488.00) check voided |
| Jun-05 | $2,829 | 540 | 12,960.00 | 4943588 | 7/19/2005 | | (12,960.00) check voided |
| Jul-05 | $754 | 153 | 3,672.00 | 41793 | 7/28/2006 | 48,377.00 | |
| Aug-05 | $1,804 | 224 | 5,376.00 | 41793 | 7/28/2006 | | |
| Sep-05 | $2,237 | 224 | 5,376.00 | 41793 | 7/28/2006 | | |
| Oct-05 | $1,433 | 225 | 5,400.00 | 41793 | 7/28/2006 | | |
| Nov-05 | $584 | 83 | 1,992.00 | 41793 | 7/28/2006 | | |
| Dec-05 | $68 | 41 | 984.00 | 41793 | 7/28/2006 | | |
| Jan-06 | $418 | 65 | 1,560.00 | 41793 | 7/28/2006 | | |
| Feb-06 | $460 | 64 | 1,536.00 | 41793 | 7/28/2006 | | |
| Mar-06 | $836 | 72 | 1,728.00 | 41793 | 7/28/2006 | | |
| Apr-06 | $0 | 0 | | | | | |
| May-06 | $0 | 0 | | | | | |
| Jun-06 | $0 | 0 | | | | | |
| Jul-06 | $0 | 0 | | | | | |
| Aug-06 | $0 | 0 | | | | | |
| Sep-06 | $0 | 0 | | | | | |
| Oct-06 | $0 | 0 | | | | | |
| Nov-06 | $0 | 0 | | | | | |
| Dec-06 | $0 | 0 | | | | | |
| Jan-07 | $0 | 0 | | | | | |
| Feb-07 | $0 | 0 | | | | | |
| **Total** | $179,290 | 6,216 | **149,184.00** | | | 149,184.72 | |

**Not accounted for is 10% Co-OP advertising allowance of $14,918.40**