UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**INTEGRATED BIOPHARMA INC.'S MOTION FOR LEAVE TO SERVE SUBPOENA**

Integrated Biopharma Inc. hereby moves for leave to serve a subpoena on Sprint Nextel pursuant to Fed. R. Civ. P. Rule 45. A memorandum in support of this motion is appended hereto.

Respectfully submitted,

Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
(401) 824-5150
(401) 824-5181 (fax)
dan@prentisslaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-CV-171T |
| | : | |
| BENEFICIAL HOLDINGS, INC., et al. | : | |

**INTEGRATED BIOPHARMA INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE SUBPOENA**

Integrated BioPharma, Inc. ("Integrated") seeks leave to serve a subpoena upon Sprint Nextel for the limited purposes of inspection and copying of business telephone records of an officer and employee of Crossclaim Defendant Contemporary Marketing, Inc. ("CMI") (a copy of the subpoena is attached as Exhibit A). The telephone records were initially subject to discovery requests served upon CMI prior to the close of discovery; however CMI has refused to produce them.[1]

**Background**

This case arises out of a large volume of purchase orders issued by CVS for a dietary supplement product marketed by the defendant Beneficial Health Systems ("Beneficial"). Integrated was the manufacturer of the product. During 2004 and 2005, CVS issued upwards of 40 separate purchase orders for the product. Integrated manufactured and shipped the product to CVS in response to the purchase orders; Beneficial issued invoices to CVS relative to the purchase orders, and CVS in turn made payments to Integrated for some of the purchase orders. The purchase orders contained

[1] The records are also a subject of Integrated's Motion to Compel Production of Documents filed on May 17, 2007 currently pending before the Court (Docket Item #142).

payment terms; on many, the payment term was "2%30net31"; on others, the payment term was blank. CVS claims that the "2%30net31" term was inserted by mistake.

At deposition and by affidavit, Edwin Ellis, a current officer and employee of CMI, testified that in two telephone conferences and at one in-person meeting, Harvey Carmichael, a representative of Beneficial, agreed to and confirmed purchase terms other than "2%30net31". Integrated disputes the substance of these discussions and whether they took place at all.

At deposition, Ellis testified:

Q: When did you first learn that CVS had issued purchase orders for the Beneficial product?

A: In June, the first – the week after the Fourth of July.

Q: in July, then you mean?

A: I'm sorry, in July. I'm sorry.

Q: How did you learn?

A: Harvey called me, I was standing on a soccer field in Rider, New Jersey watching my son's game, and he told me he had received the POs.

. . .

Q: Did Harvey - - you said to Harvey, it's still pay-on-scan?

A: Yes.

Deposition of Edwin Ellis at 53:17 – 53:14

Ellis testified that the agreement terms were discussed in a second telephone conversation:

A: . . .

At that point I told him [Carmichael] that he couldn't because it was a pay-on-scan deal, that it has always been a pay-on-scan deal. It was never anything but a pay-on-scan deal.

> . . .
>
> So after I hung up with him, I called Mike Oken, told him about it, tried Darren Lopez and Darren didn't answer. I called Adam [Satin] and explained to him that it couldn't happen, and then Stewart [Laskin].

Ellis Dep. at 67:15 – 18.

Integrated maintains that these telephone conversations did not take place. Accordingly, in order to investigate these facts and determine the credibility of Ellis's testimony, Integrated served the following document requests on CMI and received the following responses:

**REQUEST NO. 2:**

The cell phone record for Edwin Ellis that covers July 2004 for the telephone on which he received a telephone call from Harvey Carmichael in Rider, New Jersey in July 2004.

**RESPONSE NO. 2**

CMI states that it has documents in its care, custody or control which are responsive to this request.

**REQUEST NO. 3**

The telephone records for the telephone used by Edwin Ellis for making the telephone calls to Adam Satin and Stewart Lask in August or September, 2004, as testified to by Mr. Ellis at page 67 of his deposition.

**RESPONSE NO. 3**

CMI states that it has no documents in its care, custody or control which are responsive to this request.

CMI also served the following interrogatory and received the following response:

**INTERROGATORY NO. 5**

Identify the cell telephone number, and the cell telephone service provider, for the cell telephone used by Edwin Ellis when he received a telephone call from Harvey Carmichael while Ellis was standing on a soccer filed in Rider, New Jersey in July, 2005.

**ANSWER NO. 5**

Sprint, 724-xxx-xxxx [REDACTED]

After conferring with CMI regarding its response and answers to discovery, CMI has not produce the requested information. In response, Integrated filed a motion to compel production of these documents. Subsequently, Integrated prepared the subpoena attached hereto as Exhibit 1 and forwarded to CMI for its consent, which was not received. In response, Integrated has filed this motion.

**Argument**

It is well within the discretion of this court to grant leave to serve a subpoena as requested above.

CMI cannot claim unfair prejudice in opposition to issuance of the subpoena. The telephone records sought were the subject of Integrated's prior discovery requests served upon CMI. As set forth in Integrated's previously filed motion to compel, CMI, despite being in custody and/or control of these records, has refused to produce them.

The billing records are critical and clearly relevant to Integrated's case. Integrated maintains that these records show that conversations purportedly supporting CMI's allegations that the payment term was something other than "2%30net31" did not actually occur.

Granting leave to serve the attached subpoena will assist the parties and the Court to quickly and efficiently resolve these factual issues through the information contained in the relevant telephone billing records in the possession of Sprint Nextel.

The Court should grant leave to Integrated to serve the subpoena.

Respectfully submitted,

Integrated BioPharma, Inc.,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
(401) 824-5150
(401) 824-5181 (fax)
dan@prentisslaw.com

**CERTIFICATION**

I hereby certify that on this 1st day of June, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Todd M. Reed, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Nicholas Fortuna, Esq.
Jesse A. Kaplan, Esq.
Allyn & Fortuna LLP
200 Madison Avenue, 5th Floor
New York, NY 10016

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903

Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, UT 84111

/s/ R. Daniel Prentiss

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Kansas

CVS, INC.

V.

BENEFICIAL HOLDINGS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-CV-171T
District of
Rhode Island

TO: SPRINT NEXTEL
6480 Sprint Parkway
Overland Park, KS 66251

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See documents and information identified in Exhibit A, appended hereto. This subpoena shall be complied with by copying and sending all documents and information identified in Exhibit A to the address set forth below, together with a declaration, in the form appended hereto as Exhibit B, executed by the custodian of records or other qualified person.

| PLACE R. Daniel Prentiss, P.C., One Turks Head Place, Suite 380, Providence, RI 02903 | DATE AND TIME 6/24/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________

DATE SIGNATURE OF SERVER

______________________

ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit A**

1. Any and all bills or billing records, whether a document or electronically stored information, for telephone number 724-413-1804, for the period May 1, 2004 – October 31, 2004. Bills and billing records shall be produced in original paper form, if available. Any electronically stored information shall be produced in electronic form on a CD ROM in a format readable by Microsoft Excel for a Microsoft Windows-based operating system.

2. Any and all records, whether a document or electronically stored information, of any incoming or outgoing call, including cell site location if available, for telephone number 724-413-1804 for the period May 1, 2004 – October 31, 2004. Call logs shall be produced in electronic form on a CD ROM in a format readable by Microsoft Excel for a Microsoft Windows-based operating system.

3. Any and all records, whether a document or electronically stored information, regarding any activity of telephone number 724-413-1804 for the period May 1, 2004 – October 31, 2004. Records of telephone activity shall be produced in electronic form on a CD ROM in a format readable by Microsoft Excel for a Microsoft Windows-based operating system.

**Exhibit B**

I, ______________________, the ___________________________ of Sprint Nextel, do hereby certify that the accompanying records:

(a) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(b) were kept in the course of the regularly conducted activity; and

(c) were made by the regularly conducting activity as a regular practice.

___________________________________

[Name]

SUBSCRIBED and sworn to before me on this ___ day of May, 2007, in the city of ________________, and state of ___________________________.

___________________________________

Notary Public