UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS PHARMACY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC.,<br>BENEFICIAL HEALTH SYSTEMS, INC.,<br>BENEFICIAL NUTRACEUTICALS, INC.,<br>INTEGRATED BIOPHARMA, INC., and<br>CONTEMPORARY MARKETING, INC.,<br><br>Defendants. | CIVIL ACTION NO: 05-171T |

**OBJECTION TO CROSSCLAIM DEFENDANT CONTEMPORARY MARKETING, INC. TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY INTEGRATED BIOPHARMA, INC.**

Crossclaim Defendant Contemporary Marketing, Inc. ("CMI") hereby objects to Integrated Biopharma, Inc.'s ("Integrated") Motion to Compel Production of Documents. As grounds for its objection, CMI states that it has again searched both its and its employee's record to determine if it has responsive documents. CMI located one additional document which it has produced. Otherwise, CMI disputes that the record establishes that additional documents exist.

In support of its objection, CMI submits the following memorandum.

**MEMORANDUM**

In its Second Request for Production of Documents, Integrated seeks three distinct types of documents which it claims will test the credibility of CMI employee, Ed Ellis: appointment books, diaries, airline flight records, rental car records, credit card records, notes or memoranda that document Mr. Ellis' trip to Providence, RI at which he met Harvey Carmichael and Thomas Sullivan at CVS; cell phone records for a July 2004 telephone call received by Mr. Ellis from Harvey Carmichael; and telephone records for the telephone used by Mr. Ellis to call Adam Satin and Stewart Lask in August or September 2004. Aware of its obligations with respect to its

response to Integrated's request, CMI searched its records and requested that Mr. Ellis search his records for responsive documents. Neither CMI nor Ed Ellis were able to locate any responsive documents, with the exception of the document attached as Exhibit A to CMI's Supplemental Response to Integrated's Second Request for Production of Documents, a copy of which is attached hereto as Exhibit 1. That document is a copy of the company calendar for June 2004, which shows Mr. Ellis attending a meeting at CVS in Providence, RI on June 10, 2004. Neither CMI nor Mr. Ellis have copies of any credit card receipts documenting Mr. Ellis' travel to Providence, Rhode Island, for that meeting. Notably, Mr. Ellis did not testify that he had credit card receipts documenting this trip, only that he had reviewed receipts for travel to Illinois in March or April of 2004.

CMI disputes, as argued by Integrated, that it has documents which are responsive to these requests but that it has refused to produce those documents simply because it does not like what those documents show. Integrated has requested documents from almost three (3) years ago. As respects cell phone records for Mr. Ellis, who works out of an office in Pennsylvania, not CMI's headquarters in Buffalo Grove, IL, neither CMI nor Mr. Ellis maintain such records for that length of time. CMI, with undersigned counsel, contacted Mr. Ellis' cell phone provider, Sprint, to determine if Sprint maintained such records. Sprint informed CMI and counsel that it maintains records for incoming calls to its cell phone customers only for a forty-five (45) day period. As for the telephone records relating to Mr. Ellis' calls to Mr. Satin and Mr. Lash, Mr. Ellis did not testify that those calls were made on his cell phone. In any event, neither CMI nor Mr. Ellis have records for Mr. Ellis' telephone used at his business location in Pennsylvania.

WHEREFORE, CMI respectfully objects to Integrated Biopharma's Motion to Compel Further Production of Documents on the grounds that it has searched its records and its

employees' records and has been unable to locate further documents which are responsive to this request. CMI respectfully requests that the Court deny Integrated's Motion.

Respectfully submitted,

CONTEMPORARY MARKETING, INC.

By its Attorneys,

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo, (#5862)
HINSHAW & CULBERTSON LLP
155 South Main Street, Suite 304
Providence, RI 02903
(401) 751-0842
(401) 273-8543 (Facsimile)

Dated: June 4, 2007

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 4, 2007.

*/s/ CharCretia V. Di Bartolo*
CharCretia V. Di Bartolo