UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS PHARMACY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING, INC.,<br><br>Defendants. | CIVIL ACTION NO: 05-171T |

**OBJECTION OF CROSSCLAIM DEFENDANT CONTEMPORARY MARKETING, INC. TO INTEGRATED BIOPHARMA, INC.'S MOTION FOR LEAVE TO SERVE SUBPOENA**

Crossclaim Defendant Contemporary Marketing, Inc. ("CMI") hereby objects to Integrated Biopharma, Inc.'s ("Integrated") Motion for Leave to Serve Subpoena. As grounds for its objection, CMI states that it has not refused to produce the documents sought; rather, CMI has no documents to produce. Moreover, CMI objects to allowing Integrated to conduct discovery beyond the current discovery deadline of February 28, 2007.

In support of its objection, CMI states the following:

1. In its Second Request for Production of Documents, Integrated seeks telephone records for a telephone call received by Mr. Ed Ellis, an employee of CMI, from Harvey Carmichael, the principal for defendant Beneficial Holdings, Inc. ("Beneficial") on Mr. Ellis' cell phone in July 2004. In addition, Integrated seeks telephone records for the telephone calls placed by Mr. Ellis in August or September 2004 to several persons affiliated with Beneficial, Adam Satin and Stewart Lask. Mr. Ellis did not identify his cell phone as the telephone used to make these phone calls.

2. CMI diligently searched its corporate records and requested that Mr. Ellis search his own personal records for responsive documents. Neither CMI nor Mr. Ellis were able to find any documents that were responsive. Copies of telephone records from 2004 are not routinely preserved by CMI. CMI also contacted Mr. Ellis' cell phone carrier, Sprint, and was told that Sprint does not maintain records for incoming calls for more than forty five (45) days. Thus, CMI responded that it had no responsive documents. A copy of the Supplemental Response of Contemporary Marketing, Inc. to Integrated Biopharma, Inc.'s Second Request for Production of Documents is attached hereto as Exhibit A.

3. Pursuant to the Scheduling Order issued in this case, discovery closed on February 28, 2007. Thus, CMI objects to this subpoena as it seeks discovery beyond the discovery deadline.

4. CMI also objects to this subpoena as it is overly broad and seeks records far beyond the period for which Integrated has represented that it seeks to test Mr. Ellis' testimony. Mr. Ellis testified that he received the telephone call from Mr. Carmichael in July 2004. He also testified that he made calls to Mr. Satin and Mr. Lask in August or September 2004, when he learned that Mr. Carmichael had factored the invoices. Even assuming that Mr. Ellis made those telephone calls on his cell phone, which is not established by the record, Integrated seeks documents for a much broader period, May 2004 through August 2004.

WHEREFORE, CMI objects to this subpoena and respectfully requests that the Court deny Integrated Biopharma, Inc.'s Motion for Leave to Serve Subpoena.

Respectfully submitted,

CONTEMPORARY MARKETING, INC.

By its Attorneys,

*/s/ CharCretia V. Di Bartolo*

CharCretia V. Di Bartolo, (#5862)
HINSHAW & CULBERTSON LLP
155 South Main Street, Suite 304
Providence, RI 02903
(401) 751-0842
(401) 273-8543 (Facsimile)

Dated: June 4, 2007

**CERTIFICATE OF SERVICE**

I, CharCretia V. Di Bartolo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 4, 2007.

*/s/ CharCretia V. Di Bartolo*
CharCretia V. Di Bartolo