UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING , INC.

Defendants.

**PLAINTIFF'S OBJECTION TO DEFENDANT INTEGRATED BIOPHARMA, INC.S' MOTION TO COMPEL**

Plaintiff CVS, Inc. ("CVS"), hereby objects to Integrated Biopharma, Inc.'s (referred to as "Integrated"), motion to compel more responsive answers to its interrogatories. The grounds for this objection are set forth in the accompanying memorandum of law.

Respectfully submitted
EDWARDS ANGELL PALMER & DODGE LLP

By: /s/Todd M. Reed
Todd Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2007, I did serve a true copy of the within document by ECF, and via regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

/s/ Todd M. Reed

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against - Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC.,
BENEFICIAL NUTRACEUTICALS, INC.,
INTEGRATED BIOPHARMA, INC., and
CONTEMPORARY MARKETING , INC.

Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT INTEGRATED BIOPHARMA, INC.S' MOTION TO COMPEL**

Plaintiff CVS, Inc. ("CVS"), respectfully submits this memorandum of law in opposition to defendant Integrated Biopharma, Inc.'s ("Integrated"), motion to compel more responsive answers to its interrogatories. In particular, Integrated seeks to compel CVS to provide supplemental responses to Interrogatories 13, 14, 17, 18 and 19.

**Interrogatory 13**

Integrated incorrectly contends that CVS did not provide the agreed upon contract terms. Integrated ignores the fact that CVS has precisely referenced the documents that make up the contract so that Integrated can determine the contracts exact terms. More specifically, CVS responded to interrogatory 13 as follows:

> "CVS objects to this interrogatory to the extent that it seeks a purely legal conclusion rather than facts. CVS further objects to the term "contract of sale" as over broad, vague, ambiguous, and undefined.
> Without waiving objection, CVS entered into a contract to purchase WillpowerRX on a "pay on scan" basis. CVS refers to the terms of Beneficial's June 10, 2004 letter (*See*

Plaintiff's Exhibit 13 (B0457)), the June 21, 2004 Indemnification agreement (*See* Plaintiff's Exhibit 14 (B043-44)), and the June 21, 2004 returned goods agreement (*See* Plaintiff's Exhibit 17 (B045-055)) for the contract terms."

Pursuant to F.R.C.P. Rule 33(d), where the answer to an interrogatory may be derived or ascertained from business records, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatories as the party being served, it is sufficient to specify the records from which the answer may be derived or ascertained and provide the party serving the interrogatory with a reasonable opportunity to inspect those records. *See* F.R.C.P. Rule 33(d). Here, rather than regurgitate every term, CVS has identified three business records that make up the contract, all of which have already been produced through discovery in this matter (Copies of these documents are attached hereto as **Exhibit A**). This includes thirteen pages of business records. Certainly, it would be unduly burdensome for CVS to restate every single term in these thirteen pages.

Furthermore, despite the fact that CVS' counsel has conferred with Integrated's counsel on this precise issue, Integrated has failed to provide any reason why it would be substantially more burdensome for Integrated to derive the contract terms from these records than CVS. Obviously, Integrated's counsel is more than capable of reading these documents. Rather, without explanation or any legal authority, Integrated infers that CVS' reference to business records is improper since the documents referenced are allegedly not "integrated" agreements. Ignoring that such a proposition is unsupported by the Federal Rules or case law, it is nonsensical that F.R.C.P. 33(d) only applies to an integrated contract, but not to several documents that make up a contract.

Finally, Integrated claims that CVS must repeat every term because Interrogatory 13 is a contention interrogatory. Once again, that Integrated is asking a contention interrogatory does

not vitiate F.R.C.P. 33(d). Moreover, Integrated ignores the fact the only contractual term in contention is the contract's payment term. That is, the parties only dispute whether the governing payment term is "Pay on Scan." Accordingly, there is no reason why CVS should be required to parrot back ever term in the thirteen pages of documents referenced.

**Interrogatory 19**

Again, Integrated incorrectly contends that CVS cannot respond to this interrogatory by referencing business records. There is no reason, however, why Integrated is incapable of reading the referenced documents and determining whether they incorporate any other provisions, terms, or conditions by reference. Accordingly, for the same reasons discussed above, CVS' response is sufficient.

**Interrogatories 14, 17, and 18**

Prior to this motion, CVS' counsel conferred with Integrated's counsel and CVS agreed to supplement its responses to interrogatories 14 and 18. In fact, counsel discussed precisely what the amended responses would be. After conferring on these issues, Integrated's counsel agreed that a supplemental response to interrogatory 17 would not be necessary. Integrated also indicated that since CVS would be supplementing its responses, Integrated would not move to compel responses to these interrogatories. Accordingly, it is unclear why Integrated has in fact done so. In any event, Integrated's motion is moot with regards to interrogatories 14 and 18 as CVS has supplemented its response (A copy of CVS' supplemental response is attached hereto as **Exhibit B**).

Moreover, CVS has fully responded to Interrogatory 17 as follows:

> "CVS objects to this interrogatory to the extent that it is vague, and ambiguous. Without waiving objections, "Disc. Pct.:," "Disc. Days:," and "Net Days" indicates "pay on scan" payment terms."

It is unclear to CVS why this response is insufficient.

**Conclusion**

For the foregoing reasons, Integrated's motion to compel further responses should be denied.

Respectfully submitted
EDWARDS ANGELL PALMER &
DODGE LLP

By: /s/Todd M. Reed
Todd Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2007, I did serve a true copy of the within document by ECF, and via regular mail, to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

/s/ Todd M. Reed