**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

CVS PHARMACY, INC.

Plaintiff,

- against -

Civil Action No.: 05-171-T

BENEFICIAL HOLDINGS, INC., BENEFICIAL HEALTH SYSTEMS, INC., BENEFICIAL NUTRACEUTICALS, INC., INTEGRATED BIOPHARMA, INC., and CONTEMPORARY MARKETING, INC.

Defendants.

---

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTEGRATED BIOPHARMA'S SECOND SET OF INTERROGATORIES**

Plaintiff CVS Pharmacy, Inc. ("CVS"), objects and responds to Defendant Integrated BioPharma's ("Integrated") Interrogatories as follows:

**COMMENTS AND QUALIFICATIONS WITH RESPECT TO INTEGRATED'S INTERROGATORIES**

Plaintiff has endeavored to answer Integrated's Interrogatories on the basis of data now available. Material or documentation subsequently obtained by the Plaintiff, from the defendants, or other sources, through further investigation or future utilization of discovery procedures, will be provided if such information is relevant to the substance of Integrated's interrogatories and to Plaintiff's responses thereto. In so far as persons not currently employed by the Plaintiff may have information or documents relevant to the subject matter of Plaintiff's answers, Plaintiff does not purport to provide any information or material possessed by such persons.

In addition, Plaintiff's responses are made expressly preserving and without waiving the following:

1. The right to object on the grounds of competency, privilege, relevancy, materiality admissibility, or any other proper ground to the use of any material produced herein, in whole or in part, for any purpose in any subsequent proceeding in this action (including, but not limited to the trial of this action) or any other action;

2. The right to object on any and all proper grounds, at any time, to other or further requests or other or further discovery procedures involving or relating to the subject matter of any demand answered and/or objected to herein; and

3. The right to revise, correct, modify, supplement, or clarify at any time any of the answers provided herein.

In the event any information/documents are inadvertently produced that fall within the attorney-client privilege and/or are protected by attorney work product privileges, Plaintiff shall not be deemed to have waived their privileges as to such documents or any other matter arising during the course of this litigation or any subsequent proceeding.

## GENERAL OBJECTIONS

1. Plaintiff objects to Integrated's interrogatories insofar as they exceed the scope of discovery permissible under the Federal Rules of Civil Procedure, or to the extent that they impose obligations on the Plaintiff that exceed those contemplated pursuant to the Federal Rules of Civil Procedure.

2. Plaintiff objects to Integrated's interrogatories to the extent that they are overbroad and seek information outside the scope of the allegations contained in the Complaint and the counterclaims.

3. Plaintiff objects to Integrated's interrogatories to the extent that they do not identify the time period in question, are ambiguous as to time frame or refer to a time period unrelated to the Complaint.

4. Plaintiff objects to Integrated's interrogatories to the extent that they call for information which may be obtained from some other source that is more convenient, less burdensome, or less expensive or otherwise imposes upon Plaintiff a vexatious and undue burden, is oppressive and/or intended to harass Plaintiff.

5. Plaintiff objects to Integrated's interrogatories to the extent that they are vague, ambiguous, or otherwise lack sufficient precision to permit a response.

6. Plaintiff objects to Integrated's interrogatories to the extent that they seek material and/or information prepared by or developed at the direction of counsel, which is protected and privileged as attorney work product or subject to the attorney-client privilege.

7. Plaintiff objects to Integrated's interrogatories to the extent that they seek information that is irrelevant to the issues in this case or is not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to Integrated's interrogatories insofar as they seek information that is confidential, a trade secret, subject to privacy rights or otherwise propriety in nature, the disclosure of which would or could harm the Plaintiff.

9. Plaintiff objects to Integrated's interrogatories insofar as they are unreasonably cumulative or duplicative or to which Beneficial had had full access and/or have obtained through other means.

10. Plaintiff objects to Integrated's interrogatories insofar as they call for legal contentions, opinions, conclusions or expert analysis.

11. Plaintiff make each of their responses to Integrated's interrogatories without conceding that the information sought therein, or any part thereof, is relevant to the subject matter of this action, is admissible in evidence or is material or necessary to the prosecution of this action.

Without waiving each of the foregoing grounds of objection, or any other ground that may be available, Plaintiff responds as follows:

**SPECIFIC RESPONSES**

**INTERROGATORY NUMBER 8**: Identify each and every instance in which CVS has been notified or otherwise received information that a vendor to which CVS had issued one or more purchase orders had assigned, transferred, conveyed any interest in, or in any other way transferred any interest in such purchase orders, or in invoices or other documents issued pursuant to such purchase order(s), to another person.

**Response:**

CVS objects to this interrogatory to the extent that it seeks information that is not relevant and not reasonably calculated to lead to admissible evidence. Moreover, CVS objects to the extent this interrogatory is overly broad, vague, lacks specificity, and is burdensome.

More specifically, this interrogatory is not limited in scope to any particular time frame or individual/department at CVS. CVS has thousands of employees in numerous states. CVS cannot be expected to find out from every individual at CVS if he was notified that a vendor had transferred an interest in a purchase order or invoice to a third-party. Moreover, CVS knowledge after its issuance of the purchase orders at issue in July 2004, is irrelevant to this litigation.

Without waiving objection, Tom Sullivan the category manager for vitamin supplements and the person responsible for entering into contracts for that category, is unaware of, and was never notified of any such circumstances prior to July 2004.

**Supplemental Response:**

Notwithstanding nor waiving the objections set forth in the original responses, and incorporating the explanations contained therein, pursuant to F.R.C.P. 26(e)(2), CVS supplements its prior responses to this interrogatory. For the purpose of responding to this interrogatory, CVS will define the relevant time frame from 2001 through the summer of 2004.

Tom Sullivan, the category manager for vitamin supplements and the person responsible for entering into contracts for that category, is unaware of, and was never notified of any such circumstances during the relevant time period.

Furthermore, in order to respond to this interrogatory, CVS has consulted with all current merchandising category managers, merchandising assistant category managers, and divisional merchandising managers that were also employed as CVS merchandising category managers, merchandising assistant category managers, or divisional merchandising managers at any time during the relevant time frame. This includes the following: 1) Debbie A. Armstrong (Division Merchandise Manager for Beauty Care -Skincare, Suncare, Hosiery, Watches, Jewelry, Deo, Haircare, Haircolor, Hair notions, Ethnic); 2) April Bergen (Category Manager -Oral Care, Baby Care, and Incontinence); 3) Greg Froton (Season General Merchandise (Halloween, Christmas, Valentines Day, etc.)); 4) Mike Mattera (Assistant Category Manager for Greeting Cards, Stationery, Frames); 5) Lanny Lewis (Shaving Needs, Feminine Needs, Family Planning, Nicotine Replacement Therapy; 6) Veronica Vacca (Assistant Category Manager -beauty department and cosmetics); 7) Janice Jacobs (Director of Merchandising Manager -CVS.com,

hosiery, fragrance, deodorant, Lumene, boots); 8) Sherry Saffert (Senior Category Manager - cosmetics and cosmetic accessories); 9) Cary Chaney (Assistant Category Manager -Toys, Telecommunications, Electronics, Trading Cards, Pre-Recorded Audio/Video, Recordable Media, Household Chemicals, As Seen on TV, Household Paper and Batteries, Dollar Merchandise); 10) Jane L. Ellis (Category Manager-Cold Remedies/Allergy, Pain Relievers, Stomach Remedies, Eye Care, Shaving Needs); 11) David Henriksen (Grocery, Snacks Beverages, Stationery, Greeting Cards , Frames/Albums); 12) Adrianne McGonigle (then Assistant Category Manager for HairCare, Hair Color, Hair Notions and Ethnic Haircare); 13) Paul Fitter (then Assistant Category Manager for Private Label Healthcare and Cold & Allergy); 14) Arthur Marandola (Category Manager for Oral Care (toothpaste, toothbrush mouthwashes)), Baby Care (Diapers, Formula, Wipes, Baby Toiletries), Incontinence Care (adult diapers, pads); 15) Claudia Tocco (then Category Manager for Hair Appliances, Deodorants, Fragrances, Hosiery, Watches, Jewelry and Sunglasses); 16) James Sheil (film, send out film processing, on site film processing, batteries, picture frames and photo albums); 17) Bill McManus ( Assistant Category Manager photos); 18) Maryann Herskowitz (Assistant Category Manager Skincare and Suncare); 19) Tracy Blais (Divisional Merchandise Manager –Beauty Care: Hosiery, Deodorants, Fragrances, Personal Care Appliances, Jewelry , Watches, Sunglasses, Pain Relievers, Cold & Allergy, Trial /Travel); 20) Jonas Merrill (Category Manager-candy); 21) Greg Hanlon (Feminine Hygiene, Family Planning, Shaving, Foot Care, Incontinence, Trial Size, Cough Cold, Allergy, and Pain Relief); 21) Steve Ortleb (Home Diagnostics (Blood Pressure Monitors and Diabetes Meters/Strips), Reading Glasses, Home Health Care (Durable Medical Equipment), Family Planning (Condoms and Lubricants), Home Diagnostics, Eye Care (Drops and Contact Solution), Foot Care (Implements, Devices and Creams), First Aid (Bandages and

Ointments); 22) Deborah Heffernan (Category Manager-Toys/Plush/Pre-Recorded/Recordable); 23) Phil Greil (Assistant Category Manager- Home diagnostics category); 24) Bob Pescarino (Toys, Seasonal Toys, Recordable media, Pre-recorded, General Merchandise); 25) Garry Marcotte (Hair Care, Appliances, Cosmetics, Hair Accessories, Cigarettes, Books, Magazines, Reading Glasses, Shoe Care, General Merchandise, Prepaid Cards, Gift cards, Fall and Winter); 26) Bruce Myers (Beverages, Baked Goods, Frozen Food and Ice Cream); 27) Grant Pill (Photo); 28); Tobias Lombardi (First Aid, Foot Care, Eye Care and Home Diagnostics, Diet, Vitamins and Stomach). These individuals are unaware of, and were never notified of any such circumstances during the relevant time period.

Furthermore, in order to respond to this interrogatory, CVS has consulted with Tom Wright, CVS' Director of Accounts Payable. Out of approximately 25,000 resale vendors currently on file with CVS, he is aware of approximately five instances where CVS accounts receivables have been assigned during the relevant time period.

**INTERROGATORY NUMBER 9:** Identify all U.C.C.-1 forms of which CVS is aware that relate to any invoices issued to CVS pursuant to purchase orders issued by CVS.

**Response:**

CVS objects to this interrogatory to the extent that it seeks information that is not relevant and not reasonably calculated to lead to admissible evidence. Moreover, CVS object to the extent this interrogatory is overly broad, vague, lacks specificity, and is burdensome.

More specifically this interrogatory is not limited in scope to any particular time frame or individual/department at CVS. CVS cannot be expected to find out from every individual at CVS if he was aware of U.C.C.-1 forms. Moreover, CVS knowledge after its issuance of the purchase orders at issue in July 2004, is irrelevant to this litigation.

CVS further objects to the term "U.C.C.-1 forms" as vague, ambiguous, and undefined.

Without waiving objection, Tom Sullivan is unaware of U.C.C.-1 forms that relate to any invoices issued to CVS prior to July 2004.

**Supplemental Response:**

Notwithstanding nor waiving the objections set forth in the original responses, and incorporating the explanations contained therein, pursuant to F.R.C.P. 26(e)(2), CVS supplements its prior responses to this interrogatory. For the purpose of responding to this interrogatory, CVS will define the relevant time frame from 2001 through the summer of 2004.

Tom Sullivan, the category manager for vitamin supplements and the person responsible for entering into contracts for that category, is unaware of, and was never notified of any such circumstances during the relevant time period.

Furthermore, in order to respond to this interrogatory, CVS has consulted with all current merchandising category managers, merchandising assistant category managers, and divisional merchandising managers that were also employed as CVS merchandising category managers, merchandising assistant category managers, or divisional merchandising managers at any time during the relevant time frame. These individuals are unaware of, and were never notified of any such circumstances during the relevant time period.

Furthermore, in order to respond to this interrogatory, CVS has consulted with Tom Wright, CVS' Director of Accounts Payable. He is unaware of, and was never notified of any such circumstances during the relevant time period.

**INTERROGATORY NUMBER 10:** Identify each and every instance of which CVS is aware in which a vendor to which CVS issued a purchase order provided such purchase orders, or evidence thereof, to a third party.

**Response:**

CVS objects to this interrogatory to the extent that it seeks information that is not relevant and not reasonably calculated to lead to admissible evidence. Moreover, CVS objects to the extent this interrogatory is overly broad, vague, lacks specificity, and is burdensome.

More specifically this interrogatory is not limited in scope to any particular time frame or individual/department at CVS. CVS cannot be expected to find out from every individual at CVS if he was notified that a vendor ever provided a CVS purchase order or invoice to a third-party. Moreover, CVS knowledge after its issuance of the purchase orders at issue in July 2004, is irrelevant to this litigation.

Without waiving objection, Tom Sullivan is unaware of, and was never notified of any such circumstances prior to July 2004.

**Supplemental Response:**

Notwithstanding nor waiving the objections set forth in the original responses, and incorporating the explanations contained therein, pursuant to F.R.C.P. 26(e)(2), CVS supplements its prior responses to this interrogatory. For the purpose of responding to this interrogatory, CVS will define the relevant time frame from 2001 through the summer of 2004.

Tom Sullivan, the category manager for vitamin supplements and the person responsible for entering into contracts for that category, is unaware of, and was never notified of any such circumstances during the relevant time period.

Furthermore, in order to respond to this interrogatory, CVS has consulted with all current merchandising category managers, merchandising assistant category managers, and divisional merchandising managers that were also employed as CVS merchandising category managers, merchandising assistant category managers, or divisional merchandising managers at any time

during the relevant time frame. These individuals are unaware of, and were never notified of any such circumstances during the relevant time period.

Furthermore, in order to respond to this interrogatory, CVS has consulted with Tom Wright, CVS' Director of Accounts Payable. He is unaware of, and was never notified of any such circumstances during the relevant time period.

**INTERROGATORY NUMBER 11:** Identify all instances in which a vendor to CVS has directed CVS to make payments on invoices issued to CVS to a third party other than the vendor.

**Response:**

CVS objects to this interrogatory to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, plaintiffs object to the extent this interrogatory is overly broad, vague, lacks specificity, and is burdensome.

More specifically this interrogatory is not limited in scope to any particular time frame or individual/department at CVS. CVS cannot be expected to find out from every individual at CVS if he was ever directed to make payment to a third-party. Moreover, CVS knowledge after its issuance of the purchase orders at issue in July 2004, is irrelevant to this litigation.

Without waiving objection, Tom Sullivan is unaware of, and was never notified of any such circumstances prior to July 2004.

**Supplemental Response:**

Notwithstanding nor waiving the objections set forth in the original responses, and incorporating the explanations contained therein, pursuant to .R.C.P. 26(e)(2), CVS supplements its prior responses to this interrogatory. For the purpose of responding to this interrogatory, CVS will define the relevant time frame from 2001 through the summer of 2004.

Tom Sullivan, the category manager for vitamin supplements and the person responsible for entering into contracts for that category, is unaware of, and was never notified of any such circumstances during the relevant time period.

Furthermore, in order to respond to this interrogatory, CVS has consulted with all current merchandising category managers, merchandising assistant category managers, and divisional merchandising managers that were also employed as CVS merchandising category managers, merchandising assistant category managers, or divisional merchandising managers at any time during the relevant time frame. These individuals are unaware of, and were never notified of any such circumstances during the relevant time period.

Furthermore, in order to respond to this interrogatory, CVS has consulted with Tom Wright, CVS' Director of Accounts Payable. Out of approximately 25,000 resale vendors currently on file with CVS, he is aware of approximately 12 to14 instances where payments were made to third parties.

**INTERROGATORY NUMBER 14:** For each contact identified in response to interrogatory number 11, above, identify with specificity the communication that constituted the offer, and the communication that constituted the acceptance that formed the contract.

**Response:**

CVS objects to this interrogatory to the extent that it seeks a purely legal conclusion rather than facts.

Without waiving objection, under the circumstances, CVS, Beneficial, and Beneficial's agent, CMI, negotiated the terms of the agreement which were subsequently reflected in Beneficial's June 10, 2004 letter. In early July 2004, Tom Sullivan had a telephone conversation

with Ed Ellis at CMI stating that CVS would be going forward with the deal based on the terms outlined in Beneficial's June 10, 2004 letter.

**Supplemental Response:**

Notwithstanding nor waiving the objections set forth in the original responses, and incorporating the explanations contained therein, pursuant to F.R.C.P. 26(e)(2), CVS supplements its prior responses to this interrogatory. Under the circumstances, CVS, Beneficial, and Beneficial's agent, CMI, negotiated the terms of the agreement which were subsequently reflected in Beneficial's June 10, 2004 letter. Beneficial's June 10, 2004 letter was an offer. In early July 2004, Tom Sullivan had a telephone conversation with Ed Ellis at CMI stating that CVS would be going forward with the deal based on the terms outlined in Beneficial's June 10, 2004 letter. This phone conversation was CVS' acceptance.

**INTERROGATORY NUMBER 18:** Identify and describe all payment terms that are or ever have been associated with the entry "00000" in the "Terms" item on CVS electronic purchase order records (in the form exemplified in document CVS 0060), or that have been the operative payment terms agreed to by a vendor where the entry "00000" is made in the "Terms" item of such electronic purchase order records.

**Response:**

CVS objects to this interrogatory to the extent that it is vague, and ambiguous.

Without waiving objections, "pay on scan" is associated with the entry "00000" in the "Terms" item on CVS electronic purchase order records (in the form exemplified in document CVS 0060).

**Supplemental Response:**

Notwithstanding nor waiving the objections set forth in the original responses, and incorporating the explanations contained therein, pursuant to F.R.C.P. 26(e)(2), CVS supplements its prior responses to this interrogatory. CVS has consulted its accounting department to respond to this interrogatory. "Pay on scan" is associated with the entry "00000" in the "Terms" item on CVS electronic purchase order records (in the form exemplified in document CVS 0060). CVS' accounting department is unaware of any other payment terms that have ever been associated with that entry.

Respectfully submitted
EDWARDS ANGELL PALMER &
DODGE LLP

By:________________________
Todd Reed, Esq. (#6602)
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2007, I did serve a true copy of the within document via regular mail to the following:

CharCretia V. DiBartolo, Esq.
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903

Beneficial Holdings, Inc., Beneficial Health Systems, Inc.
And Beneficial Nutraceuticals, Inc.
c/o Jacquelynn D. Carmichael, Esq.
Eisenberg, Gilchrist & Morton
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903